**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas
(State)

Case number (If known): _____  Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**  Tuesday Morning Corporation

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**  7 5 – 2 3 9 8 5 3 2

4. **Debtor's address**

   Principal place of business
   6250  LBJ Freeway
   Number    Street

   Dallas    TX    75240
   City    State    ZIP Code

   Dallas
   County

   Mailing address, if different from principal place of business
   Number    Street

   P.O. Box

   City    State    ZIP Code

   Location of principal assets, if different from principal place of business
   Number    Street

   City    State    ZIP Code

5. **Debtor's website (URL)**  www.tuesdaymorning.com

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Tuesday Morning Corporation**  Case number (if known) _____
       Name

6. **Type of debtor**
   - ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☑ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
   **4422** __ __

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☑ Chapter 11. *Check all that apply*:
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

Official Form 201                Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 2

Debtor  **Tuesday Morning Corporation**    Case number (if known) _____
     Name

9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?

   ☐ No
   ☑ Yes.  District **Northern District of Texas**  When **05/27/2020**  Case number **20-31476-hdh11**
                                                         MM / DD / YYYY

   If more than 2 cases, attach a separate list.
           District _____  When _____  Case number _____
                                        MM / DD / YYYY

10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

    ☐ No
    ☑ Yes.  Debtor **See attached Rider**    Relationship _____
            District _____    When _____
                                                        MM / DD / YYYY
    List all cases. If more than 1, attach a separate list.
            Case number, if known _____

11. Why is the case filed in *this district*?

    Check all that apply:

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        Why does the property need immediate attention? (Check all that apply.)

        ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
          What is the hazard? _____

        ☐ It needs to be physically secured or protected from the weather.

        ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ☐ Other _____

        Where is the property? _____
                              Number   Street
                              _____
                              City                              State ZIP Code

        Is the property insured?
        ☐ No
        ☐ Yes. Insurance agency _____
               Contact name _____
               Phone _____

**Statistical and administrative information**

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 3

Debtor  Tuesday Morning Corporation  
Name

Case number (if known) _____

| 13. Debtor's estimation of available funds | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|

| 14. Estimated number of creditors<br>Consolidated | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

| 15. Estimated assets<br>Consolidated | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

| 16. Estimated liabilities<br>Consolidated | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02/13/2023  
MM / DD / YYYY

X _____  Andrew T. Berger  
Signature of authorized representative of debtor  Printed name

Title  Chief Executive Officer

Debtor  Tuesday Morning Corporation  
Name

Case number (*if known*) _____

**18. Signature of attorney**

✗ /s/ Deborah M. Perry  
Signature of attorney for debtor

Date 02/13/2023  
MM / DD / YYYY

Deborah M. Perry  
Printed name

Munsch Hardt Kopf & Harr P.C.  
Firm name

500 N. Akard St., Ste. 3800  
Number    Street

Dallas                      TX         75201  
City                       State      ZIP Code

214-855-7565                dperry@munsch.com  
Contact phone              Email address

24002755                   Texas  
Bar number                 State

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, | § | Case No. 23-[●] |
| | § | |
| Debtor. | § | |

**STATEMENT OF CORPORATE OWNERSHIP**
**OF TUESDAY MORNING CORPORATION**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Tuesday Morning Corporation certifies that the following corporate entities/individuals own more than 10% of the Debtor's equity interest.

| Shareholder | Percentage of Total Shares |
|---|---|
| TASCR Ventures, LLC<br>1010 N. Florida Avenue<br>Tampa, FL 33602 | 50.484143% |
| Cede & Co.<br>570 Washington Blvd.<br>Jersey City, NJ 07310 | 49.419920% |

**TUESDAY MORNING CORPORATION**

By: ___*Andrew Berger*___
Andrew T. Berger
Chief Executive Officer

Debtor: Tuesday Morning Corporation, et al.　　　　Case number (if known): _____

**Fill in this information to identify the case:**

Debtor name: Tuesday Morning Corporation, et al.
United States Bankruptcy Court for the: Northern　　District of: Texas
(State)
Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CENTRO, INC<br>11 E MADISON ST. 6TH FLOOR<br>CHICAGO, IL 60602 | SHAWN RIEGSECKER, CEO<br>P: 312-423-1565<br>F: | Trade Vendor | | | | $1,428,422.78 |
| 2 | HOME ESSENTIALS AND BEYOND INC<br>200 THEODORE CONRAD DRIVE<br>JERSEY CITY, NJ 07305 | LOUELDA SANTOS<br>P: 732-590-3600<br>F: 732-590-3660<br>lsantos@homeess.com | Trade Vendor | | | | $1,071,717.55 |
| 3 | MEYER CORP.<br>1 MEYER PLAZA<br>VALLEJO, CA 94590 | STANLEY CHENG<br>P: 701-551-2800<br>F: | Trade Vendor | | | | $829,511.03 |
| 4 | AZZURE HOME INC<br>141 W 35TH ST STE 901<br>NEW YORK, NY 10018 | TAL CHALOUGH<br>P: 212-631-0300<br>F:<br>tal.chalouh@azzurehome.com | Trade Vendor | | | | $824,555.71 |
| 5 | MICHEL DESIGN WORKS<br>2975 ROUTE 35 SUITE 65<br>KATONAH, NY 10536 | STUART TELLER<br>P: 617-504-0950<br>F: 352-387-3041<br>steller@micheldesignworks.com | Trade Vendor | | | | $618,603.17 |
| 6 | BLUE SKY<br>2075 S. ATLANTIC BLVD SUITE H<br>MONTEREY PARK, CA 91754 | KEN KING<br>P: 909-930-6200<br>F:<br>ken@blueskyclayworks.com | Trade Vendor | | | | $574,710.76 |
| 7 | ENCHANTE ACCESSORIES, INC.<br>16 EAST 34TH ST<br>NEW YORK, NY 10016 | WILLIE GOLFIN<br>P: 212.689.6008<br>F:<br>wilieg@ench.com | Trade Vendor | | | | $536,816.02 |

Debtor: Tuesday Morning Corporation, et al.  Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | MODE TRANSPORTATION LLC<br>PO BOX 936644<br>ATLANTA, GA 31193-6644 | RICHARD ROSSI<br>P: 901-390-7560<br>F:<br>richard.rossi@modetransportation.com | Trade Vendor | | | | $504,725.00 |
| 9 | UMA ENTERPRISES, INC<br>LOCKBOX #3878<br>COLUMBUS, OH 43260-3878 | YVONNE FONG<br>P: 310-631-1166<br>F:<br>yvonne@umainc.com | Trade Vendor | | | | $456,214.40 |
| 10 | AXLE LOGISTICS, LLC<br>835 N. CENTRAL STREET<br>KNOXVILLE, TN 37917 | BANKRUPTCY AND LEGAL DEPARTMENTS<br>P: 800-693-1779<br>F: | Trade Vendor | | | | $429,943.00 |
| 11 | MI9<br>PO BOX 392723<br>PITTSBURGH, PA 15251-9723 | ALAN NEMETH<br>P: 786-577-3177<br>F:<br>anemeth@mi9retail.com | Trade Vendor | | | | $416,906.25 |
| 12 | 14303 INWOOD ROAD,LP<br>3800 N LAMAR BLVD. STE 350<br>AUSTIN, TX 78756 | BRETT ZIMMERMAN<br>P:<br>F: | Trade Vendor | | | | $395,148.55 |
| 13 | TRADE LINES INC<br>660 MONTROSE AVE<br>SOUTH PLAINFIELD, NJ 07080 | SUDARSHAN UPPULURI<br>P: 908-754-3232 x 112<br>F:<br>sudarshan@tli.com | Trade Vendor | | | | $394,964.10 |
| 14 | LOLOI RUGS<br>PO BOX 95344<br>GRAPEVINE, TX 76099-9732 | JT LAGRANGE<br>P: 972-503-5656<br>F:<br>jlagrange@loloirugs.com | Trade Vendor | | | | $393,946.37 |
| 15 | LIFETIME BRANDS INC<br>DEPT CH 117445<br>PALATINE, IL 60055-7745 | JULIE RODRIGUEZ<br>P: 609-373-1826<br>F:<br>julie.rodriguez@lifetimebrands.com | Trade Vendor | | | | $330,268.04 |
| 16 | YMF CARPET INC<br>201B MIDDLESEX CENTER BLVD<br>MONROE TOWNSHIP, NJ 08831 | KELLY ADDESSI<br>P: 732-393-1800 x312<br>F:<br>kaddessi@ymfinc.com | Trade Vendor | | | | $327,087.15 |
| 17 | AMERICAN CRAFTS<br>PO BOX 736049<br>DALLAS, TX 75373-6049 | BRUCE GWILLIAM<br>P: 801-673-1786<br>F:<br>bruceg@americancrafts.com | Trade Vendor | | | | $313,349.70 |

Debtor: Tuesday Morning Corporation, et al.    Case number (if known): _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | **TRAMONTINA USA, INC.** 12955 WEST AIRPORT BLVD SUGERLAND, TX 77478-6119 | MARCOS NEVES P: 281-340-8400 F: accountsreceivable@tramontina-usa.com | Trade Vendor | | | | $302,323.75 |
| 19 | **MJC CONFECTIONS LLC/DBA HAMPTON POPCORN** 999 SOUTH OYSTER BAY RD #500 BETHPAGE, NY 11714 | MATTHEW SILBERSTEIN P: 888-947-6726 F: | Trade Vendor | | | | $302,163.80 |
| 20 | **SAMSONITE CORP** DEPT CH 19296 PALATINE, IL 60055-9296 | JAMES B. REGO P: 508-851-1427 F: james.rego@samsonite.com | Trade Vendor | | | | $299,020.57 |
| 21 | **HARRY & DAVID** 2500 S PACIFIC HWY MEDFORD, OR 97501 | ERIK SCHENDEL P: 541-864-2107 F: 800-648-6640 eschendel@harryanddavid.com | Trade Vendor | | | | $296,529.14 |
| 22 | **TURKO TEXTILE LLC.** 267 5TH AVE #408 NEW YORK, NY 10016 | NURI EMRE ARAZ P: 917-597-3409 F: nuri@enchantehome.com | Trade Vendor | | | | $294,501.00 |
| 23 | **K HALL STUDIO, LLC** 715 HANLEY INDUSTRIAL COURT ST. LOUIS, MO 63144 | SCOTT MILLER P: 314-961-1990 F: info@khallstudio.com | Trade Vendor | | | | $283,529.62 |
| 24 | **DYNAMIC RUGS** 4845 GOVERNORS WAY FREDERICK, NK 21704 | MATTHEW ROUHANIAN P: 240-405-1360 F: 240-405-1370 matthew@dynamicrugs.com | Trade Vendor | | | | $280,801.30 |
| 25 | **SURYA CARPET, INC** PO BOX 896604 CHARLOTTE, NH 28289-6604 | SURYA TIWARI P: 877-275-7847 F: 877-786-7847 info@surya.com | Trade Vendor | | | | $274,024.20 |
| 26 | **STYLECRAFT HOME COLLECTION INC** PO BOX 11407 BIRMINGHAM, AL 35246-6471 | ANGELA D MONAGHAN P: 662-429-5279 F: amonaghan@stylecraft-us.com | Trade Vendor | | | | $271,461.20 |
| 27 | **ST JAMES HOME INC** 309 OLDWOODS RD FRANKLIN LAKES, NJ 07417 | JIAN TAO P: 201-665 8680 F: tao07470@aol.com | Trade Vendor | | | | $270,756.50 |
| 28 | **L R RESOURCES INC** PO BOX 6131 DALTON, GA 30722 | FORAM PATEL P: 706-259-0155 ext 123 F: foram@lrresources.com | Trade Vendor | | | | $267,288.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims    page 3

Debtor: Tuesday Morning Corporation, et al.                                    Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | **RICARDO BEVERLY HILLS INC**<br>6329 22TTH ST STE. 101<br>KENT, WA 98032-1893 | NICKI ABBOTT<br>P: 425-207-1918<br>F:<br>nabbott@ricardobeverlyhills.com | Trade Vendor | | | | $265,375.00 |
| 30 | **ORIENTAL WEAVERS, USA**<br>PO BOX 2153<br>BIRMINGHAM, AL 35287-9325 | JONATHAN WITT<br>P: 800-858-5749<br>F: 706-277-9691 | Trade Vendor | | | | $263,377.68 |
| 31 | **BAREFOOT DREAMS, INC**<br>5302 DERRY AVE SUITE D<br>AGOURA HILLS, CA 91301 | BANKRUPTCY AND LEGAL DEPARTMENTS<br>P: 855-269-2442; 818-707-8848<br>F:<br>help@barefootdreams.com | Trade Vendor | | | | $260,890.52 |
| 32 | **HDS TRADING CORP**<br>1305 JERSEY AVE<br>NORTH BRUNSWICK, NJ 08902 | VICTOR GUINDI<br>P: 732-418-0418<br>F:<br>victor@hdstrading.com | Trade Vendor | | | | $259,663.16 |
| 33 | **BERKSHIRE BLANKET AND HOME CO, INC**<br>PO BOX 21921<br>NEW YORK, NY 10087-1921 | SCOTT MADDALENE, CEO<br>P:<br>F: | Trade Vendor | | | | $257,929.20 |
| 34 | **CRYSTAL ART OF FLORIDA INC**<br>DEPT CH 16738<br>PALATINE, IL 60055-6738 | ELENA MENDEZ<br>P: 323-417-4503<br>F:<br>elenam@crystalartgallery.com | Trade Vendor | | | | $250,853.68 |
| 35 | **UBER FREIGHT LLC**<br>PO BOX 74007178<br>CHICAGO, IL 60674 | KAREN WALKER<br>P: 866-576-1039<br>F: | Trade Vendor | | | | $239,232.00 |
| 36 | **THE GODINGER GROUP**<br>63-15 TRAFFIC AVE<br>RIDGEWOOD, NY 11385 | STEVEN BLOCK<br>P: 718-418-1000<br>F: 718-418-1740 | Trade Vendor | | | | $239,000.94 |
| 37 | **E & E CO LTD**<br>45875 NORTHPORT LOOP EAST<br>FREMONT, CA 94538 | EDMUND JIN<br>P: 510-490-9788<br>F: | Trade Vendor | | | | $236,548.05 |
| 38 | **HOMEVIEW DESIGN INC**<br>PO BOX 849<br>AZUSA, CA 91702 | EDMUND TONG<br>P: 626-338-0028<br>F:<br>edmund@homeviewdesign.com | Trade Vendor | | | | $233,845.92 |
| 39 | **SAM SALEM & SON**<br>302 FIFTH AVE 4TH FL<br>NEW YORK, NY 10001 | JESSE SALEM<br>P: 212-695-6020<br>F:<br>jesse@samsalemson.com | Trade Vendor | | | | $230,809.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims    page 4

Debtor: Tuesday Morning Corporation, et al. _____   Case number (if known): _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 40 | **GODIVA CHOCOLATIER, INC**<br>1 MERIDAN BLVD<br>WYOMISSING, PA 19610 | JOE FLORES<br>P: 610-988-6050<br>F:<br>joe.flores@godiva.com | Trade Vendor | | | | $220,148.38 |

**Fill in this information to identify the case and this filing:**

Debtor Name: Tuesday Morning Corporation

United States Bankruptcy Court for the: Northern District of Texas (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 02/13/2023
MM / DD / YYYY

X /s/ Andrew T. Berger
Signature of individual signing on behalf of debtor

Andrew T. Berger
Printed name

Chief Executive Officer
Position or relationship to debtor

---

Official Form 202     Declaration Under Penalty of Perjury for Non-Individual Debtors

## **RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Tuesday Morning Corporation:

- Tuesday Morning Corporation
- TMI Holdings, Inc.
- Tuesday Morning, Inc.
- Friday Morning, LLC
- Days of the Week, Inc.
- Nights of the Week, Inc.
- Tuesday Morning Partners, Ltd.

**UNANIMOUS CONSENT OF THE
SPECIAL COMMITTEE OF THE BOARD OF DIRECTORS
TUESDAY MORNING CORPORATION**

**February 10, 2023**

The undersigned being all of the members of the special committee (the "Special Committee") of the board of directors of Tuesday Morning Corporation, a Delaware corporation ("TMC" and together with its subsidiaries, the "Company"), hereby agree that a meeting on February 10, 2023, was held, and the Special Committee consented to, adopted and approved the following resolutions and each and every action effected thereby (the "Special Committee Consent"):

**Recitals**

WHEREAS, the Company is undergoing financial distress and operational challenges;

WHEREAS, the Company has explored strategic alternatives, including, without limitation, transactions that could take the form of a refinancing, recapitalization, restructuring of the indebtedness of the Company and its subsidiaries, commencing potential insolvency proceedings, including potentially commencing cases under title 11 of the United States Code (the "Bankruptcy Code"), a chapter 11 plan, or a sale of all or substantially all of the assets of the Company as a going-concern and/or as part of an orderly liquidation (collectively, the "Potential Strategic Alternatives" and each, a "Potential Strategic Alternative");

WHEREAS, on January 27, 2023, in connection with the Potential Strategic Alternatives and in furtherance thereof, the board of directors of TMC (the "Board") approved resolutions, by unanimous vote of those present at the meeting, formally delegating certain authority to the Special Committee that previously was formed on December 11, 2022, for the purpose of evaluating Potential Strategic Alternatives and recommending certain actions to the Board, with such Special Committee consisting of the following independent directors: Rhonda J. Parish, Michael Onghai, and Z. John Zhang (collectively, the "Special Committee Members");

WHEREAS, given ongoing, rapid developments, the need for near-daily (or even more frequent) meetings, the resignation of a director from the Board effective January 29, 2023, and to ensure the protection of privileged and confidential information, as well as to avoid the appearance of any potential conflicts of interests, the Board further determined to modify and expand the scope of the Special Committee's delegated powers and authority;

WHEREAS, pursuant to Section 9 of TMC's Amended and Restated Bylaws effective as of December 31, 2020 (the "Bylaws"), the Company's Corporate Governance Guidelines, effective as of November 16, 2021, and Section 141 of Title 8 of the Delaware Code, the Board may designate committees composed of one or more directors, with such authority of which may be prescribed by the Board, subject to such limitations as provided by the Company's Bylaws and by applicable law;

US 9612025

WHEREAS, on January 31, 2023, in connection with the Company's evaluation of Potential Strategic Alternatives and in furtherance thereof, the Board of TMC approved resolutions, by unanimous vote of those present at the meeting, pursuant to a unanimous written consent of the Board of the Company (the "January 31, 2023, Consent") that, among other things, (i) reaffirmed and approved the designation and appointment of the Special Committee Members to the Special Committee with the duties and powers delegated to such committee set forth in such unanimous written consent; (ii) ratified and approved any and all prior actions taken by the Special Committee since its inception; and (iii) delegated and vested the Special Committee with certain rights, authority, and powers of the Board, including, (a) if deemed by the Special Committee to be in the best interests of the Company, to take such actions as are necessary or advisable to pursue, preserve the opportunity to pursue, and/or consummate any Potential Strategic Alternative, including, without limitation, causing the Company to commence proceedings under the Bankruptcy Code; (b) if deemed by the Special Committee to be in the best interests of the Company, to approve and authorize the entry into, any amendment or modification to, and the consummation of, any definitive agreement, contract, or other arrangement with respect to any Potential Strategic Alternatives; and (c) to retain such other and additional professionals for itself, or on behalf of the Company, for advice and assistance, as it deems necessary and proper, to carry out its responsibilities;

WHEREAS, the Special Committee has received, reviewed and considered materials presented by management and the legal and financial advisors of the Company regarding the Company's financial and operating difficulties and the impact of the foregoing on the Company's businesses;

WHEREAS, the Special Committee has received, reviewed and considered advice from management and the legal and financial advisors of the Company regarding Potential Strategic Alternatives to address the Company's financial and operating difficulties, including pursuant to in-court bankruptcy proceedings, and the impact of the foregoing on the Company's businesses and its stakeholders; and

WHEREAS, in light of the foregoing, the Special Committee has determined that it is desirable and in the best interest of the Company to cause to be filed petitions by the Company and its subsidiaries seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

NOW, THEREFORE, BE IT

**Filing and Prosecution of Bankruptcy Case**

RESOLVED, that it is desirable and in the best interest of the Company to authorize Andrew T. Berger or any officer of the Company (each, an "Authorized Officer"), to cause to be filed petitions in the name of the Company and each of the Company's subsidiaries (the "Chapter 11 Petitions") seeking relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that the Authorized Officer, acting on behalf of the Company, hereby is authorized and directed to execute and verify the Chapter 11 Petitions and, subject to the Company

US 9612025

2

obtaining debtor-in-possession financing, to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"), in such form and at such time as the Authorized Officer shall determine; and it is further

RESOLVED, that the Authorized Officer, acting on behalf of the Company, hereby is authorized and directed to execute and file (or direct others to do so on behalf of the Company as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in connection therewith, to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all action deemed necessary and proper in connection with the Chapter 11 cases (the "Chapter 11 Cases"); and it is further

**Employment of Professionals**

RESOLVED, that the Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to select, in his discretion, an appropriate law firm to serve as bankruptcy counsel for the Company in the Chapter 11 Cases, and the Authorized Officer, acting behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of such firm; and it is further

RESOLVED, that the Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to select, in his discretion, an appropriate firm to serve as financial advisor for the Company in connection with the Chapter 11 Cases, and the Authorized Officer, acting behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 Cases and cause to be filed an appropriate application for authority to retain the services of such firm; and it is further

RESOLVED, that the investment banking firm of Piper Sandler ("Piper Sandler") be, and hereby is, employed as investment banker for the Company in the Chapter 11 Cases, and the Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute any appropriate retention agreement, direct payment of appropriate retainers in substantially the amount previously discussed by the Special Committee prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Piper Sandler; and it is further

RESOLVED, that the consulting firm of Stretto, Inc. ("Stretto") be, and hereby is, employed as claims and noticing agent and to provide other related services for the Company in the Chapter 11 Cases, and the Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers in substantially the amount previously discussed by the Special Committee prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Stretto; and it is further

RESOLVED, that the Authorized Officer, acting on behalf of the Company, is hereby authorized and directed to employ any other firm as professionals or consultants to the Company

US 9612025    3

as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Authorized Officer, acting behalf of the Company, is hereby authorized and directed to execute appropriate retention agreements, direct payment of appropriate retainers prior to and after the filing of the Chapter 11 Cases and cause to be filed appropriate applications for authority to retain the services of such firm; and it is further

**Authorization to Pursue DIP Financing**

RESOLVED, that the Authorized Officer, acting on behalf of the Company, is hereby granted full authority to continue ongoing discussions to obtain debtor in possession financing that allows the Company an opportunity to pursue a value-maximizing, going-concern sale of certain store locations, a reorganization around the Company's most profitable store locations, or, if a going-concern sale or reorganization is not possible, an orderly liquidation process on terms that are reasonable under the circumstances, as determined in consultation with the Company's professionals and advisors, and, subject to Bankruptcy Court approval, to enter into a debtor in possession credit agreement and such other ancillary agreements, documents, and instruments relating thereto; and it is further

**Authorization to Pursue Store Closing Strategy**

RESOLVED, that, in conjunction with the analysis of store performance, the Authorized Officer, acting on behalf of the Company and with the assistance of the Company's management team, in the exercise of sound business judgment and in consultation with the Company's advisors, may determine that it is appropriate to close and wind down, to the extent necessary, some, all, or a significant number of store locations to increase liquidity, maximize cost savings, strengthen the Company's overall financial position, and maximize the value of the Company's bankruptcy estate; and it is further

**General Authorizing Resolutions**

RESOLVED that the Authorized Officer, acting on behalf of the Company, is hereby granted full authority to act in the name of and on behalf of the Company, under the Company's seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses deemed to be necessary, appropriate, or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Cases, the taking of any such action to constitute conclusive evidence of the exercise of such discretionary authority; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by the Officers, Directors and/or Special Committee to seek relief under Chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that the Authorized Officer, acting on behalf of the Company, is authorized, empowered and directed to certify and attest any documents or materials deemed necessary, desirable, or appropriate to consummate the transactions contemplated by the foregoing

resolutions, without the necessity of further approvals or consents by the Shareholders or the affixing of any seal of the Company; and it is further

RESOLVED, that all actions heretofore taken by the Company, the Officers, the individual Directors, the Special Committee, and other authorized representative of the Company with respect to the foregoing transactions and all other matters contemplated by the foregoing resolutions that require approval by the Special Committee are hereby in all respects, approved, adopted, ratified, and confirmed.

IN WITNESS WHEREOF, the undersigned, being all of the members of the Special Committee, have executed this written consent, and hereby consent to the foregoing resolutions, effective upon receipt by the Secretary of the Company of all executed counterparts hereof.

*[Signature Page Follows]*

Date: 2/10/2023　　　　　　　　By: _____
　　　　　　　　　　　　　　　Name: Michael Onghai

Date: 2/10/2023　　　　　　　　By: _____
　　　　　　　　　　　　　　　Name: Rhonda J. Parish

Date: 2/10/2023　　　　　　　　By: _____
　　　　　　　　　　　　　　　Name: Z. John Zhang

**Being all of the members of the
Special Committee of the Board of Directors
of Tuesday Morning Corporation**

*Signature Page to February 10, 2023, Unanimous Consent of the
Special Committee of the Board of Directors of Tuesday Morning Corporation*

US 9612025