Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF TOP 40 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS, (II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT AND FORMER EMPLOYEES, AND (III) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS' CHAPTER 11 CASES AND BAR DATE**

---

**Emergency relief has been requested. Relief is requested not later than February 15, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

> **A virtual hearing will be conducted on this matter on February 15, 2023 at 2:00 p.m. (CT) in Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102. You may participate in the hearing by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Morris's home page. The meeting code is 473 581 124. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 40 Unsecured Creditors and a Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees, and (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases and Bar Date* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C.

2

§ 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to

28 U.S.C. §§ 1408 and 1409.

## **Background**

2.      On February 14, 2023 (the "Petition Date"), the Debtors each filed voluntary

petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage

and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and

1108.

3.      An official committee of unsecured creditors has yet to be appointed in these

Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter

11 Cases.

4.      A detailed description of the Debtors and their business, and the facts and

circumstances supporting the Motion and the Debtors' Chapter 11 Cases, are set forth in greater

detail in the *Declaration of Andrew T. Berger in Support of the Debtors' Chapter 11 Petitions and

First Day Motions* and *Declaration of Dell Young in Support of the Debtors' Chapter 11 Petitions

and First Day Motions* (the "First Day Declarations"), which are incorporated by reference in this

Motion.

## **Relief Requested**

5.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**, (i) authorizing the Debtors to file a consolidated list of the top 40 unsecured creditors

and a consolidated list of creditors, (ii) authorizing the Debtors to redact certain personal

identification information of individual creditors and current and former employees, and (iii)

approving the form and manner of notice of commencement of these Chapter 11 Cases, the

scheduling of the meeting of creditors to be held pursuant to Bankruptcy Code § 341 and the bar date for filing proofs of claim (the "Notice of Commencement"), including a customized proof of claim form (the "Proof of Claim Form").

**Basis for Relief Requested**

A.     **Consolidated List of Top 40 Unsecured Creditors and Consolidated Creditor Matrix**

6.     Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." *Id.* at 1007(a)(1).  Likewise, under Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." FED. R. BANKR. P. 1007(d).  Because preparing separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix, as well as a single, consolidated list of their 40 largest general unsecured creditors (rather than 20 for each debtor).  This relief will help alleviate administrative burdens, costs, and the possibility of duplicative service.

7.     Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 103)*; In re J. C. Penney Co., Inc.,* Case No. 20-20182 (DRJ) (Bankr. S.D. Tex. May 16, 2020) (Docket No. 68); *In re Neiman Marcus Grp. Ltd LLC,* Case No. 20-32519 (DRJ) (Bankr. S.D. Tex. May 8, 2020) (Docket No. 241); *In re Chinos Holdings, Inc.,* Case No. 20-32181 (Bankr. E.D. Va. May 5, 2020) (Docket No. 100); *In re PHI, Inc.,* Case No. 19-30923 (HDH) (Bankr. N.D. Tex. Mar. 20, 2019) (Docket No. 72); *In re Senior Care Ctrs., LLC,* Case No. 18-33967 (BJH) (Bankr. N.D. Tex. Dec. 7, 2018) (Docket No. 70); *In re Sears Methodist Retirement Sys., Inc.*, Case No. 14-32821 (SGJ) (Bankr. N.D. Tex. June 12, 2014) (Docket No.

67); *In re Fibertower Network Servs. Corp.*, Case No. 12-44027-11 (DML) (Bankr. N.D. Tex. July 25, 2012) (Docket No. 75).

## B.     Redacting Certain Confidential Information for Individual Creditors and Former and Current Employees

8.     Bankruptcy Code § 107(c)(1)(A) provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under this title.
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1)(A). In addition, privacy protection regulations are being enacted in key jurisdictions. In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation. Violators risk injunctions and civil penalties of up to $2,500 for each violation and up to $7,500 for each intentional violation. CAL. CIV. CODE § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (iii) receives 50% or more of their annual revenues from selling consumers' personal information. *Id.* at § 1798.140(c)(1). The Debtors likely qualify as CCPA Entities because the Debtors operate over 50 stores located in California and the Debtors had more than $1 billion in net sales revenue for fiscal year 2019.

4886-4779-4000v.2 021701.00001

9.       The Debtors respectfully request authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the Schedules and Statements, the home addresses of individual creditors—including the Debtors' employees and contract workers—because (i) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (ii) disclosure risks violating the CCPA, exposing the Debtors to potential civil liability and significant financial penalties. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[2]

10.      The Debtors propose to provide, upon request, an unredacted version of the Consolidated Creditor Matrix to the Court, the Office of the United States Trustee for the Northern District of Texas, and counsel to the official committee of unsecured creditors should one be appointed in the Chapter 11 Cases.

11.      Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See, e.g., In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 103); *In re J. C. Penney Co., Inc.,* Case No. 20-2182 (DRJ) (S.D. Tex. May 16, 2020) (Docket No. 68); *In re Neiman Marcus Grp. Ltd LLC,* Case No. 20-32519 (DRJ) (S.D. Tex. May 7, 2020 (Docket No. 13); *In re SAS Healthcare, Inc.*, Case No. 19-40401 (Bankr. N.D. Tex. Feb. 6, 2019) (Docket No. 46); *In re Senior Care Ctrs. LLC*, Case No. 18-33967 (Bankr. N.D. Tex. Dec. 7, 2018) (Docket No. 70); *In re Preferred Care, Inc.*, Case No.

---

[2] This incident took place during the first Charming Charlie chapter 11 proceedings in 2017 and is described in the "creditor matrix motion" filed in Charming Charlie Holdings Inc., Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) (Docket No. 4).

4886-4779-4000v.2 021701.00001

17-44642 (Bankr. N.D. Tex. Nov. 20, 2017) (Docket No. 62); *In re Azure Midstream Partners, LP*, Case No. 17-30461 (Bankr. S.D. Tex. Feb. 1, 2017) (Docket No. 40); In re *Memorial Prod. Partners LP*, Case No. 17-30262 (Bankr. S.D. Tex. Jan 17, 2017) (Docket No. 66).

**C.      The Form and Manner of Notifying Creditors of the Commencement of the Debtors'
Chapter 11 Cases and Bar Date**

12.      Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." FED. R. BANKR. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *Id.* at 2002(f).

13.      Through Stretto, Inc. ("Stretto"), the Debtors' proposed noticing and claims agent, the Debtors propose to serve the Notice of Commencement substantially in the form annexed hereto as **Schedule 1** on all parties entitled to such notice and, at the same time, to advise them of the section 341 meeting. The Debtors have tailored the proposed Notice of Commencement to include contact information for Stretto, the Debtors' proposed noticing and claims agent, to reduce the number of inquiries directed to the Clerk's Office staff. Service of a single Notice of Commencement will not only avoid confusion among creditors but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Consolidated Creditor Matrix if required to service an individual Notice of Commencement for each Debtor. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

14.      In addition, the Debtors propose to publish, as soon as practicable, the Notice of Commencement (with such changes as may be required for publication) once in the national edition of USA Today. The Debtors submit that publication of the Notice of Commencement is

the most practical method by which to notify those creditors and other parties in interest who do not receive the Notice of Commencement by mail of the commencement of these Chapter 11 Cases and constitutes an efficient use of the estates' resources.

15. The Debtors also propose to serve a customized Proof of Claim Form, substantially in the form annexed hereto as **Schedule 2** or Official Form 410, along with the Notice of Commencement.[3]

16. Courts in this District and in other jurisdictions have granted similar relief to the relief requested herein. *See*, *e.g.*, *In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 103); *In re Vista Proppants and Logistics, Inc.,* Case No. 20-42002 (ELM) (Bankr. N.D. Tex. Jun 16, 2020) (Docket No. 96); *In re Tuesday Morning Corp.*, Case No. 20-31476 (HDH) (Bankr. N.D. Tex. May 29, 2020) (Docket No. 103); *In re J. C. Penney Co., Inc.,* Case No. 20-2182 (DRJ) (S.D. Tex. May 16, 2020) (Docket No. 99) (same); *In re Neiman Marcus Grp. Ltd LLC,* Case No. 20-32519 (DRJ) (S.D. Tex. May 8, 2020 (Docket No. 241) (approving form of notice of commencement); *In re SAS Healthcare, Inc.*, Case No. 19-40401 (Bankr. N.D. Tex. Feb. 6, 2019) (Docket No. 46); *In re A'GACI, L.L.C.*, Case No. 18-50049 (Bankr. W.D. Tex. Jan. 11, 2018) (Docket No. 48); *In re Memorial Prod. Partners LP*, Case No. 17-30262 (MI) (Bankr. S.D. Tex. Jan. 17, 2017) (Docket No. 66); *In re Erickson Inc.*, Case No. 16-34393 (Bankr. N.D. Tex. November 10, 2016) (Docket No. 50); *In re Sandridge Energy, Inc.*, Case No. 16-32488 (DRJ) (Bankr. S.D. Tex. May 18, 2016) (Docket No. 88).

### Notice

17. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this

---

[3] Copies of Official Form 410 may be obtained by: (i) visiting the Debtors' restructuring website at: https://cases.stretto.com/TuesdayMorning, and/or (ii) visiting the Court's website at www.txnb.uscourts.gov.

specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the DIP Agent, Polsinelli, P.C., 2950 N. Harwood, Suite 2100, Dallas, TX 75201, Attn: Liz Boydston, lboydston@polsinelli.com; (vi) counsel for the ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin J. Simard, ksimard@choate.com; Jonathan D. Marshall, jmarshall@choate.com; (vii) counsel to the Ad Hoc Group, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Ryan Blaine Bennett, P.C., rbennett@kirkland.com, Patricia Walsh Loureiro, patricia.walsh@kirkland.com; (viii) counsel for any official committees appointed by this Court; (ix) the consolidated list of the 40 largest unsecured creditors of the Debtors; and (x) all governmental agencies having a regulatory or statutory interest in these cases. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submits that no further notice is required.

WHEREFORE, based on the foregoing, the Debtors respectfully request that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

4886-4779-4000v.2 021701.00001

RESPECTFULLY SUBMITTED this 14th day of February, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/  Deborah M. Perry*

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

10

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF**
**TOP 40 UNSECURED CREDITORS AND CONSOLIDATED LIST OF CREDITORS,**
**(II) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL**
**IDENTIFICATION INFORMATION OF INDIVIDUAL CREDITORS AND CURRENT**
**AND FORMER EMPLOYEES, AND (III) APPROVING THE FORM AND MANNER OF**
**NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE DEBTORS'**
**CHAPTER 11 CASES AND BAR DATE**

Upon the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of Top 40 Unsecured Creditors and a Consolidated List of Creditors, (II) Authorizing the Debtors to Redact Certain Personal Identification Information of Individual Creditors and Current and Former Employees, and (III) Approving the Form and Manner of Notifying Creditors of the Commencement of the Debtors' Chapter 11 Cases and Bar Date* (the "Motion") of Tuesday Morning Corporation, *et al.* (collectively, the "Debtors"); and the Court

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.

§§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* (N.D. Tex. Aug. 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized to file a single, consolidated list of their 40 largest general unsecured creditors.

3.      The Debtors are authorized to file one Consolidated Creditor Matrix for all Debtors.

4.      Debtors are authorized to redact the home addresses and any other personally identifiable information of individuals listed on the Creditor Matrix, Schedules and Statements, or other document filed with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to the Court, to the U.S. Trustee, and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases (if any).

5.      The notice of commencement of these Chapter 11 Cases and the meeting of creditors to be held pursuant to Bankruptcy Code § 341, substantially in the form annexed hereto as **Schedule 1** (the "Notice of Commencement"), is hereby approved.

6.      The customized proof of claim form, substantially in the form annexed hereto as **Schedule 2** (the "Proof of Claim Form") is hereby approved.

7.      The Debtors are authorized to serve the Notice of Commencement and Proof of Claim Form on all parties listed on the Creditor Matrix.

8.      The Debtors, with the assistance of the Notice and Claims Agent, shall cause the Notice of Commencement (with such changes as may be required for publication) to be published once in the national edition of USA Today.

9.      Notice of the Motion as provided herein shall be deemed good and sufficient notice of such Motion.

10.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

### # # #  END OF ORDER  # # #

**Submitted by:**

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## **SCHEDULE 1**

**Notice of Commencement**

| | | |
|---|---|---|
| **Information to identify the case:** | | |

| | | | |
|---|---|---|---|
| Debtor | Tuesday Morning Corporation, *et al.* | EIN: | 75-2398532 |
| | Name | | |
| United States Bankruptcy Court for the: Northern | | District of Texas | |
| | (State) | Date cases filed for chapter 11 | 02 / 14 / 2023 |
| Case number: | 23-90001 | | MM / DD / YYYY |

## Official Form 309F (For Corporations or Partnerships)

# Notice of Chapter 11 Bankruptcy Cases
**02/20**

**For the debtors listed above, cases have been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered for each Debtor.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the cases imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the cases may be inspected on the website created by Claims and Noticing Agent Stretto, Inc. for these chapter 11 cases at https://cases.stretto.com/TuesdayMorning, the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov). Telephonic inquiries may be directed to 855.202.8673 (for U.S. calls) and 949.296.3557 (for calls originating outside of the U.S.).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | | |
|---|---|---|---|
| **1.** | **Debtors' full names:** | | |
| | Tuesday Morning, Inc. | EIN: 75-1482994 | Case No. 23-90000 |
| | Tuesday Morning Corporation | EIN: 75-2398532 | Case No. 23-90001 |
| | TM Holdings, Inc. | EIN: 51-0336658 | Case No. 23-90002 |
| | Friday Morning, LLC | EIN: 75-1643440 | Case No. 23-90003 |
| | Days of the Week, Inc. | EIN: 75-2794231 | Case No. 23-90004 |
| | Nights of the Week, Inc. | EIN: 51-0387141 | Case No. 23-90005 |
| | Tuesday Morning Partners, Ltd. | EIN: 75-2794232 | Case No. 23-90006 |

| | | |
|---|---|---|
| **2.** | **All other names used in the last 8 years** | f/k/a Friday Morning, Inc. |

| | | |
|---|---|---|
| **3.** | **Address Applicable to all Debtors** | 6250 LBJ Freeway<br>Dallas, Texas 75240 |

| | | |
|---|---|---|
| **4.** | **Debtors' attorney**<br>Deborah M. Perry<br>Kevin M. Lippman<br>Julian P. Vasek<br>**MUNSCH HARDT KOPF & HARR, P.C.**<br>500 N. Akard St., Ste. 3800<br>Dallas, TX 75201<br>Telephone: 214.855.7500<br>Facsimile: 214.855.7584<br>Email: dperry@munsch.com<br>Email: klippman@munsch.com<br>Email: jvasek@munsch.com | **Debtors' notice and claims agent (for court documents and case information inquiries):**<br><br>Stretto Website: https://cases.stretto.com/TuesdayMorning<br><br>Email Inquiries: TuesdayMorningInquiries@stretto.com<br><br>Hotline:<br>Toll Free (U.S. & Canada) #: 855.202.8673<br>Non U.S. #: 949.296.3557 |

**Information to identify the case:**

| | | | |
|---|---|---|---|
| **5.** | **Bankruptcy clerk's office**<br>Documents in these cases may be filed at this address. You may also inspect all records filed in these cases at this office or online at www.pacer.gov, or free of charge on the website for these chapter 11 cases at http://cases.stretto.com/TuesdayMorning. | 501 West Tenth Street, Room 147<br>Fort Worth, Texas 76102 | **Hours:** Mon.-Fri. 8:30 4:30 (CT)<br><br>**Contact phone:** 817.333.6000 |

| | | |
|---|---|---|
| **6.** | **Meeting of creditors**<br>The debtors' representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | [●], 2023   at    [●]:00 [●].m.<br><br>**BY TELEPHONE**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. |
| | | Trustee:            United States Trustee<br>Toll free number:  866.818.4670<br>Alternate number: 203.480.2179<br>Participant Code:  3304120 |

| | | | |
|---|---|---|---|
| **7.** | **Proof of claim deadline** | **Deadline for filing proof of claim**<br>**For all creditors (except a governmental unit):** | [●], 2023 |
| | | **For a governmental unit:** | [●], 2023 |

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov, any bankruptcy clerk's office or on the case website at http://cases.stretto.com/TuesdayMorning. Completed proofs of claim may be submitted to Stretto, Inc. as the official claims agent for these cases.

**If by First-Class Mail, overnight courier or hand delivery:**
Tuesday Morning Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**Or you may file your claim electronically on the case website:**
**https://cases.stretto.com/TuesdayMorning and clicking on "File a Claim", or with the bankruptcy court at the following website: www.txnb.uscourts.gov and clicking on "Proof of Claim Filing"**

Your claim will be allowed in the amount scheduled unless:
- your claim is designated as *disputed*, *contingent*, or *unliquidated*;
- you file a proof of claim in a different amount; or
- you receive another notice.

If your claim is not scheduled or if your claim is designated as *disputed*, *contingent*, or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office, the case website at https://cases.stretto.com/TuesdayMorning, or online at www.pacer.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim.  Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain.  For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | | |
|---|---|---|
| **8.** | **Exception to discharge deadline**<br><br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** |
| **9.** | **Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10.** | **Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |

| Information to identify the case: | |
|---|---|
| **11.   Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

## <u>INFORMATION FOR THE TELEPHONIC § 341 MEETING OF CREDITORS</u>

Because of developing issues with the COVID−19 virus and the national declaration of emergency by the President of the United States, § 341 Meetings of Creditors ("<u>Meetings</u>") will be conducted telephonically. The telephone call in numbers and participant code are found on the enclosed Notice.

### <u>Additional Dial−In Information:</u>

(1) You must use a touch−tone phone to participate.

(2) **<u>Landline preferred</u>**. If you have a choice, use a landline phone, instead of a cell phone. Do not use a speaker phone.

(3) Dial the call−in number and then enter the participant code, which consists of 7 numbers and is followed by a # sign. Immediately place your phone on mute.

(4) Make the call from a quiet area where there is as little background noise as possible.

(5) As more than one Meeting may be held during this period, listen for your case to be called. When your case is called, unmute your phone and identify yourself.

(6) When speaking during your case, identify yourself.

(7) Do not put the phone on hold at any time after the call is connected.

(8) If any party is attending the Meeting from the same location as another party, use separate touch−tone phones to participate.

(9) Once the case Meeting is finished, hang up.

(10) If you become disconnected before your Meeting is finished, call back.

### <u>Bankruptcy Documents:</u>

Debtors should have their bankruptcy documents available in the event there are questions about the information in the documents.

### <u>Recording:</u> The Meetings will be recorded by the trustee or United States Trustee.

## **SCHEDULE 2**

**Proof of Claim Form**

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

- ❑ V˘^•åæ ÁT [¦]ā * ÁÖ[¦]{|ææ} ÁÇÁGÆHÊ ´´´´D
- ❑ Öæ•Á¸-Á<@ÁY ^^\ Á¡ Q&ÁÇHÊ ´´´´D
- ❑ Øāæ ÁT [¦]ā * ÁÁÙSÁÇÁHÊ ´´´´D
- ❑ Þā @Á¸-Á<@ÁY ^^\ Á¡Q&ÁÇHÊ ´´´´D
- ❑ VT ÁP[|āā * •ÁÇ¡Q&ÁÇHÊ ´´´´D
- ❑ V˘^•åæ ÁT [¦]ā * Á¸ Á¸å^¦• ÁSæ¡ÁÇHÊ ´´´´D
- ❑ V˘^•åæ ÁT [¦]ā * Á¡Q&ÁÇHÊ ´´´´D

**United States Bankruptcy Court for the Northern District of Texas**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

- ❑ No
- ❑ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number        Street _____

City                State        ZIP Code

Contact phone _____

Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____

Number        Street _____

City                State        ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

- ❑ No
- ❑ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

- ❑ No
- ❑ Yes.  Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____   ____   ____   ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                         $_____

**Amount of the claim that is secured:**       $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it.** FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   _____
                   MM  /  DD  /  YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name     _____
         First name          Middle name          Last name

Title    _____

Company  _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
         Number        Street

         _____
         City                         State      ZIP Code

Contact phone  _____   Email  _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                        12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/TuesdayMorning

## Where to Send Proof of Claim Form

### First Class Mail, Overnight Mail or Hand Delivery:
Tuesday Morning Claims Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

### Electronic Filing:
By accessing the "File a Claim" link at:
https://cases.stretto.com/TuesdayMorning

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.