Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR THE DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING PROCEDURES FOR STORE CLOSING SALES; (II) APPROVING THE SALE OF MERCHANDISE FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES, (III) WAIVING COMPLIANCE WITH APPLICABLE STATE LAWS AND APPROVING DISPUTE RESOLUTION PROCEDURES; AND (III) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than February 15, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

1

> **A virtual hearing will be conducted on this matter on February 15, 2023 at 2:00 p.m. (CT) in Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102. You may participate in the hearing by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Morris's home page. The meeting code is 473 581 124. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Approving Procedures for Store Closing Sales; (II) Approving the Sale of Merchandise Free and Clear of All Liens, Claims and Encumbrances; (III) Waiving Compliance with Applicable State Laws and Approving Dispute Resolution Procedures; and (IV) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4867-3710-2416v.5 021701.00001

## Background

2.      On February 14, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3.      An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4.      A detailed description of the Debtors and their business, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases, are set forth in greater detail in the *Declaration of Andrew T. Berger in Support of the Debtors' Chapter 11 Petitions and First Day Motions* and *Declaration of Dell Young in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declarations"), which are incorporated by reference in this Motion.

## Relief Requested

5.      By this Motion, the Debtors seek the entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"): (i) approving the procedures for conducting store closing or similarly themed sales; (ii) approving the sale of Merchandise free and clear of all liens, claims, and encumbrances,

3

(iii) waiving compliance with Applicable State Laws (defined below) and approving Dispute Resolution Procedures (defined below); and (iv) granting related relief.

A.    **Store Closings**

6.    The Debtors have faced unprecedented challenges, including underperforming sales at their 464 retail locations (the "Stores"). To address these challenges, the Debtors' management team, in the exercise of their sound business judgment and in consultation with their advisors, ultimately determined that immediate liquidation of the Company's inventory at its underperforming store locations (the "Closing Stores") under the supervision of the Bankruptcy Court is the best strategy to maximize value for the benefit of creditors. As such, the Debtors have determined, in their business judgment, that it is in the best interests of their estates, creditors, and all parties-in-interests to seek authority to close and wind down or conduct similar themed sales (the "Sales") to conduct store closing sales at the Closing Stores (the "Store Closings").

7.    In conjunction with their analysis of the Stores' performance, the Debtors also conducted a review and analysis of their inventory levels at the Closing Stores. Such inventory (the "Merchandise") will be included in and sold as part of the Sales. The Debtors expect that the bulk of the Sales and the shuttering of the Closing Stores will take approximately 8 weeks to complete. Once the Sales and closings are complete, the Debtors intend to prepare those Closing Stores for turnover to the applicable landlords.

8.    The Debtors have determined, in an exercise of their business judgment, that the Sales are necessary to maximize the value of the assets being sold. At this time the Debtors are capable of continuing and completing the Sales and Store Closings without the assistance, and without the significant expense, of a liquidation consultant.[2]

---

[2] The prepetition lenders that provided the ABL DIP Proposal (as defined in the DIP motion) required that the Debtors negotiate and enter into a consultant agreement with Gordon Brothers. Since the Debtors found alternative, more

9.      The Store Closings are a critical component of the Debtors' bankruptcy strategy, and the relief sought in this Motion will allow the Debtors to conduct the Store Closings in an efficient, controlled manner that will maximize value for the Debtors' estates. The relief requested in this Motion is integral to maximizing the value of the estates, as it will permit the Debtors to commence the Store Closings in an efficient manner and will establish fair and uniform sale guidelines to assist the Debtors and their creditors through these Chapter 11 Cases.

**B.      The Sale Guidelines**

10.     The Debtors seek approval of the streamlined sale procedures and guidelines set forth in this Motion to sell the Merchandise and conduct the Sales and Store Closings. The Debtors also seek approval of the sale guidelines to provide newspapers and other advertising media in which the Sales may be advertised with comfort that the Debtors are conducting the Sales in compliance with applicable law and with the Bankruptcy Court's approval.

11.     The Debtors have determined, in the exercise of their business judgment and in consultation with their advisors, that these sale guidelines will provide the best and most efficient means of selling the Merchandise in order to maximize their value to the estate. The Debtors estimate that the majority of the Sales and Store Closings will take approximately 8 weeks to complete.

**C.      Liquidation Sale Laws and Dispute Resolution Procedures**

12.     Certain states in which the Debtors operate Stores have or may have licensing or other requirements governing the conduct of store closing, liquidation, or other inventory clearance sales, including, without limitation, state, provincial, and local laws, statutes, rules,

---

favorable DIP financing, the Debtors have filed a motion seeking to reject such agreement as an exercise of their sound business judgment.

4867-3710-2416v.5 021701.00001

regulations, and ordinances (the "Liquidation Sale Laws"). Liquidation Sale Laws may establish

licensing, permitting or bonding requirements, waiting periods, time limits, and bulk sale

restrictions and augmentation limitations that would otherwise apply to the Store Closings. Such

requirements hamper the Debtors' ability to maximize value in selling their inventory. Subject to

the Bankruptcy Court's approval, the Debtors intend to conduct the Store Closings in accordance

with the attached proposed interim and final orders, and to the extent such orders conflict with the

Liquidation Sale Laws, the orders shall control.

13.     For the purpose of orderly resolving any disputes between the Debtors and any

Governmental Units (as defined in Bankruptcy Code § 101(27)) arising due to the Sales, the Store

Closings and the alleged applicability of any Liquidation Sale Laws, the Debtors respectfully

request that the Bankruptcy Court authorize the Debtors to implement the following dispute

resolution procedures (the "Dispute Resolution Procedures"), as set forth in the Interim Order and

the Final Order:

i.      Provided that the Sales are conducted in accordance with the terms of the
Interim Order, or the Final Order, as applicable, and in light of the provisions
in the laws of many Governmental Units that exempt court-ordered  sales from
their provisions, the Debtors will be presumed to be  in compliance with any
Liquidation Sale Laws and are authorized to conduct the  Sales in accordance
with the terms of the Interim Order, or the Final Order, as applicable, without
the necessity of further showing compliance with any Liquidation Sale Laws.

ii.     Within **three business days** after entry of the Interim Order, the Debtors will
serve, by first-class mail, copies of the Interim Order, the proposed Final
Order on the following: (a) the Attorney General's office for each state where
the Sales are being held; (b) the county consumer protection agency or similar
agency for each county where the Sales are  being held; (c) the division of
consumer protection for each state where the Sales are being held; (d) the
chief legal counsel for the local jurisdiction; a n d  (e) the landlords for the
Closing Stores and their counsel of record (if applicable) (collectively, the
"Dispute Notice Parties").

iii.    To the extent that there is a dispute arising from or relating to the Sales,
the Interim Order, or the Final Order, as applicable, which dispute relates to
any Liquidation Sale  Laws (a "Reserved Dispute"), the Bankruptcy Court

6

shall exercise jurisdiction to resolve the Reserved Dispute. Any time **within ten days** following entry of the Interim Order, any Governmental Unit may assert that a Reserved Dispute exists by sending a notice (the "Dispute Notice") explaining the nature of the dispute to: (a) the Debtors; (b) proposed counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Deborah Perry (dperry@munsch.com), Kevin Lippman (klippman@munsch.com), and Julian Vasek (jvasek@munsch.com); and (c) counsel for the DIP Agent. If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within **fifteen days** after service of the Dispute Notice, the Governmental Unit may file a motion with the Bankruptcy Court requesting that the Bankruptcy Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

iv. In the event that a Dispute Resolution Motion is filed, nothing in the Interim Order, or the Final Order, as applicable, shall preclude the Debtors, a landlord, or any other interested party from asserting (A) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (B) that neither the terms of the Interim Order or the Final Order nor the conduct of the Debtors pursuant to the Interim Order or the Final Order, violates such Liquidation Sale Laws. Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of any Interim Order or Final Order or to limit or interfere with the Debtors' ability to conduct or to continue to conduct the Sales pursuant to the Interim Order or the Final Order, absent further order of the Bankruptcy Court. Upon the entry of the Interim Order or the Final Order, as applicable, the Bankruptcy Court grants authority for the Debtors to conduct the Sales pursuant to the terms of the Interim Order or the Final Order, as applicable, and to take all actions reasonably related thereto or arising in connection therewith. A Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in the Interim Order or the Final Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

v. If, at any time, a dispute arises between the Debtors and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in the Interim Order or the Final Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo.*

## D.    Fast Pay Laws

14.    Many states in which the Debtors operate have laws and regulations that require the Debtors to pay an employee substantially contemporaneously with his or her termination (the

"Fast Pay Laws" and together with the Liquidation Sale Laws, the "Applicable State Laws"). These laws often require payment to occur immediately or within a period of only a few days from the date such employee is terminated.

15.    The nature of the Store Closings contemplated by this Motion will result in employees being terminated during the Store Closings. To be clear, the Debtors intend to pay their terminated employees as expeditiously as possible and under normal payment procedures; however, the Debtors' payroll system will simply be unable to process the payroll information associated with these terminations in a manner that will be compliant with the Fast Pay Laws. Under ordinary circumstances, the Debtors' payroll department is able to coordinate delivery of final checks to coincide with an employee's final day of work where required by state law. This process requires the Debtors' payroll department to calculate individual termination payments, prepare each termination payment check, obtain authorization for each such check and then prepare each such check for mailing. Given the number of employees who will be terminated during the Store Closings, this process could easily take several days, making compliance with the Fast Pay Laws burdensome to the Debtors' estates, if not impossible.

**E.    Lease Restrictions**

16.    The Debtors also respectfully request relief from any contractual restrictions that could otherwise inhibit or prevent the Debtors from maximizing value for creditors through the Store Closings and Sales. In certain cases, the contemplated Store Closings and Sales may be inconsistent with certain provisions of leases, subleases, or other documents with respect to the premises in which the Debtors operate, including (without limitation) reciprocal easement agreements, agreements containing covenants, conditions, and restrictions (including, without limitation, "go dark" provisions and landlord recapture rights), or other similar documents or

provisions. Such restrictions would also hamper the Debtors' ability to maximize value in selling their inventory.

17.     The Debtors also request that no entity, including, without limitation, utilities, landlords, shopping center managers and personnel, creditors, and all persons acting for or on their behalf shall interfere with or otherwise impede the conduct of the Store Closings, the Sales or institute any action against the Debtors in any court (other than in the Bankruptcy Court) or before any administrative body that in any way directly or indirectly interferes with, obstructs, or otherwise impedes the conduct of the Store Closings, the Sales or the advertising and promotion (including through the posting of signs) of the Sales.

## Basis for Relief Requested

**A.    Authorization to Conduct the Sales and Store Closings in accordance with the Sale Guidelines and procedures outlined in this Motion is in the Best Interest of the Debtors' Estates**

18.     The Court may authorize the Debtors to consummate the Store Closings pursuant to Bankruptcy Code §§ 105(a) and 363(b). Bankruptcy Code § 363(b)(1) provides, in relevant part, that, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, § 105(a) of the Bankruptcy Code provides, in relevant part, that, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a).

19.     A debtor must demonstrate sound business judgment for a sale of assets outside of the ordinary course of business. *See, e.g., Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986). Courts look to various factors to determine whether to approve a motion under § 363(b) of the Bankruptcy Code,

4867-3710-2416v.5 021701.00001

such as: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed in good faith; and (d) whether adequate and reasonable notice is provided. *See, e.g., In re Condere*, 228 B.R. 615, 626 (Bankr. S.D. Miss. 1998).

20.     In addition, the Court may authorize the Store Closings based on Bankruptcy Code § 105(a), which codifies the Court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." § 105(a).

21.     The relief requested by this Motion represents a sound exercise of the Debtors' business judgment, is necessary to avoid immediate and irreparable harm to the Debtors' estates and is justified under §§ 105(a) and 363(b). In consultation with their advisors, the Debtors determined that the Closing Stores are a burden to their estates based on their current profitability, and that the Merchandise at the Closing Stores should be liquidated for the benefit of the Debtors' estates and their creditors. If the requested relief is not approved on an interim basis, there could be substantial harm to all stakeholders.

22.     The Debtors and their advisors believe that the sale guidelines and procedures set forth herein represent the most efficient and appropriate means of maximizing the value of the Merchandise, while balancing the potentially competing concerns of landlords and other parties in interest.

23.     Further, delay in consummating the Store Closings would diminish the recovery tied to monetization of the Merchandise for a number of reasons, chief among them that the Closing Stores fail to currently generate positive cash flow and therefore are a drain on liquidity. Thus, the Debtors will realize an immediate benefit in terms of financial liquidity upon the sale of the Merchandise and the termination of operations at the Closing Stores. Further, the swift and

orderly commencement of the Store Closings will allow the Debtors to timely reject the applicable

Store  leases, and therefore avoid the accrual of unnecessary administrative expenses for rent.

24.     Numerous bankruptcy courts have approved sale guidelines in chapter 11 cases on

an interim basis, and numerous courts have granted retail debtors first-day authority to implement

such procedures. *See, e.g.*, *In re Francesca's Holdings Corp.*, No. 20-13076 (BLS) (Bankr. D. Del.

Dec. 8, 2020) (approving sale guidelines on an interim basis); *In re Tuesday Morning Corp.*, No.

20-31476 (HDH) (Bankr. N.D. Tex. May 27, 2020) (same)*; In re Pier 1 Imports, Inc.*, No. 20-

30805 (KRH) (Bankr. E.D. Va. Feb. 18, 2020) (same); *In re Modell's Sporting Goods, Inc.*, 20-

14179 (VFP) (Bankr D. N.J. March 13, 2020) (same); *In re A'GACI, L.L.C.*, No. 18-50049 (RBK)

(Bankr. W.D. Tex. Jan. 11, 2018 (same); *In re rue21, inc.,* No. 17-22045 (GLT) (Bankr. W.D. Pa.

May 18, 2017) (same); *In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (Bankr.

S.D.N.Y. Mar. 2, 2017) (same); *In re Aèropostale, Inc.*, No. 16-11275 (Bankr. S.D.N.Y. May 6,

2016) (same); *In re Sports Authority Holdings, Inc.*, No. 16-10527 (Bankr. D. Del. March 3, 2016)

(same); *In re Quiksilver, Inc.*, No. 15-11880 (Bankr. D. Del. Sept. 10, 2015) (same); *In  re

Radioshack Corp.*, No. 15-10197 (Bankr. D. Del. Feb. 6, 2015) (same). The sale guidelines

approved  in  the foregoing cases are substantially similar to those proposed herein.

4867-3710-2416v.5 021701.00001

**B.**     **The Court Should Approve the Sale of the Merchandise Free and Clear of all Liens, Encumbrances, and Other Interests Under Section 363(f) of the Bankruptcy Code.**

25.     The Debtors request approval to sell the Merchandise on a final "as is" basis, free and clear of any and all liens, claims, and encumbrances in accordance with Bankruptcy Code § 363(f). A debtor in possession may sell property under §§ 363(b) and 363(f) "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied: (i) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (ii) such entity consents; (iii) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (iv) such interest is in *bona fide* dispute; or (v) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. 11 U.S.C. § 363(f).

26.     The Debtors anticipate that, to the extent there are liens on the Merchandise, all holders of such liens will consent to the Sales because they provide the most effective, efficient, and time-sensitive approach to realizing proceeds for, among other things, the repayment of amounts due to such parties. Any and all liens on the Merchandise sold under the Sales would attach to the remaining net proceeds of such Sales with the same force, validity, effect, and priority as such liens currently have on these assets, subject to the rights and defenses, if any, of the Debtors and of any party-in-interest with respect thereto. Moreover, all identified lienholders will receive notice and will be given sufficient opportunity to object to the relief requested on a final basis.

27.     Accordingly, the Debtors submit that the Sale of the Merchandise satisfies the statutory requirements of § 365(f) and should, therefore, be free and clear of any liens, claims, encumbrances, and other interests.

C.      **Compliance with Applicable State Laws Should be Waived and the Dispute Resolution Procedures Should be Approved.**

28.     The Debtors' ability to conduct the Sales in accordance with the proposed sale guidelines and without complying with Applicable State Laws is critical to the success of the Sales. Although the Debtors intend to comply with state and local health and safety laws and consumer protection laws in conducting the Sales, many Liquidation Sale Laws require special and cumbersome licenses, waiting periods, time limits, and other procedures for store closing, liquidation, or similar sales. Additionally, compliance with Fast Pay Laws would require the Debtors to pay terminated employees within a time frame that would be detrimental to the conduct of the Chapter 11 Cases, if not impossible.

29.     To eliminate the time, delay, and expense associated with the administrative procedures necessary to comply with the Applicable State Laws, the Debtors propose the sale guidelines described herein as a way to streamline the administrative burdens on their estates while still adequately protecting the broad and varied interests of both landlords and applicable governmental agencies charged with enforcing any Liquidation Sale Laws that may apply to the Store Closings.  As such, the Debtors believe the sale guidelines mitigate any concerns that their landlords or governmental agencies may raise with respect to the Store Closings, and therefore, the below requested relief is in compliance with any applicable Liquidation Sale Laws.

30.     The Debtors submit that there is strong support for granting them the authority not to comply with the Liquidation Sale Laws. ***First***, it is generally accepted that many state statutes and regulations provide that, if a liquidation or bankruptcy sale is court authorized, a company need not comply with the Liquidation Sale Laws. *See, e.g.*, TEX. BUS. & COM. CODE ANN. § 17.91(3) (exempting sales conducted pursuant to court order); CAL. COM. CODE § 6103 (exempting sales pursuant to any court order); HAW. REV. STAT. § 481D-2 (2013) (same); 815

ILCS 350/3 (same); TENN. CODE ANN. § 6-55-412 (2016) (same); OHIO ADMIN. CODE 109:4-3-17(c)(1) (provided that suppliers in bankruptcy shall be subject to this rule unless enforcement would conflict and be preempted by federal law). **Second**, pursuant to Bankruptcy Code § 105(a), the Court has the authority to permit the Store Closings to proceed notwithstanding contrary Applicable State Laws as it is essential to the continued operation of the Debtors' business. **Third**, this Court will be able to supervise the Store Closings because the Debtors and their assets are subject to this Court's exclusive jurisdiction. *See* 28 U.S.C. § 1334(e)(1). As such, creditors and the public interest are adequately protected by notice of this Motion and the ongoing jurisdiction and supervision of the Bankruptcy Court because the Debtors are only seeking interim relief at the outset of these cases, and parties in interest will be able to raise any further issues at the final hearing.

31.     Further, bankruptcy courts have consistently recognized, with limited exception, that federal bankruptcy law preempts state and local laws that contravene the underlying policies of the Bankruptcy Code. *See In re Map 1978 Drilling P'ship*, 95 B.R. 432, 436 (Bankr. N.D. Tex. 1989) (holding that federal law pre-empts state law since determining how the votes will be counted for approval of a plan conflicted with § 1126(d) of the Bankruptcy Code); *see also In re LandAmerica Fin. Grp., Inc.*, 470 B.R. 759, 780 (Bankr. E.D. Va. 2012) (holding that the "scope of preemption under § 1123(a) of the Bankruptcy Code is broad enough to preempt any state law that would restrict the objectives and operation of a debtor's reorganization plan."); *In re Williams,* No. 06-32921 KRH, 2007 WL 2122131, at *9 (Bankr. E.D. Va. July 19, 2007) ("When a conflict exists between state law and bankruptcy laws enacted by Congress, the state law is superseded.").

32.     Courts in some jurisdictions have found that preemption of state law is not appropriate if the laws deal with public health and safety. *See Baker & Drake. Inc. v. Pub. Serv.*

14

*Comm'n of Nev. (In re Baker & Drake. Inc.)*, 35 F.3d 1348, 1353–54 (9th Cir. 1994) (holding that Bankruptcy Code did not preempt state law prohibiting taxicab leasing that was promulgated in part as public safety measure). Preemption, however, is appropriate where, as is the case here, the only state laws involved concern economic regulation rather than the protection of public health and safety. *See In re Baker & Drake. Inc.*, 35 F.3d at 1353 (finding that "federal bankruptcy preemption is more likely . . . where a state statute is concerned with economic regulation rather than with protecting the public health and safety").

33.     Under the circumstances of these Chapter 11 Cases, enforcing the strict requirements of the Liquidation Sale Laws would undermine the fundamental purpose of § 363(b) by placing constraints on the Debtors' ability to maximize estate assets for the benefit of creditors. Accordingly, authorizing the Sales without the delays and burdens associated with obtaining various state and local licenses, observing state and local waiting periods or time limits, and/or satisfying any additional requirements with respect to advertising and similar items is necessary and appropriate. The Debtors do not seek a general waiver of *all* state and local law requirements, but only those that apply specifically to retail liquidation sales. Indeed, the requested waiver is narrowly tailored to facilitate the successful consummation of the Sales. Moreover, the Debtors will comply with applicable state and local public health and safety laws, and applicable tax, labor, employment, environmental, and consumer protection laws, including consumer laws regulating deceptive practices and false advertising. Finally, the Dispute Resolution Procedures provide an ordered means for resolving any disputes arising between the Debtors and any Governmental Units with respect to the applicability of any Liquidation Sale Laws, and should therefore be approved.

34.     Courts have granted similar relief in other bankruptcy cases under similar circumstances. *See, e.g., In re Francesca's Holdings Corp.*, No. 20-13076 (BLS) (Bankr. D. Del.

15

Dec. 8, 2020) (authorizing store closing sales while presuming compliance with applicable store closing or liquidation sale laws); *In re Stein Mart Inc.*, No. 20-02387 (JAF) (Bankr. M.D. Fla. Aug. 14, 2020) (same); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 27, 2020) (same); *In re Modell's Sporting Goods, Inc.*, 20-14179 (VFP) (Bankr D. N.J. March 13, 2020) (same); *In re A'GACI, L.L.C.*, No. 18-50049 (RBK) (Bankr. W.D. Tex. Jan. 11, 2018) (same); *In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (Bankr. S.D.N.Y. Mar. 2, 2017) (same); *In re Aèropostale, Inc.*, No. 16-11275 (Bankr. S.D.N.Y. May 6, 2016) (same); *In re The Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (Bankr. S.D.N.Y. Aug.13, 2015) (same); *In re Daffy's, Inc.*, No. 12-13312 (Bankr. S.D.N.Y. 2012) (same); *In re Blockbuster Inc.*, No. 10-14997 (Bankr. S.D.N.Y. Jan. 20, 2011) (same); *In re Finlay Enters., Inc.*, No. 09-14873 (Bankr. S.D.N.Y. Sept. 25, 2009) (same); *In re The Bombay Company, Inc.*, No. 07-44084 (DML) (Bankr. N.D. Tex. Oct. 16, 2007) (same); *In re Gadzooks, Inc.*, No. 04-31486 (HDH) (Bankr. N.D. Tex. Feb. 11, 2004) (same).

35.     Courts have also granted similar relief from Fast Pay Laws in other bankruptcy cases under similar circumstances. *See, e.g.*, *In re Stein Mart Inc.*, No. 20-02387 (JAF) (Bankr. M.D. Fla. Aug. 14, 2020) (granting relief from federal, state or local laws including "any fast pay laws" in connection with store closing sales); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 27, 2020) (presuming compliance with fast pay laws in connection with store closing sales); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 18, 2020) (same); *In re rue21, inc.,* No. 17-22045 (GLT) (Bankr. W.D. Pa. May 18, 2017) (same); *In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033 (Bankr. D. Del. Oct. 13, 2016) (same); *In re Vestis Retail Grp, LLC*, No. 16-10971 (LSS) (Bankr. D. Del. May 16, 2016); *In re Hancock Fabrics*, No. 16-10296 (BLS) (Bankr. D. Del. Feb. 25, 2016); *In re Fresh & Easy, LLC*, No. 15-12220 (BLS)

16

(Bankr. D. Del. Nov. 24, 2015); *In re Haggen Holdings, LLC*, No. 15-11874 (KG) (Bankr D. Del. Oct. 15, 2015); *In re Coldwater Creek Inc.*, No. 14-10867 (BLS) (Bankr. D. Del. May 7, 2014) (ruling that "fast pay" laws and regulations were not enforceable against debtors in connection with store closing sales).

## D.    Compliance with Restrictions in the Debtors' Leases Should be Waived

36.    Certain of the Debtors' leases governing the premises of the Closing Stores subject to the Store Closings may contain provisions purporting to restrict or prohibit the Debtors from conducting store closing, liquidation, or similar sales. Such provisions have been held to be unenforceable in chapter 11 cases as they constitute an impermissible restraint on a debtor's ability to properly administer its reorganization case and maximize the value of its assets under Bankruptcy Code § 363. *See In re Ames Dep't Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (deciding that enforcement of such lease restrictions would "contravene overriding federal policy requiring debtor to maximize estate assets. . . ."); *In re R.H. Macy and Co., Inc.*, 170 B.R. 69, 73–74 (Bankr. S.D.N.Y. 1994) (holding that the lessor could not recover damages for breach of a covenant to remain open throughout the lease term, because the debtor had a duty to maximize the value to the estate and the debtor fulfilled this obligation by holding a store closing sale and closing the store.); *In re Tobago Bay Trading Co.*, 112 B.R. 463, 467–68 (Bankr. N.D. Ga., 1990) (finding that a debtor's efforts to reorganize would be significantly impaired to the detriment of creditors if lease provisions prohibiting a debtor from liquidating its inventory were enforced); *In re Lisbon Shops, Inc.*, 24 B.R. 693, 695 (Bankr. E.D. Mo. 1982) (holding restrictive lease provision unenforceable in chapter 11 case where debtor sought to conduct a liquidation sale).

37.    Store closing sales are a routine part of chapter 11 cases involving retail debtors. Such sales are consistently approved by courts, despite provisions in recorded documents or agreements purporting to forbid such sales. Indeed, courts have repeatedly deemed such restrictive

contractual provisions unenforceable as impermissible restraints on a debtor's ability to maximize the value of its assets under section 363 of the Bankruptcy Code. *See, e.g.*, *In re Francesca's Holdings Corp.*, No. 20-13076 (BLS) (Bankr. D. Del. Dec. 8, 2020) (authorizing store closing sales notwithstanding restrictive provisions in any lease, sublease, or other agreement relative to occupancy); *In re Stein Mart Inc.*, No. 20-02387 (JAF) (Bankr. M.D. Fla. Aug. 14, 2020) (same); *In re Tuesday Morning Corp.*, No. 20-31476 (HDH) (Bankr. N.D. Tex. May 27, 2020) (same); *In re A'GACI, L.L.C.*, No. 19-51919 (RBK) (Bankr. W.D. Tex. Aug. 30, 2019 (same); *In re rue21, inc.,* No. 17-22045 (GLT) (Bankr. W.D. Pa. May 18, 2017) (authorizing store closing sales without requiring compliance with lease provisions affecting store closing or liquidation sales); *see also In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (Bankr. S.D.N.Y. Mar. 2, 2017) (same); *In re Aèropostale, Inc.*, No. 16-11275 (Bankr. S.D.N.Y. May 6, 2016) (same); *In re Sports Authority Holdings, Inc.*, No. 16-10527 (Bankr. D. Del. March 3, 2016) (same); *In re The Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (Bankr. S.D.N.Y. August 13, 2015) (same); *In re Blockbuster Inc.*, No. 10-14997 (Bankr. S.D.N.Y. Jan. 20, 2011) (same); *In re The Bombay Company, Inc.*, No. 07-44084 (DML) (Bankr. N.D. Tex. Oct. 16, 2007) (ordering any lease provisions restricting store closing sales unenforceable); *In re Gadzooks, Inc.*, No. 04-31486 (HDH) (Bankr. N.D. Tex. Feb. 25, 2004) (confirming lease provisions purporting to restrict or prohibit store closing sales are unenforceable as an impermissible restraint on the debtor's ability to maximum the value of its assets).

38.     Thus, to the extent that such provisions or restrictions exist in any of the leases of the Closing Stores subject to the Store Closings, the Debtors request that the Court authorize the Debtors to conduct any liquidation sales without interference by any landlords or other persons affected, directly or indirectly, by the liquidation sales.

### E.      Consumer Privacy Ombudsman Not Required

39.      Bankruptcy Code § 363(b)(1) provides that a debtor may not sell or release personally identifiable information about individuals unless such sale or lease is consistent with its policies or upon appointment of a consumer privacy ombudsman pursuant to § 332. The Debtors will not be selling or releasing personally identifiable information in the course of the Sales. Therefore, appointment of a consumer privacy ombudsman is unnecessary.

### **Request for Waiver of Stay**

40.      To the extent that the relief sought in the Motion constitutes a use of property under Bankruptcy Code § 363(b), the Debtors seek a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h). Further, to the extent applicable, the Debtors request that the Court find that the provisions of Bankruptcy Rule 6003 are satisfied. As explained herein, the relief requested in this Motion is immediately necessary for the Debtors to be able to continue the Sales, operate their businesses, and preserve the value of the estates.

### **Notice**

41.      Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the DIP Agent, Polsinelli, P.C., 2950 N. Harwood, Suite 2100, Dallas, TX 75201, Attn: Liz Boydston, lboydston@polsinelli.com; (vi) counsel for the ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin J. Simard, ksimard@choate.com; Jonathan D. Marshall, jmarshall@choate.com; (vii) counsel to the Ad Hoc Group, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn: Ryan Blaine Bennett, P.C., rbennett@kirkland.com, Patricia Walsh Loureiro, patricia.walsh@kirkland.com; (viii) counsel for any official committees

19

appointed by this Court; (ix) the consolidated list of the 40 largest unsecured creditors of the Debtors; and (x) all governmental agencies having a regulatory or statutory interest in these cases. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submits that no further notice is required.

   **WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court (i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

   RESPECTFULLY SUBMITTED this 14th day of February, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/  Deborah M. Perry*
Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

# **EXHIBIT A**

**Proposed Interim Order**

4867-3710-2416v.5 021701.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**INTERIM ORDER GRANTING THE DEBTORS' EMERGENCY MOTION FOR
ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING PROCEDURES FOR
STORE CLOSING SALES; (II) APPROVING THE SALE OF MERCHANDISE FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (III) WAIVING
COMPLIANCE WITH APPLICABLE STATE LAWS AND APPROVING DISPUTE
RESOLUTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for the entry of  an order (the "Interim

Order"), (i) approving certain sale guidelines; (ii) approving the Sale of Merchandise free and clear

of all liens, claims and encumbrances; (iii) waiving compliance with Applicable State Laws and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or the Consulting Agreement.

approving Dispute Resolution Procedures; and (iv) granting related relief; and the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, (ii) venue is proper in this District pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) the notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the stay of Bankruptcy Rules 6004(h) and 6006(d); after due deliberation determined that the relief requested in the Motion is necessary and essential for the Debtors' Chapter 11 Cases and such relief is in the best interests of the Debtors, their estates and creditors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause have been shown; it is hereby:

**FOUND AND DETERMINED THAT:**[3]

1.      The Debtors have advanced sound business reasons for conducting the Sales and Store Closings and adopting the certain sale guidelines, on an interim basis subject to the Final Hearing, as set forth in the Motion and at the Hearing as a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

2.      Conducting the Store Closings in accordance with such sale guidelines will provide an efficient means for the Debtors to dispose of the Merchandise.

3.      The relief set forth herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and the Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* FED. R. BANKR. P. 7052.

4867-3710-2416v.5 021701.00001

4.      The Store Closings and the Sales are in the best interest of the Debtors' estates.

5.      The entry of this Interim Order is in the best interest of the Debtors and their estates, creditors, interest holders, and all other parties in interest.

**IT IS THEREFORE ORDERED THAT:**

6.      The Motion is **GRANTED ON AN INTERIM BASIS** as provided herein.

7.      The final hearing (the "Final Hearing") on the Motion shall be held on the _____ **day of _____2023 at ___a.m./p.m. (prevailing Central Time)** in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, 501 W. Tenth Street, Courtroom No. 204, Fort Worth Texas, 76102. Any objections or responses to entry of a final order on the Motion shall be filed on or before _____, **2023,** and served on the Complex Service List including the following parties: (i) the Debtors, Tuesday Morning Corporation and its affiliates; (ii) proposed counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Deborah Perry, dperry@munsch.com; Kevin Lippman, klippman@munsch.com; and Julian Vasek, jvasek@munsch.com; (iii) the Office of the United States Trustee for the Northern District of Texas; (iv) counsel for the DIP Agent, Polsinelli, P.C., 2950 N. Harwood, Suite 2100, Dallas, TX 75201, Attn: Liz Boydston, lboydston@polsinelli.com; (v) counsel for the ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin J. Simard, ksimard@choate.com; Jonathan D. Marshall, jmarshall@choate.com; (vi) counsel to the official committee of unsecured creditors once appointed in this Chapter 11 Case; and (viii) the landlords for the Closing Stores and their counsel of record (if applicable) (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

8.      The Debtors are authorized and empowered to take any and all further actions as may be reasonably necessary or appropriate to give effect to this Interim Order.

9.      Notwithstanding Bankruptcy Rules 6003(b) and 6004(h) the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

**A.      Authority To Engage in Store Closing Sales**

10.      The Debtors are authorized, pursuant to Bankruptcy Code §§ 105(a) and 363(b)(1), to immediately continue and conduct Sales at the Closing Stores in accordance with this Interim Order.

11.      The Debtors are authorized to discontinue operations at the Closing Stores in accordance with this Interim Order.

12.      All entities that are presently in possession of some or all of the Merchandise in which the Debtors hold an interest that is or may be subject to this Interim Order are hereby directed to surrender possession of such Merchandise to the Debtors.

13.      Neither the Debtors nor any of their officers, employees, or agents shall be required to obtain the approval of any third party, including (without limitation) any Governmental Unit (as defined in Bankruptcy Code § 101(27)) or landlord, to conduct the Store Closings and to take the related actions authorized herein.

**B.      Conduct of the Sales**

14.      All newspapers and other advertising media in which the Sales may be advertised and all landlords are directed to accept this Interim Order as binding authority so as to authorize the Debtors to conduct the Sales and the sale of Merchandise including, without limitation, to conduct and advertise the sale of the Merchandise in the manner contemplated by and in accordance with this Interim Order.

4

15.     Except as provided for in this Interim Order and the DIP Orders, the Debtors are hereby authorized to take such actions as may be necessary and appropriate to conduct the Sales without necessity of further order of this Court, including, but not limited to, advertising the sale as a "store closing sale," "sale on everything," "everything must go," "going-out-of-business," or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall Closing Stores, and at enclosed mall Closing Stores to the extent the applicable Closing Store entrance does not require entry into the enclosed mall common area), use of sign-walkers, and street signage.

16.     Except as expressly provided herein, the sale of the Merchandise shall be conducted by the Debtors notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sales, the rejection of leases, abandonment of assets, or "going dark" provisions.

17.     Except as expressly provided for herein, no person or entity, including, but not limited to, any landlord, licensor, service provider, utility, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sales or the sale of Merchandise, or the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such sales, and all such parties and persons of every nature and description, including, but not limited to, any landlord, licensor, service provider, utility, and creditor and all those acting for or on behalf of such parties, are prohibited from (i) interfering in any way with, obstructing, or otherwise impeding the conduct of the Sales and/or (ii) instituting any action or proceeding in any court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Debtors or their landlords at the Closing Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely

5

affect the conduct of the Sales or sale of the Merchandise or other liquidation sales at the Closing

Stores and/or seek to recover damages for breach(es) of covenants or provisions in any lease,

sublease, license, or contract based upon any relief authorized herein.

18.     Notwithstanding anything herein to the contrary, and in view of the importance of

the use of sign-walkers, banners, and other advertising to the sale of the Merchandise, to the extent

that, prior to the Final Hearing, disputes arise during the course of such sale regarding laws

regulating the use of sign-walkers, banners or other advertising and the Debtors are unable to

resolve the matter consensually with disputing party or Governmental Unit, any party may request

a hearing with this Court pursuant to these provisions. Subject to the Court's schedule and to the

extent practicable, such hearing shall be scheduled no later than the earlier of (a) the Final Hearing

or (b) within two business days of such request. This scheduling shall not be deemed to preclude

additional hearings for the presentation of evidence or arguments as necessary.

19.     All sales of Merchandise at the Closing Stores shall be "as is," final, and not subject

to the Debtors' refund policy.   Returns related to the purchase of Merchandise shall not be

accepted; *provided, however*, the Debtors shall accept returns of any goods that contain a material

defect which the lay consumer could not reasonably determine was defective by visual inspection

prior to purchase for a full refund, provided that the consumer must return the merchandise within

the time period required by the Debtors' return policy that was in effect when the merchandise was

purchased, the consumer must provide a receipt, and the asserted defect must in fact be a latent

defect.

20.     The Debtors are directed to remit all taxes arising from the Sales to the applicable

Governmental Units as and when due, provided that in the case of a bona fide dispute the Debtors

are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the

6

dispute is decided in favor of the applicable Governmental Unit.  Sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected.  This Interim Order does not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes.

21.     Pursuant to Bankruptcy Code § 363(f), the Debtors are authorized to sell and all sales of Merchandise pursuant to the Sales shall be free and clear of any and all encumbrances; *provided*, *however*, that any such encumbrances shall attach to the proceeds of the Sales with the same validity, in the same amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances had with respect to the Merchandise, subject to any claims and defenses that the Debtors may possess with respect thereto. The Debtors are authorized and empowered to transfer Merchandise among the Stores.

22.     The Debtors shall not sell anything that contains personal and/or confidential information about the Debtors' employees and/or customers as such term is defined in Bankruptcy Code § 101(41A).

**C.      Dispute Resolution Procedures**

23.     To the extent that the sale of the Merchandise is subject to any Liquidation Sale Laws, including but not limited to any federal, state or local statute, ordinance, or rule, or licensing requirement directed at regulating "going out of business," "store closing," similar inventory liquidation sales; bulk sale laws; laws restricting safe, professional, and non-deceptive advertising such as signs, banners, posting of signage, and use of sign-walkers; laws and ordinances establishing license or permit requirements, waiting periods, time limits, or bulk sale restrictions

4867-3710-2416v.5 021701.00001

that would otherwise apply to the sale of the Merchandise, the following dispute resolution procedures shall apply:

    i.    Provided that the Sales are conducted in accordance with the terms of the Interim Order, or the Final Order, as applicable, and in light of the provisions in the laws of many Governmental Units that exempt court-ordered sales from their provisions, the Debtors will be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Sales in accordance with the terms of the Interim Order, or the Final Order, as applicable, without the necessity of further showing compliance with any Liquidation Sale Laws.

    ii.    Within **three business days** after entry of the Interim Order, the Debtors will serve, by first-class mail, copies of the Interim Order, the proposed Final Order on the following: (a) the Attorney General's office for each state where the Sales are being held; (b) the county consumer protection agency or similar agency for each county where the Sales are being held; (c) the division of consumer protection for each state where the Sales are being held; (d) the chief legal counsel for the local jurisdiction; and (e) the landlords for the Closing Stores and their counsel of record (if applicable) (collectively, the "Dispute Notice Parties").

    iii.    To the extent that there is a dispute arising from or relating to the Sales, the Interim Order, or the Final Order, as applicable, which dispute relates to any Liquidation Sale Laws (a "Reserved Dispute"), the Bankruptcy Court shall exercise jurisdiction to resolve the Reserved Dispute. Any time **within ten days** following entry of the Interim Order, any Governmental Unit may assert that a Reserved Dispute exists by sending a notice (the "Dispute Notice") explaining the nature of the dispute to: (a) the Debtors; (b) proposed counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Deborah Perry (dperry@munsch.com), Kevin Lippman (klippman@munsch.com), and Julian Vasek (jvasek@munsch.com); and (c) counsel for the DIP Agent. If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within **fifteen days** after service of the Dispute Notice, the Governmental Unit may file a motion with the Bankruptcy Court requesting that the Bankruptcy Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

    iv.    In the event that a Dispute Resolution Motion is filed, nothing in the Interim Order, or the Final Order, as applicable, shall preclude the Debtors, a landlord, or any other interested party from asserting (A) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (B) that neither the terms of the Interim Order or the Final Order nor the conduct of the Debtors pursuant to the Interim Order or the Final Order, violates such Liquidation Sale Laws. Filing a Dispute Resolution Motion as

8

set forth herein shall not be deemed to affect the finality of any Interim Order or Final Order or to limit or interfere with the Debtors' ability to conduct or to continue to conduct the Sales pursuant to the Interim Order or the Final Order, absent further order of the Bankruptcy Court. Upon the entry of the Interim Order or the Final Order, as applicable, the Bankruptcy Court grants authority for the Debtors to conduct the Sales pursuant to the terms of the Interim Order or the Final Order, as applicable, and to take all actions reasonably related thereto or arising in connection therewith. A Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in the Interim Order or the Final Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

v.     If, at any time, a dispute arises between the Debtors and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in the Interim Order or the Final Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo*.

24.    Notwithstanding anything to the contrary in this Interim Order, the term "Liquidation Sale Laws" shall be deemed not to include any public health or safety laws or any state and local laws, regulations, ordinance, or police powers of general applicability (the "General Laws") regarding matters such as consumer protection, labor and employment, taxes (including but not limited to, the collection of sales taxes), the sale of gift certificates, layaway programs, return of goods, express or implied warranties of goods, and "weights and measures" regulation and monitoring, and the Debtors shall continue to be required to comply, as applicable, with such General Laws, subject to any applicable provision of the Bankruptcy Code and federal law, and nothing in this Interim Order shall be deemed to bar Governmental Units (as defined in Bankruptcy Code § 101(27)) or any public officials from enforcing General Laws.

25.    Subject to the terms of this Interim Order, each and every federal, state, or local agency, department, or Governmental Unit with regulatory authority over the Sales, and all

newspapers and other advertising media in which the Sales are advertised, shall consider this
Interim Order as binding authority that no further approval, license, or permit of any Governmental
Unit shall be required, nor shall the Debtors be required to post any bond, to conduct the Sales.

26.     Provided that the Sales are conducted in accordance with the terms of this Interim
Order, and in light of the provisions in the laws that exempt court-ordered sales, the Debtors and
the landlords of the Closing Stores shall be presumed to be in compliance with any Liquidation
Sale Laws and are authorized to conduct the Sales in accordance with the terms of this Interim
Order without the necessity of further showing compliance with any such Liquidation Sale Laws.

**D.     Other Provisions.**

27.     The Debtors, in the exercise of their reasonable business judgment, and subject to
the prior written consent of the DIP Agent, may remove stores from the list of Closing Stores
attached to this Interim Order as **Schedule 1** at any time and without notice or further order of this
Court.

28.     To the extent the Debtors are subject to any state "fast pay" laws in connection with
the Store Closings, the Debtors shall be presumed to be in compliance with such laws to the extent,
in applicable states, such payroll payments are made by the later of: (a) the Debtors' next regularly
scheduled payroll; and (b) **seven calendar days** following the termination date of the relevant
employee, and in all such cases consistent with, and subject to, any previous orders of this Court
regarding payment of same.

29.     Subject to the terms of the DIP order and the DIP credit agreement, the Debtors are
authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

### # # #   END OF ORDER   # # #

10

**Submitted by:**

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

4867-3710-2416v.5 021701.00001

**Schedule 1**

**List of Closing Stores**

4867-3710-2416v.5 021701.00001

| Store # | State | Address |
|---------|-------|---------|
| 1154 | AL | 1695 McFarland Blvd. Unit BNorthport, AL  35476-3256 |
| 0185 | AL | Bailey Cove Shopping Center7900 Bailey Cove RoadSuite 8Huntsville, AL 35802 |
| 0359 | AL | Brook Highland Plaza5291 Highway 280, Unit 2BBirmingham, AL 35242 |
| 0679 | AL | Circle West3114 Ross Clark CircleDothan, AL  36303 |
| 0184 | AL | Eastwood Village1620 Montclair Rd.Irondale, AL  35210 |
| 0542 | AL | Midtown Mart3051 Dauphin StreetMobile, AL 36606 |
| 0712 | AL | Paradise Isle1720 Gulf Shores PkwyGulf Shores, AL 36542 |
| 0546 | AL | Riverchase Promenade1705 Montgomery Hwy SHoover, AL  35244 |
| 0717 | AL | Southland Plaza2019 Sixth Ave SEDecatur, AL  35601 |
| 0567 | AL | Westside Centre6275 University Dr NW, Unit 8Huntsville, AL  35806-1776 |
| 1180 | AR | Highland Square2008 S. Caraway Rd.Jonesboro, AR  72401 |
| 1003 | AR | Rockwood Plaza204 South Rockwood Dr., Suite ECabot, AR  72023 |
| 0274 | AZ | Arrowhead Plaza20165 N. 67th Ave., #118Glendale, AZ  85308 |
| 0544 | AZ | Bell Towne Plaza245 E. Bell RoadSuite 26Phoenix, AZ  85023 |
| 0164 | AZ | Broadway Wilmot6228 E. Broadway Blvd., Suite 150Tucson, AZ  85711 |
| 0866 | AZ | Gateway Village10273 W. McDowell Rd.Avondale, AZ 85392 |
| 1211 | AZ | Lake Pleasant Towne Center10096 West Happy Valley Rd.Peoria, AZ  85281 |
| 0788 | AZ | Las Tiendas Village2815 South Alma School Rd, Ste 1Chandler, AZ  85286 |
| 0159 | AZ | McClintock Fountains 1840 E. Warner Road Suite M-2Tempe, AZ 85284 |
| 0699 | AZ | Mesa Pavilions North6952 E. Hampton Ave.Mesa, AZ 85206 |
| 0606 | AZ | Sonora Village15449 N. Hayden Rd, Ste 101Scottsdale, AZ  85260 |
| 0810 | AZ | Ventana Village Shopping Center6884 East Sunrise Dr., Unit 150Tucson, AZ  85750 |
| 1178 | AZ | Village Square II4643 Cactus RoadPhoenix, AZ  85032 |
| 0176 | CA | 23855 Hawthorne Blvd.Torrance, CA 90505 |
| 0437 | CA | 890 Blossom Hill RoadSan Jose, CA  95123 |
| 0294 | CA | 901 Santa Monica Blvd.Santa Monica, CA 90401 |
| 0597 | CA | Camarillo Village Square2450 Las Posas Road, Ste HCamarillo, CA 93010 |
| 0327 | CA | Fairway Commons Shopping Center5771A Five Star Blvd.Roseville, CA  95678 |
| 1102 | CA | Folsom Faire685 East Bidwell St.Folsom, CA  95630 |
| 0345 | CA | Glendora East Shopping Center1000 E. Route 66Suite EGlendora, CA 91740 |
| 0393 | CA | Granada Hills Town Center18040 Chatsworth St.Granada Hills, CA  91344 |
| 0663 | CA | Hilltop / Redding Plaza1635 A-C & M Hilltop Dr.Redding, CA  96002 |
| 0877 | CA | Lakewood Marketplace5432 Woodruff Ave.Lakewood, CA  90713 |
| 0740 | CA | North County Plaza1824 Marron Rd.Carlsbad, CA  92008 |
| 0201 | CA | Pacific Plaza Shopping Center1772-D Garnet AvenueSan Diego, CA 92109 |
| 0220 | CA | Pride Shopping Center22950 Victory Blvd.Woodland Hills, CA  91367 |
| 1220 | CA | Rancho San Diego Towne Center2983 Jamacha Rd.El Cajon, CA  92019 |
| 0443 | CA | Redlands Town Center9940 Alabama Street, Suite CRedlands, CA  92374 |
| 0857 | CA | Redwood Gateway1355 N. McDowell Blvd.Petaluma, CA  94954 |
| 0261 | CA | Regency Plaza7255 Greenback LnCitrus Heights, CA  95621 |
| 0451 | CA | Riviera Plaza (Telephone Plaza)4756 Telephone Road, Suite #3Ventura, CA 93003 |
| 0448 | CA | Rosedale Village Shopping Center2721 Calloway DriveBakersfield, CA  93312-2618 |
| 0406 | CA | San Marin Plaza191 San Marin DriveNovato, CA 94945 |
| 0489 | CA | Santiago Hills Marketplace8520 E. Chapman AveOrange, CA  92869 |
| 0168 | CA | Sav-On Drug Center17120 Magnolia StreetFountain Valley, CA 92708 |
| 0616 | CA | Skypark Plaza Shopping Center2485 Notre Dame Blvd.Suite 410Chico, CA  95928 |
| 0400 | CA | Terra Vista Town Center11098 East Foothill Blvd., Ste 120Rancho Cucamonga, CA  91730-3681 |
| 0415 | CA | The Trading Post Shopping Center850 Herndon Ave., Ste 102Clovis, CA  93619 |
| 0736 | CA | Town Center Plaza44250 Town Center Way, Ste C-11Palm Desert, CA  92260 |
| 1092 | CA | UC Marketplace3338 Governor Dr.San Diego, CA  92122 |
| 0262 | CA | Valley Del Rio Shopping Center4242 Camino Del RioSuite 7San Diego, CA 92108 |
| 0721 | CA | Village La Verne2139 Foothill Blvd.La Verne, CA  91750 |
| 0579 | CA | Vintage Plaza3250 Dale RoadModesto, CA  95356 |
| 1030 | CA | Woodcrest Plaza17126 Van Buren Blvd.Riverside, CA  92504 |
| 1111 | CO | Applewood Village3354 Youngfield St.Wheat Ridge, CO  80033 |
| 0013 | CO | Bowles Crossing8055 W. Bowles Ave., Ste 800Littleton, CO  80123 |
| 0084 | CO | Erindale Center5677 N. Academy BlvdColorado Springs, CO  80918 |

| | | |
|---|---|---|
| 0253 | CO | Harmony Marketplace4426 South College Ave.Ft. Collins, CO 80525 |
| 1196 | CO | Johnstown Plaza4909 Thompson PkwyJohnstown, CO 80534 |
| 0049 | CO | Market at Southpark7951 S. BroadwayLittleton, CO 80122-2715 |
| 1081 | CO | Northglenn Marketplace10606 Melody Dr.Northglenn, CO 80234-4114 |
| 0474 | CO | Parker Marketplace II18721 East Ponderosa Dr., Units A&BParker, CO 80134-8824 |
| 1213 | CO | Powers Pointe5637 Barnes Rd.Colorado Springs, CO 80917 |
| 0462 | CO | Pueblo Shopping Center220 W. 29th St.Pueblo, CO 81008 |
| 0521 | CO | Red Cliff Pointe2650 North AvenueSuites 111 - 115Grand Junction, CO 81501 |
| 1150 | CO | River Point at Sheridan3640 River Point Pkwy, Ste ASheridan, CO 80110 |
| 1101 | CO | Summit Place Shopping Center209 - 237 Summit Place Shopping CenterSilverthorne, CO 80498 |
| 0928 | CO | The Centre on Plum Creek774 S Perry St., Ste CCastle Rock, CO 80104 |
| 0458 | CO | University Hills South2890 S. Colorado Blvd.Suite 1-ADenver, CO 80222 |
| 0656 | CO | Village at Twin Peaks1240 S. Hover St., Ste 500Longmont, CO 80501 |
| 0204 | DE | Lantana Square Shopping Center154-156 Lantana DriveHockessin, DE 19707 |
| 0977 | DE | Rehoboth Mall18904 Rehoboth Mall Blvd.Rehoboth Beach, DE 19971 |
| 0358 | FL | Butler Plaza Central3728 SW Archer Rd.Gainesville, FL 32608 |
| 1052 | FL | Corridors at Ponte Vedra Shopping Center840 A1A North, Suite 210Ponte Vedra, FL 32082 |
| 0551 | FL | Cortez Commons    5630 Cortez Road WestBradenton, FL 34210 |
| 0227 | FL | Countryside Centre2561 Countryside Blvd, Suite 3Clearwater, FL 33761 |
| 1186 | FL | Cypress Trace13300 S. Cleveland Ave. Ste 47Fort Myers, FL 33907-3883 |
| 1100 | FL | Gateway Market Center7895 Martin Luther King Jr. Street NorthSt. Petersburg, FL 33702-4111 |
| 0895 | FL | Granada Shoppes1000 Immokalee Rd.Naples, FL 34110 |
| 0095 | FL | Hollieanna Center701 S. Orlando Ave.Winter Park, FL 32789 |
| 0932 | FL | Lady Lake Crossing486 N. Hwy 27/441Lady Lake, FL 32159 |
| 0559 | FL | Lake Washington Square2447 N. Wickham RoadSuite 112Melbourne, FL 32935 |
| 1179 | FL | Landings Shopping Center4768 S. Tamiami TrailSarasota, FL 34231 |
| 0550 | FL | McGregor Pointe S/C15271 McGregor Blvd.Ft. Myers, FL 33908 |
| 1005 | FL | Nature Coast Commons1377 Wendy CourtSpring Hill, FL 34607-3917 |
| 0236 | FL | Northdale Promenade15692 Dale Mabry HwyTampa, FL 33618 - 1606 |
| 0818 | FL | Palm Cay Plaza745 N. Courtenay Pkwy.Merritt Island, FL 32953 |
| 0592 | FL | Plantation Commons4489-E Commons Drive WestDestin, FL 32541 |
| 0289 | FL | Pompano Plaza949 - A East Mcnab Rd.Pompano Beach, FL 33062 |
| 1204 | FL | Seminole City Center11201 Park Blvd.Seminole, FL 33618-1606 |
| 0202 | FL | Shoppes of Oakbrook11692 US Hwy 1North Palm Beach, FL 33408 |
| 1045 | FL | Sun City Center Plaza1615 Sun City Center PlazaSun City Center, FL 33573 |
| 1159 | FL | Suntree Square Shopping Center7777 N. Wickham Rd., Ste #1Melbourne, FL 32940 |
| 1192 | FL | Titus Landing2420 Washington AveTitusville, FL 32781 |
| 1140 | FL | Venice Village Shoppes4127 Tamiami Trl SVenice, FL 34293 |
| 0612 | FL | West Volusia Regional SC2661 S. Woodland Blvd.Deland, FL 32720 |
| 0329 | GA | Alps Village191 Alps Road, Suite 13BAthens, GA 30606 |
| 0826 | GA | Dalton Outlet Shops1001 Market Street, Ste 22Dalton, GA 30720 |
| 1209 | GA | Dawson Marketplace136 Marketplace ParkwayDawsonville, GA 30534-7274 |
| 1156 | GA | Deerfield Place13069 Hwy 9N, Suite 2520Milton, GA 30004 |
| 0525 | GA | Galleria Square Shopping Center4025 Watson Blvd.Suite 180 & 200Warner Robins, GA 31093 |
| 0796 | GA | Mall of Georgia C171999 Mall of Georgia Blvd., Ste A-200Buford, GA 30519 |
| 0004 | GA | North Lake Business Park1901 Montreal Road Suite 129Tucker, GA 30084 |
| 0520 | GA | Parkside Shops5920 Roswell Road, NEBox 45 - Suite C-204Atlanta, GA 30328 |
| 0198 | GA | Picadilly Square10010 Abercorn St.Unit 1Savannah, GA 31406 |
| 1161 | GA | Presidential Commons1708A Scenic Highway N.Snellville, GA 30078 |
| 0132 | GA | Roswell Towne Center608 Holcomb Bridge Rd., Ste 220Roswell, GA 30076-1712 |
| 0524 | GA | Shallowford Crossing2421 Shallowford Road, NESuite 120Marietta, GA 30066 |
| 0334 | IA | Clocktower Square2900 University Ave, Ste 230West Des Moines, IA 50266 |
| 0709 | IA | Coral Ridge Mall1451 Coral Ridge AvenueCoralville, IA 52241 |
| 0539 | IA | Village Shopping Center902 W. Kimberly RoadSuite 10Davenport, IA 52806 |
| 0683 | ID | Coeur D' Alene Center227 W. Appleway Ave.Coeur D' Alene, ID 83814 |
| 0608 | IL | Garden Market4700 Gilbert StreetSuite 25Western Springs, IL 60558 |
| 0565 | IL | Marketview Center45 E Marketview Dr.Champaign, IL 61820-7832 |
| 0605 | IL | Town And Country Shopping Center2345 S. MacArthur Blvd.Springfield, IL 62704 |

| 0593 | IL | University Square1401 West GlenSuite APeoria, IL 61614 |
| 0784 | IL | Village Crossing S/C5613 W. Touhy Ave.Niles, IL  60714 |
| 0604 | IN | JoAnn's Plaza4710 Coldwater Rd.Fort Wayne, IN  46825 |
| 0469 | IN | McKinley Town & Country Shopping Centre2548 Miracle LaneMishawaka, IN 46545 |
| 0615 | IN | Parkwest Shopping Center3962 West Jefferson Blvd.Ft. Wayne, IN  46804 |
| 0127 | IN | Plaza East217 N. Green River RoadEvansville, IN  47715 |
| 0574 | IN | Sagamore @ 26 Shopping Center311 Sagamore Pkwy NorthLafayette, IN  47904 |
| 0120 | KS | Regency Lakes Shopping Center2423 N. GreenwichWichita, KS  67226 |
| 1086 | KY | Alexandria Village Green6929 Alexandria PikeAlexandria, KY  41001 |
| 0105 | KY | Crossroads Shopping Center125 E. Reynolds Rd., Ste 145Lexington, KY 40517 |
| 0929 | KY | Florence Plaza7800 Connector Dr., Store #09AFlorence, KY  41042 |
| 0388 | KY | Gateway Commons Phase I2600 Calumet TraceOwensboro, KY  42303-2125 |
| 0880 | KY | Kentucky Oaks Plaza3250 James Sanders Blvd.Paducah, KY  42001 |
| 0171 | KY | Town Fair Center1915 S. Hurstbourne PkwyLouisville, KY  40220 |
| 0921 | KY | Woodhill Circle1555 East New Circle Rd.Lexington, KY  40509 |
| 0083 | LA | Hammond Aire Plaza9626 Airline Hwy, Ste C1Baton Rouge, LA  70815-5556 |
| 0924 | LA | Westside South Shopping Center64 Westbank Expressway, Unit GGretna, LA  70053 |
| 0107 | MD | Bay Ridge Plaza121 Hillsmere PlazaAnnapolis, MD 21403 |
| 0023 | MD | Congressional Plaza1616 East Jefferson St #12BRockville, MD  20852 |
| 0821 | MD | Free State Shopping Center15500 Annapolis Rd., Ste. 120Bowie, MD  20715 |
| 1237 | MD | Magothy Gateway139 Ritchie Hwy, Ste CSeverna Park, MD  21146 |
| 0624 | MD | Northgate Plaza Shopping Center13832 Georgia AvenueSilver Spring, MD  20906 |
| 0425 | MD | Rock Spring S/C1447 Rock Spring RoadBel Air, MD 21014 |
| 0739 | MD | South End Shopping Center1171 Maryland Ave.Hagerstown, MD  21740 |
| 0096 | MD | St. John's Plaza9150 Baltimore National Pike, Ste 1BEllicott City, MD  21042 |
| 0426 | MI | Centerpointe Mall3661 28th Street SEgrand Rapids, MI  49512-1605 |
| 0472 | MI | Southland Shopping Center6140 South Westnedge Ave.Portage, MI  49002 |
| 0336 | MI | Troy Commons905 East Big Beaver Rd.Troy, MI  48083 |
| 0247 | MN | 7 & 41 Crossings Center2497 Highway 7Excelsior, MN  55331 |
| 0572 | MN | Division Place I2730 Division St.St. Cloud, MN  56301-3817 |
| 0221 | MN | Har Mar Mall2100 N. Snelling Avenue #2Roseville, MN  55113 |
| 0104 | MO | Creve Coeur Plaza780 N. New Ballas Rd.Creve Coeur, MO  63141 |
| 0845 | MO | Olivette S/C9656 Olive Blvd.Olivette, MO  63132 |
| 0569 | MO | Stateline Station1130 W. 136th StKansas City, MO  64145 |
| 0091 | MO | Tiffany Springs Market Center8986 NW Skyview AveKansas City, MO  64154 |
| 0732 | MS | Big Oaks Crossing3885 N. Gloster St.Tupelo, MS  38804-9732 |
| 0801 | MS | South Lake Centre195 Goodman Rd. W.Southaven, MS  38671-9033 |
| 0930 | NC | 774 E. King St.Boone, NC  28607 |
| 0570 | NC | Akers Center1495 E. Franklin Blvd.Gastonia, NC  28054 |
| 0357 | NC | Battleground Plaza3726-A Battleground AvenueGreensboro, NC 27410 |
| 0284 | NC | Beaver Creek Crossings South1593 Beaver Creek CommonsApex, NC  27502 |
| 0728 | NC | Brennan Station8111 Creedmoor Road #127Raleigh, NC  27613 |
| 0806 | NC | Cheshire Place3716 West W.T. Harris Blvd, Suite BCharlotte, NC  28269 |
| 0144 | NC | Creekside Crossing404 East Six Forks RoadRaleigh, NC  27609 |
| 0741 | NC | Greenville Square703 Greenville Blvd SEGreenville, NC  27858 |
| 0871 | NC | Morehead Plaza2900 Arendell St. Ste 15Morehead City, NC  28557 |
| 0799 | NC | New Hope Commons5426 New Hope Commons Dr.Durham, NC  27707 |
| 1123 | NC | Outer Banks Mall5050 S. Croatan HwyNags Head, NC  27959 |
| 0147 | NC | Park Square Shopping Center2442 Park Rd.Charlotte, NC  28203 |
| 1222 | NC | Rivergate Shopping Center14151 Steele Creek Rd H200Charlotte, NC  28273 |
| 723 | NC | South Hills Mall & Plaza1297 Buck Jones Rd.Raleigh, NC  27606 |
| 0835 | NC | Wakefield Crossing Shopping Center13200 New Falls of Neuse Rd. Suite 127Raleigh, NC  27614 |
| 0231 | NC | Whitaker Square Shopping Center1947 North Pease Haven Road, Space #1947Winston-Salem, NC  27106 |
| 0146 | NC | Windsor Square Shopping Center9945 E. Independence Blvd.Matthews, NC  28105-4621 |
| 0392 | NE | East Park Shopping Center200 N. 66th St, Suite 6Lincoln, NE  68505 |
| 0781 | NJ | Midland Park Shopping Center85 Godwin Ave., Unit 31AMidland Park, NJ  07432 |
| 1184 | NM | Cottonwood Corners10420 Coors Bypass NW., Suite 96Albuquerque, NM  87114 |
| 0288 | NM | Plaza de Santa Fe II3553 Zafarano Dr.Santa Fe, NM  87507 |

| 1093 | NV | Del Monte Plaza6013 S. Virginia St.Reno, NV  89502 |
| 0399 | NV | Montecito Crossing6650 N. Durango Dr. Ste 110Las Vegas, NV  89149 |
| 0298 | NV | Rampart Plaza8520 Del Webb Blvd.Las Vegas, NV 89134 |
| 755 | NV | Southgate Shopping Center3921 South Carson StreetCarson City, NV  89701 |
| 0631 | NY | Greenlawn Plaza773 Pulaski RoadUnit #5Greenlawn, NY  11740 |
| 0618 | NY | Hamburg Village Square140 Pine StreetHamburg, NY  14075 |
| 1106 | NY | Panorama Plaza1601 Penfield Rd.Penfield, NY  14625 |
| 0541 | OH | Belden Village Commons4844 Everhard Rd. NorthwestCanton, OH  44718 |
| 0477 | OH | Centerville Place1079 South Main StreetCenterville, OH 45458 |
| 0282 | OH | Cherry Grove Plaza454 Ohio Pike, Unit 54Cincinnati, OH  45255 |
| 0675 | OH | Glenway Crossing5056 Glencrossing Way #158Cincinnati, OH  45238 |
| 0671 | OH | Mill Run Square3655 Fishinger Blvd.Hilliard, OH  43026 |
| 0149 | OH | Olentangy Plaza885 Bethel Rd.Columbus, OH 43214 |
| 1158 | OH | Southland Shopping Center6845 Pearl Rd.Middleburg Heights, OH  44130 |
| 0374 | OK | Rockwell-Northwest Shopping Center6920 NW Expressway, Suite COklahoma City, OK  73132-3532 |
| 1202 | OK | The Shops at Turkey Creek501 SE Washington Blvd, Ste CBartlesville, OK  74006 |
| 0738 | OR | Bear Creek Plaza850 Biddle Rd.Medford, OR  97504 |
| 0719 | OR | Bend Factory Stores61334 S. Highway 97, Ste 280Bend, OR  97702 |
| 0395 | OR | Cedar Hills Crossing3485 SW Cedar Hills Blvd., Ste 160Beaverton, OR  97005-1337 |
| 0523 | OR | Gresham Square 56 NW BurnsideGresham, OR 97030 |
| 0691 | OR | Hilfiker Square4450 Commercial St. SESalem, OR  97302 |
| 0769 | OR | Milwaukie Marketplace10890 SE Oak StreetMilwaukie, OR  97222 |
| 0687 | PA | Donaldson's Crossroads3911 Washington Rd., Unit 1McMurray, PA  15317 |
| 0814 | PA | Lakewood Plaza2169 W. 12th St.Erie, PA  16505 |
| 1047 | PA | Pilgrim Gardens Shopping Center1043 Pontiac RoadDrexel Hill, PA  19026 |
| 644 | PA | Southampton Shopping Center500 2nd Street PikeSouthampton, PA  18966 |
| 1035 | PA | The Shoppes at Valley Forge228 Schuylkill RoadPhoenixville, PA  19460 |
| 1015 | PA | Village of East Side6401 Penn AvenuePittsburgh, PA  15206 |
| 0802 | SC | Aiken Exchange Shopping Center2529 Whiskey Rd.Aiken, SC  29803 |
| 1174 | SC | Belle Hall Shopping Center680 Long Point Rd.Mount Pleasant, SC  29464-8216 |
| 573 | SC | Cashua Place Shopping Center1900 West Palmetto StreetFlorence, SC 29501 |
| 0186 | SC | Harbison Court264 Harbison Blvd #14Columbia, SC  29212-2282 |
| 0192 | SC | St. Andrews Center975 Savannah Hwy. # 254 TuCharleston, SC 29407 |
| 0718 | SC | Town 'N Country Shopping Plaza6101 Calhoun MemorialEasley, SC  29640 |
| 1235 | SD | Plaza 412721 West 41st StreetSioux Falls, SD  57105 |
| 0005 | TN | Eastgate Center5056 Park AveMemphis, TN  38117-5709 |
| 0137 | TN | Germantown Plaza Shopping Center2031 Exeter Rd., Ste 101 & 102Germantown, TN  38138 |
| 0029 | TN | Indian Lake West Shopping Center259 Indian Lake Blvd.Hendersonville, TN  37075 |
| 0537 | TN | Ken's Plaza3122-A East OaklandJohnson City, TN 37601 |
| 0798 | TN | Kingsport Shopping Center1409 East Stone DrKingsport, TN  37660 |
| 0563 | TN | Malco Plaza    2853 Bartlett Blvd.Bartlett, TN 38134 |
| 0813 | TN | Pigeon River Crossing2727 Teaster LanePigeon Forge, TN  37863 |
| 1009 | TN | Providence Commons Shopping Center655 S. Mt. Juliet Rd.Mt. Juliet, TN  37122-6319 |
| 0353 | TN | The Commons at Dexter Lake1625 Germantown Parkway, Suite 101Cordova, TN  38016 |
| 0610 | TN | The Maples Shopping Center1010 Murfreesboro Rd., Ste 192Franklin, TN  37064 |
| 0834 | TX | Atascocita Market Square8072 FM 1960 EastHumble, TX  77346 |
| 0439 | TX | Brodie Oaks S/C4006 S. LamarSuite 850Austin, TX 78704 |
| 0713 | TX | Burleson Shopping Center654 SW WIlshire Blvd.Burleson, TX  76028 |
| 0824 | TX | Firewheel Commons3046 Lavon Drive, Suite 129BGarland, TX  75040 |
| 1225 | TX | Granbury Lakeside Center1406 E. US Hwy 377Granbury, TX  76048 |
| 0035 | TX | Harwood Village North609 Harwood Rd.Bedford, TX  76021 |
| 0074 | TX | Hulen Fashion Center5240 South Hulen StreetFort Worth, TX  76132 |
| 1190 | TX | Lewisville Towne Crossing4750 State Hwy 121, Ste #300Lewisville, TX  75056-2913 |
| 1232 | TX | Northcross Shopping Center5217-A N Navarro StVictoria, TX  77904 |
| 0197 | TX | Parkdale Place4150 Dowlen RoadBeaumont, TX  77706 |
| 1193 | TX | Parker Central Plaza Shopping Center3304 Central ExpresswayPlano, TX  75074-2307 |
| 0075 | TX | Pipeline Village1323 W. Pipeline Rd.Hurst, TX  76053 |
| 0536 | TX | Post Oak Square Shopping Center1210 Harvey Rd.College Station, TX  77840 |

| 1119 | TX | Presidio Towne Crossing2225 Porter Creek Dr.Fort Worth, TX  76177 |
| 0893 | TX | Santa Fe Square3950 E. 42nd StreetOdessa, TX  79762 |
| 1218 | TX | Shops at Chisholm Trail Ranch5517 Sierra Springs LaneFort Worth, TX  76123 |
| 0067 | TX | Tanglewood Village Shopping Center2110 W. Slaughter LaneSuite 168Austin, TX 78748 |
| 0014 | TX | The B Spot on Burnet7301 Burnet RoadSuite 300Austin, TX 78757 |
| 0009 | TX | Village at Camp Bowie3501 Bernie Anderson Ave.Fort Worth, TX  76116-5458 |
| 0056 | TX | Weslayan Plaza West Shopping Center5442-A Weslayan StreetHouston, TX 77005 |
| 0303 | TX | West Towne Marketplace6450 N. Desert Blvd., Ste 5El Paso, TX  79912 |
| 0031 | TX | Westheimer Commons12568 Westheimer Rd.Houston, TX  77077 |
| 1175 | TX | Westhill Village Shopping Center7525 WestheimerHouston, TX  77063 |
| 1181 | TX | Wichita Falls Shopping Center4319 Kemp Blvd., Unit BWichita Falls, TX  76308 |
| 0538 | UT | 4050 Riverdale Rd.Riverdale, UT  84405 |
| 0547 | UT | Brickyard Shopping Center1130 Brickyard Rd.Salt Lake City, UT 84106 |
| 0276 | UT | Family Center of Orem168 East University ParkwayOrem, UT  84058 |
| 0655 | UT | The Shoppes at Zion250 Red Cliffs Dr.Suites 37, 38, & 39St. George, UT  84790 |
| 0548 | VA | 118 W. 21st StreetNorfolk, VA 23517 |
| 654 | VA | Ashland Hanover Shopping Center251A N. Washington Hwy.Ashland, VA 23005 |
| 0131 | VA | Broad Shopping Center9125 W. Broad St., Ste JRichmond, VA 23294 |
| 0588 | VA | Hancock Village14613 Hancock Village St.Chesterfield, VA 23832-2758 |
| 0702 | VA | Hanover Village S/C7043 Mechanicsville TurnpikeMechanicsville, VA  23111 |
| 1083 | VA | Jefferson Green12233 Jefferson AveNewport News, VA  23602 |
| 0701 | VA | Manaport Plaza8371 Sudley Rd.Manassas, VA  20109 |
| 0641 | VA | Rose Hill Plaza6140-A Rose Hill Dr.Alexandria, VA  22310 |
| 0090 | VA | Smoketown Station2890 Prince William PkwyWoodridge, VA 22192 |
| 0339 | VA | The Shops at Stratford Hills7101 Forest Hill Ave., Ste FRichmond, VA 23225-1553 |
| 0549 | VA | Warwick Village S/C11006 Warwick Blvd.Suite 426-A Newport News, VA 23601 |
| 0181 | VA | West Springfield Shopping Center6230 Rolling RoadBays N,O,PWest Springfield, VA 22152 |
| 0673 | WA | Evergreen Crossing Shopping Center13808 E. Indiana Ave.Spokane Valley, WA  99216 |
| 0752 | WA | Hazel Dell Marketplace628 NE 81st St.Suites D & CVancouver, WA  98665 |
| 1130 | WA | Meridian Town Center13410 Meridian Ave EastPuyallup, WA  98373 |
| 0858 | WA | South Sound Center719 Sleater - Kinney Rd. SE, Suite 162Lacey, WA  98503 |
| 0791 | WI | Greenfield Place4930 South 74th StreetGreenfield, WI  53220 |
| 1231 | WI | The Shoppes at Fox River1110 West Sunset Sr., Ste 140Waukesha, WI  53189-8423 |

## **EXHIBIT B**

## **Proposed Final Order**

4867-3710-2416v.5 021701.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**FINAL ORDER GRANTING THE DEBTORS' EMERGENCY MOTION FOR ENTRY
OF INTERIM AND FINAL ORDERS (I) APPROVING PROCEDURES FOR STORE
CLOSING SALES; (II) APPROVING THE SALE OF MERCHANDISE FREE AND
CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (III) WAIVING
COMPLIANCE WITH APPLICABLE STATE LAWS AND APPROVING DISPUTE
RESOLUTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for the entry of  an order (i)  approving

certain sale guidelines; (iii) approving the Sale of Merchandise free and clear of all liens, claims

and encumbrances; (iii) waiving compliance with Applicable State Laws and approving Dispute

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Resolution Procedures; and (iv) granting related relief; and the Court having reviewed the Motion and the First Day Declarations and having considered the statements of counsel and the evidence adduced with respect to the Motion at any hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334, (ii) venue is proper in this District pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and (v) there is good cause to waive the stay of Bankruptcy Rules 6004, and after due deliberation determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause have been shown; it is hereby:

**FOUND AND DETERMINED THAT:**[3]

1.     The Debtors have advanced sound business reasons for conducting the Sales and Store Closings, on a final basis, as set forth in the Motion and at the Hearing as a reasonable exercise of the Debtors' business judgment and in the best interests of the Debtors and their estates.

2.     Conducting the Store Closings in accordance with this Final Order will provide an efficient means for the Debtors to dispose of the Merchandise.

3.     The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief approved herein.

4.     The Store Closings and the Sales are in the best interest of the Debtors' estates.

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. *See* FED. R. BANKR. P. 7052.

2

5.      The entry of this Final Order is in the best interest of the Debtors and their estates,

creditors, interest holders, and all other parties in interest.

**IT IS THEREFORE ORDERED THAT:**

6.      The Motion is **GRANTED ON A FINAL BASIS** as provided herein.

7.      The Debtors are authorized and empowered to take any and all further actions as

may be reasonably necessary or appropriate to give effect to this Final Order.

8.      Notwithstanding Bankruptcy Rules 6003(b) and 6004(h) the terms and conditions

of this Final Order are immediately effective and enforceable upon its entry.

**A.      Authority To Engage in Store Closing Sales**

9.      The Debtors are authorized, pursuant to Bankruptcy Code §§ 105(a) and 363(b)(1),

to immediately continue and conduct Sales at the Closing Stores in accordance with this Final

Order.

10.     The Debtors are authorized to discontinue operations at the Closing Stores in

accordance with this Final Order.

11.     All entities that are presently in possession of some or all of the Merchandise in

which the Debtors hold an interest that are or may be subject to this Final Order are hereby directed

to surrender possession of such Merchandise to the Debtors.

12.     Neither the Debtors nor any of their officers, employees, or agents shall be required

to obtain the approval of any third party, including (without limitation) any Governmental Unit (as

defined in Bankruptcy Code § 101(27)) or landlord, to conduct the Store Closings and to take the

related actions authorized herein.

4867-3710-2416v.5 021701.00001

**B.**     **Conduct of the Sales**

13.     All newspapers and other advertising media in which the Sales may be advertised and all landlords are directed to accept this Final Order as binding authority so as to authorize the Debtors to conduct the Sales and the sale of Merchandise including, without limitation, to conduct and advertise the sale of the Merchandise in the manner contemplated by and in accordance with this Final Order.

14.     Except as provided for in this Final Order and any DIP orders, the Debtors are hereby authorized to take such actions as may be necessary and appropriate to conduct the Sales without necessity of further order of this Court, including, but not limited to, advertising the sale as a "store closing sale," "sale on everything," "everything must go," "going-out-of-business," or similar-themed sales through the posting of signs (including the use of exterior banners at non-enclosed mall Closing Stores, and at enclosed mall Closing Stores to the extent the applicable Closing Store entrance does not require entry into the enclosed mall common area), use of sign-walkers, and street signage.

15.     Except as expressly provided herein, the sale of the Merchandise shall be conducted by the Debtors notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sales, the rejection of leases, abandonment of assets, or "going dark" provisions.

16.     Except as expressly provided for herein, no person or entity, including, but not limited to, any landlord, licensor, service provider, utility, and creditor, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sales or the sale of Merchandise, or the advertising and promotion (including the posting of signs and exterior banners or the use of sign-walkers) of such sales, and all such parties and persons of every nature

and description, including, but not limited to, any landlord, licensor, service provider, utility, and creditor, and all those acting for or on behalf of such parties, are prohibited from (i) interfering in any way with, obstructing, or otherwise impeding, the conduct of the Sales and/or (ii) instituting any action or proceeding in any court (other than in the Bankruptcy Court) or administrative body seeking an order or judgment against, among others, the Debtors or their landlords at the Closing Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sales or sale of the Merchandise or other liquidation sales at the Closing Stores and/or seek to recover damages for breach(es) of covenants or provisions in any lease, sublease, license, or contract based upon any relief authorized herein.

17.     Notwithstanding anything herein to the contrary, and in view of the importance of the use of sign-walkers, banners, and other advertising to the sale of the Merchandise, to the extent that disputes arise during the course of such sale regarding laws regulating the use of sign-walkers, banners or other advertising and the Debtors are unable to resolve the matter consensually with disputing party or Governmental Unit, any party may request a hearing with this Court, and subject to the Court's schedule and to the extent practicable, such hearing shall be scheduled two business days of such request. This scheduling shall not be deemed to preclude additional hearings for the presentation of evidence or arguments as necessary.

18.     All sales of Merchandise at the Closing Stores shall be "as is," final, and not subject to the Debtors' refund policy.  Returns related to the purchase of Merchandise shall not be accepted; *provided, however*, the Debtors shall accept returns of any goods that contain a material defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, provided that the consumer must return the merchandise within the time period required by the Debtors' return policy that was in effect when the merchandise was

5

purchased, the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect.

19.     The Debtors are directed to remit all taxes arising from the Sales to the applicable Governmental Units as and when due, provided that in the case of a bona fide dispute the Debtors are only directed to pay such taxes upon the resolution of the dispute, if and to the extent that the dispute is decided in favor of the applicable Governmental Unit.  Sales taxes collected and held in trust by the Debtors shall not be used to pay any creditor or any other party, other than the applicable Governmental Unit for which the sales taxes are collected.  This Final Order does not enjoin, suspend or restrain the assessment, levy or collection of any tax under state law, and does not constitute a declaratory judgment with respect to any party's liability for taxes.

20.     Pursuant to Bankruptcy Code § 363(f), the Debtors are authorized to sell the Merchandise, and all sales of Merchandise pursuant to the Sales shall be free and clear of any and all liens, claims and encumbrances; provided, however, that any such liens, claims and encumbrances shall attach to the proceeds of the Sales with the same validity, in same the amount, with the same priority as, and to the same extent that any such liens, claims, and encumbrances had with respect to the Merchandise, subject to any claims and defenses that the Debtors may possess with respect thereto. The Debtors are authorized and empowered to transfer Merchandise among the Stores.

21.     The Debtors shall not sell anything that contains personal and/or confidential information about the Debtors' employees and/or customers as such term is defined in Bankruptcy Code § 101(41A).

4867-3710-2416v.5 021701.00001

C.      **Dispute Resolution Procedures**

22.      To the extent that the sale of the Merchandise is subject to any Liquidation Sale

Laws, including but not limited to any federal, state or local statute, ordinance, or rule, or licensing

requirement directed at regulating "going out of business," "store closing," similar inventory

liquidation sales; bulk sale laws; laws restricting safe, professional, and non-deceptive advertising

such as signs, banners, posting of signage, and use of sign-walkers; laws and ordinances

establishing license or permit requirements, waiting periods, time limits, or bulk sale restrictions

that would otherwise apply to the sale of the Merchandise, the following dispute resolution

procedures shall apply:

  i.      Provided that the Sales are conducted in accordance with the terms of the
          Interim Order, or the Final Order, as applicable, and in light of the
          provisions in the laws of many Governmental Units that exempt court-
          ordered  sales from their provisions, the Debtors will be presumed to be in
          compliance with any Liquidation Sale Laws and are authorized to conduct
          the Sales in accordance with the terms of the Interim Order, or the Final
          Order, as applicable, without the necessity of further showing compliance
          with any Liquidation Sale Laws.

  ii.     Within **three business days** after entry of the Interim Order, the Debtors
          will serve, by first-class mail, copies of the Interim Order, the proposed
          Final Order on the following: (a) the Attorney General's office for each
          state where the Sales are being held; (b) the county consumer protection
          agency or similar agency for each county where the Sales are being held;
          (c) the division of consumer protection for each state where the Sales are
          being held; (d) the chief legal counsel for the local jurisdiction; and (e)
          the landlords for the Closing Stores and their counsel of record (if
          applicable) (collectively, the "Dispute Notice Parties").

  iii.    To the extent that there is a dispute arising from or relating to the
          Sales, the Interim Order, or the Final Order, as applicable, which dispute
          relates to any Liquidation Sale Laws (a "Reserved Dispute"), the
          Bankruptcy Court shall exercise jurisdiction to resolve the Reserved
          Dispute. Any time **within ten days** following entry of the Interim Order,
          any Governmental Unit may assert that a Reserved Dispute exists by
          sending a notice (the "Dispute Notice") explaining the nature of the
          dispute to: (a) the Debtors; (b) proposed counsel to the Debtors, Munsch
          Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201,

7

Attn: Deborah Perry (dperry@munsch.com), Kevin Lippman (klippman@munsch.com), and Julian Vasek (jvasek@munsch.com); and (c) counsel for the DIP Agent. If the Debtors and the Governmental Unit are unable to resolve the Reserved Dispute within **fifteen days** after service of the Dispute Notice, the Governmental Unit may file a motion with the Bankruptcy Court requesting that the Bankruptcy Court resolve the Reserved Dispute (a "Dispute Resolution Motion").

iv.   In the event that a Dispute Resolution Motion is filed, nothing in the Interim Order, or the Final Order, as applicable, shall preclude the Debtors, a landlord, or any other interested party from asserting (A) that the provisions of any Liquidation Sale Laws are preempted by the Bankruptcy Code, or (B) that neither the terms of the Interim Order or the Final Order nor the conduct of the Debtors pursuant to the Interim Order or the Final Order, violates such Liquidation Sale Laws. Filing a Dispute Resolution Motion as set forth herein shall not be deemed to affect the finality of any Interim Order or Final Order or to limit or interfere with the Debtors' ability to conduct or to continue to conduct the Sales pursuant to the Interim Order or the Final Order, absent further order of the Bankruptcy Court. Upon the entry of the Interim Order or the Final Order, as applicable, the Bankruptcy Court grants authority for the Debtors to conduct the Sales pursuant to the terms of the Interim Order or the Final Order, as applicable, and to take all actions reasonably related thereto or arising in connection therewith. A Governmental Unit will be entitled to assert any jurisdictional, procedural, or substantive arguments it wishes with respect to the requirements of its Liquidation Sale Laws or the lack of any preemption of such Liquidation Sale Laws by the Bankruptcy Code. Nothing in the Interim Order or the Final Order will constitute a ruling with respect to any issues to be raised in any Dispute Resolution Motion.

v.   If, at any time, a dispute arises between the Debtors and a Governmental Unit as to whether a particular law is a Liquidation Sale Law, and subject to any provisions contained in the Interim Order or the Final Order related to the Liquidation Sale Laws, then any party to that dispute may utilize the provisions above by serving a notice to the other party and proceeding thereunder in accordance with those paragraphs. Any determination with respect to whether a particular law is a Liquidation Sale Law shall be made *de novo.*

23.   Notwithstanding anything to the contrary in this Final Order, the term "Liquidation Sale Laws" shall be deemed not to include any public health or safety laws or any state and local laws, regulations, ordinance, or police powers of general applicability (the "General Laws") regarding matters such as consumer protection, labor and employment, taxes (including but not

8

limited to, the collection of sales taxes), the sale of gift certificates, layaway programs, return of goods, express or implied warranties of goods, and "weights and measures" regulation and monitoring, and the Debtors shall continue to be required to comply, as applicable, with such General Laws, subject to any applicable provision of the Bankruptcy Code and federal law, and nothing in this Interim Order shall be deemed to bar Governmental Units (as defined in Bankruptcy Code § 101(27)) or any public officials from enforcing General Laws.

24.    Subject to the terms of this this Final Order, each and every federal, state, or local agency, department, or Governmental Unit with regulatory authority over the Sales, and all newspapers and other advertising media in which the Sales are advertised, shall consider this Interim Order as binding authority that no further approval, license, or permit of any Governmental Unit shall be required, nor shall the Debtors be required to post any bond, to conduct the Sales.

25.    Provided that the Sales are conducted in accordance with the terms of this Final Order, and in light of the provisions in the laws that exempt court-ordered sales, the Debtors and the landlords of the Closing Stores shall be presumed to be in compliance with any Liquidation Sale Laws and are authorized to conduct the Sales in accordance with the terms of this Final Order without the necessity of further showing compliance with any such Liquidation Sale Laws.

**D.    Other Provisions.**

26.    The Debtors, in the exercise of their reasonable business judgment, and subject to the prior written consent of the DIP Agent, may remove stores from the list of Closing Stores attached to this Final Order as **Schedule 1** at any time and without notice or further order of this Court.

27.    To the extent the Debtors are subject to any state "fast pay" laws in connection with the Store Closings, the Debtors shall be presumed to be in compliance with such laws to the extent,

9

in applicable states, such payroll payments are made by the later of: (a) the Debtors' next regularly scheduled payroll; and (b) **seven calendar days** following the termination date of the relevant employee, and in all such cases consistent with, and subject to, any previous orders of this Court regarding payment of same.

28.  Subject to the terms of the DIP order and the DIP credit agreement, the Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order.

# # # End of Order # # #

**Submitted by:**

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

10

## **Schedule 1**

**List of Closing Stores**

| Store # | State | Address |
|---|---|---|
| 1154 | AL | 1695 McFarland Blvd. Unit BNorthport, AL 35476-3256 |
| 0185 | AL | Bailey Cove Shopping Center7900 Bailey Cove RoadSuite 8Huntsville, AL 35802 |
| 0359 | AL | Brook Highland Plaza5291 Highway 280, Unit 2BBirmingham, AL 35242 |
| 0679 | AL | Circle West3114 Ross Clark CircleDothan, AL 36303 |
| 0184 | AL | Eastwood Village1620 Montclair Rd.Irondale, AL 35210 |
| 0542 | AL | Midtown Mart3051 Dauphin StreetMobile, AL 36606 |
| 0712 | AL | Paradise Isle1720 Gulf Shores PkwyGulf Shores, AL 36542 |
| 0546 | AL | Riverchase Promenade1705 Montgomery Hwy SHoover, AL 35244 |
| 0717 | AL | Southland Plaza2019 Sixth Ave SEDecatur, AL 35601 |
| 0567 | AL | Westside Centre6275 University Dr NW, Unit 8Huntsville, AL 35806-1776 |
| 1180 | AR | Highland Square2008 S. Caraway Rd.Jonesboro, AR 72401 |
| 1003 | AR | Rockwood Plaza204 South Rockwood Dr., Suite ECabot, AR 72023 |
| 0274 | AZ | Arrowhead Plaza20165 N. 67th Ave., #118Glendale, AZ 85308 |
| 0544 | AZ | Bell Towne Plaza245 E. Bell RoadSuite 26Phoenix, AZ 85023 |
| 0164 | AZ | Broadway Wilmot6228 E. Broadway Blvd., Suite 150Tucson, AZ 85711 |
| 0866 | AZ | Gateway Village10273 W. McDowell Rd.Avondale, AZ 85392 |
| 1211 | AZ | Lake Pleasant Towne Center10096 West Happy Valley Rd.Peoria, AZ 85281 |
| 0788 | AZ | Las Tiendas Village2815 South Alma School Rd, Ste 1Chandler, AZ 85286 |
| 0159 | AZ | McClintock Fountains 1840 E. Warner Road Suite M-2Tempe, AZ 85284 |
| 0699 | AZ | Mesa Pavilions North6952 E. Hampton Ave.Mesa, AZ 85206 |
| 0606 | AZ | Sonora Village15449 N. Hayden Rd, Ste 101Scottsdale, AZ 85260 |
| 0810 | AZ | Ventana Village Shopping Center6884 East Sunrise Dr., Unit 150Tucson, AZ 85750 |
| 1178 | AZ | Village Square II4643 Cactus RoadPhoenix, AZ 85032 |
| 0176 | CA | 23855 Hawthorne Blvd.Torrance, CA 90505 |
| 0437 | CA | 890 Blossom Hill RoadSan Jose, CA 95123 |
| 0294 | CA | 901 Santa Monica Blvd.Santa Monica, CA 90401 |
| 0597 | CA | Camarillo Village Square2450 Las Posas Road, Ste HCamarillo, CA 93010 |
| 0327 | CA | Fairway Commons Shopping Center5771A Five Star Blvd.Roseville, CA 95678 |
| 1102 | CA | Folsom Faire685 East Bidwell St.Folsom, CA 95630 |
| 0345 | CA | Glendora East Shopping Center1000 E. Route 66Suite EGlendora, CA 91740 |
| 0393 | CA | Granada Hills Town Center18040 Chatsworth St.Granada Hills, CA 91344 |
| 0663 | CA | Hilltop / Redding Plaza1635 A-C & M Hilltop Dr.Redding, CA 96002 |
| 0877 | CA | Lakewood Marketplace5432 Woodruff Ave.Lakewood, CA 90713 |
| 0740 | CA | North County Plaza1824 Marron Rd.Carlsbad, CA 92008 |
| 0201 | CA | Pacific Plaza Shopping Center1772-D Garnet AvenueSan Diego, CA 92109 |
| 0220 | CA | Pride Shopping Center22950 Victory Blvd.Woodland Hills, CA 91367 |
| 1220 | CA | Rancho San Diego Towne Center2983 Jamacha Rd.El Cajon, CA 92019 |
| 0443 | CA | Redlands Town Center9940 Alabama Street, Suite CRedlands, CA 92374 |
| 0857 | CA | Redwood Gateway1355 N. McDowell Blvd.Petaluma, CA 94954 |
| 0261 | CA | Regency Plaza7255 Greenback LnCitrus Heights, CA 95621 |
| 0451 | CA | Riviera Plaza (Telephone Plaza)4756 Telephone Road, Suite #3Ventura, CA 93003 |
| 0448 | CA | Rosedale Village Shopping Center2721 Calloway DriveBakersfield, CA 93312-2618 |
| 0406 | CA | San Marin Plaza191 San Marin DriveNovato, CA 94945 |
| 0489 | CA | Santiago Hills Marketplace8520 E. Chapman AveOrange, CA 92869 |
| 0168 | CA | Sav-On Drug Center17120 Magnolia StreetFountain Valley, CA 92708 |
| 0616 | CA | Skypark Plaza Shopping Center2485 Notre Dame Blvd.Suite 410Chico, CA 95928 |
| 0400 | CA | Terra Vista Town Center11098 East Foothill Blvd., Ste 120Rancho Cucamonga, CA 91730-3681 |
| 0415 | CA | The Trading Post Shopping Center850 Herndon Ave., Ste 102Clovis, CA 93619 |
| 0736 | CA | Town Center Plaza44250 Town Center Way, Ste C-11Palm Desert, CA 92260 |
| 1092 | CA | UC Marketplace3338 Governor Dr.San Diego, CA 92122 |
| 0262 | CA | Valley Del Rio Shopping Center4242 Camino Del RioSuite 7San Diego, CA 92108 |
| 0721 | CA | Village La Verne2139 Foothill Blvd.La Verne, CA 91750 |
| 0579 | CA | Vintage Plaza3250 Dale RoadModesto, CA 95356 |
| 1030 | CA | Woodcrest Plaza17126 Van Buren Blvd.Riverside, CA 92504 |
| 1111 | CO | Applewood Village3354 Youngfield St.Wheat Ridge, CO 80033 |
| 0013 | CO | Bowles Crossing8055 W. Bowles Ave., Ste 800Littleton, CO 80123 |
| 0084 | CO | Erindale Center5677 N. Academy BlvdColorado Springs, CO 80918 |

| | | |
|---|---|---|
| 0253 | CO | Harmony Marketplace4426 South College Ave.Ft. Collins, CO 80525 |
| 1196 | CO | Johnstown Plaza4909 Thompson PkwyJohnstown, CO 80534 |
| 0049 | CO | Market at Southpark7951 S. BroadwayLittleton, CO 80122-2715 |
| 1081 | CO | Northglenn Marketplace10606 Melody Dr.Northglenn, CO 80234-4114 |
| 0474 | CO | Parker Marketplace II18721 East Ponderosa Dr., Units A&BParker, CO 80134-8824 |
| 1213 | CO | Powers Pointe5637 Barnes Rd.Colorado Springs, CO 80917 |
| 0462 | CO | Pueblo Shopping Center220 W. 29th St.Pueblo, CO 81008 |
| 0521 | CO | Red Cliff Pointe2650 North AvenueSuites 111 - 115Grand Junction, CO 81501 |
| 1150 | CO | River Point at Sheridan3640 River Point Pkwy, Ste ASheridan, CO 80110 |
| 1101 | CO | Summit Place Shopping Center209 - 237 Summit Place Shopping CenterSilverthorne, CO 80498 |
| 0928 | CO | The Centre on Plum Creek774 S Perry St., Ste CCastle Rock, CO 80104 |
| 0458 | CO | University Hills South2890 S. Colorado Blvd.Suite 1-ADenver, CO 80222 |
| 0656 | CO | Village at Twin Peaks1240 S. Hover St., Ste 500Longmont, CO 80501 |
| 0204 | DE | Lantana Square Shopping Center154-156 Lantana DriveHockessin, DE 19707 |
| 0977 | DE | Rehoboth Mall18904 Rehoboth Mall Blvd.Rehoboth Beach, DE 19971 |
| 0358 | FL | Butler Plaza Central3728 SW Archer Rd.Gainesville, FL 32608 |
| 1052 | FL | Corridors at Ponte Vedra Shopping Center840 A1A North, Suite 210Ponte Vedra, FL 32082 |
| 0551 | FL | Cortez Commons    5630 Cortez Road WestBradenton, FL 34210 |
| 0227 | FL | Countryside Centre2561 Countryside Blvd, Suite 3Clearwater, FL 33761 |
| 1186 | FL | Cypress Trace13300 S. Cleveland Ave. Ste 47Fort Myers, FL 33907-3883 |
| 1100 | FL | Gateway Market Center7895 Martin Luther King Jr. Street NorthSt. Petersburg, FL 33702-4111 |
| 0895 | FL | Granada Shoppes1000 Immokalee Rd.Naples, FL 34110 |
| 0095 | FL | Hollieanna Center701 S. Orlando Ave.Winter Park, FL 32789 |
| 0932 | FL | Lady Lake Crossing486 N. Hwy 27/441Lady Lake, FL 32159 |
| 0559 | FL | Lake Washington Square2447 N. Wickham RoadSuite 112Melbourne, FL 32935 |
| 1179 | FL | Landings Shopping Center4768 S. Tamiami TrailSarasota, FL 34231 |
| 0550 | FL | McGregor Pointe S/C15271 McGregor Blvd.Ft. Myers, FL 33908 |
| 1005 | FL | Nature Coast Commons1377 Wendy CourtSpring Hill, FL 34607-3917 |
| 0236 | FL | Northdale Promenade15692 Dale Mabry HwyTampa, FL 33618 - 1606 |
| 0818 | FL | Palm Cay Plaza745 N. Courtenay Pkwy.Merritt Island, FL 32953 |
| 0592 | FL | Plantation Commons4489-E Commons Drive WestDestin, FL 32541 |
| 0289 | FL | Pompano Plaza949 - A East Mcnab Rd.Pompano Beach, FL 33062 |
| 1204 | FL | Seminole City Center11201 Park Blvd.Seminole, FL 33618-1606 |
| 0202 | FL | Shoppes of Oakbrook11692 US Hwy 1North Palm Beach, FL 33408 |
| 1045 | FL | Sun City Center Plaza1615 Sun City Center PlazaSun City Center, FL 33573 |
| 1159 | FL | Suntree Square Shopping Center7777 N. Wickham Rd., Ste #1Melbourne, FL 32940 |
| 1192 | FL | Titus Landing2420 Washington AveTitusville, FL 32781 |
| 1140 | FL | Venice Village Shoppes4127 Tamiami Trl SVenice, FL 34293 |
| 0612 | FL | West Volusia Regional SC2661 S. Woodland Blvd.Deland, FL 32720 |
| 0329 | GA | Alps Village191 Alps Road, Suite 13BAthens, GA 30606 |
| 0826 | GA | Dalton Outlet Shops1001 Market Street, Ste 22Dalton, GA 30720 |
| 1209 | GA | Dawson Marketplace136 Marketplace ParkwayDawsonville, GA 30534-7274 |
| 1156 | GA | Deerfield Place13069 Hwy 9N, Suite 2520Milton, GA 30004 |
| 0525 | GA | Galleria Square Shopping Center4025 Watson Blvd.Suite 180 & 200Warner Robins, GA 31093 |
| 0796 | GA | Mall of Georgia C171999 Mall of Georgia Blvd., Ste A-200Buford, GA 30519 |
| 0004 | GA | North Lake Business Park1901 Montreal Road Suite 129Tucker, GA 30084 |
| 0520 | GA | Parkside Shops5920 Roswell Road, NEBox 45 - Suite C-204Atlanta, GA 30328 |
| 0198 | GA | Picadilly Square10010 Abercorn St.Unit 1Savannah, GA 31406 |
| 1161 | GA | Presidential Commons1708A Scenic Highway N.Snellville, GA 30078 |
| 0132 | GA | Roswell Towne Center608 Holcomb Bridge Rd., Ste 220Roswell, GA 30076-1712 |
| 0524 | GA | Shallowford Crossing2421 Shallowford Road, NESuite 120Marietta, GA 30066 |
| 0334 | IA | Clocktower Square2900 University Ave, Ste 230West Des Moines, IA 50266 |
| 0709 | IA | Coral Ridge Mall1451 Coral Ridge AvenueCoralville, IA 52241 |
| 0539 | IA | Village Shopping Center902 W. Kimberly RoadSuite 10Davenport, IA 52806 |
| 0683 | ID | Coeur D' Alene Center227 W. Appleway Ave.Coeur D' Alene, ID 83814 |
| 0608 | IL | Garden Market4700 Gilbert StreetSuite 25Western Springs, IL 60558 |
| 0565 | IL | Marketview Center45 E Marketview Dr.Champaign, IL 61820-7832 |
| 0605 | IL | Town And Country Shopping Center2345 S. MacArthur Blvd.Springfield, IL 62704 |

| 0593 | IL | University Square1401 West GlenSuite APeoria, IL 61614 |
|------|----|----|
| 0784 | IL | Village Crossing S/C5613 W. Touhy Ave.Niles, IL  60714 |
| 0604 | IN | JoAnn's Plaza4710 Coldwater Rd.Fort Wayne, IN  46825 |
| 0469 | IN | McKinley Town & Country Shopping Centre2548 Miracle LaneMishawaka, IN 46545 |
| 0615 | IN | Parkwest Shopping Center3962 West Jefferson Blvd.Ft. Wayne, IN  46804 |
| 0127 | IN | Plaza East217 N. Green River RoadEvansville, IN  47715 |
| 0574 | IN | Sagamore @ 26 Shopping Center311 Sagamore Pkwy NorthLafayette, IN  47904 |
| 0120 | KS | Regency Lakes Shopping Center2423 N. GreenwichWichita, KS  67226 |
| 1086 | KY | Alexandria Village Green6929 Alexandria PikeAlexandria, KY  41001 |
| 0105 | KY | Crossroads Shopping Center125 E. Reynolds Rd., Ste 145Lexington, KY 40517 |
| 0929 | KY | Florence Plaza7800 Connector Dr., Store #09AFlorence, KY  41042 |
| 0388 | KY | Gateway Commons Phase I2600 Calumet TraceOwensboro, KY  42303-2125 |
| 0880 | KY | Kentucky Oaks Plaza3250 James Sanders Blvd.Paducah, KY  42001 |
| 0171 | KY | Town Fair Center1915 S. Hurstbourne PkwyLouisville, KY  40220 |
| 0921 | KY | Woodhill Circle1555 East New Circle Rd.Lexington, KY 40509 |
| 0083 | LA | Hammond Aire Plaza9626 Airline Hwy, Ste C1Baton Rouge, LA  70815-5556 |
| 0924 | LA | Westside South Shopping Center64 Westbank Expressway, Unit GGretna, LA  70053 |
| 0107 | MD | Bay Ridge Plaza121 Hillsmere PlazaAnnapolis, MD 21403 |
| 0023 | MD | Congressional Plaza1616 East Jefferson St #12BRockville, MD  20852 |
| 0821 | MD | Free State Shopping Center15500 Annapolis Rd., Ste. 120Bowie, MD  20715 |
| 1237 | MD | Magothy Gateway139 Ritchie Hwy, Ste CSeverna Park, MD  21146 |
| 0624 | MD | Northgate Plaza Shopping Center13832 Georgia AvenueSilver Spring, MD  20906 |
| 0425 | MD | Rock Spring S/C1447 Rock Spring RoadBel Air, MD 21014 |
| 0739 | MD | South End Shopping Center1171 Maryland Ave.Hagerstown, MD  21740 |
| 0096 | MD | St. John's Plaza9150 Baltimore National Pike, Ste 1BEllicott City, MD  21042 |
| 0426 | MI | Centerpointe Mall3661 28th Street SEgrand Rapids, MI  49512-1605 |
| 0472 | MI | Southland Shopping Center6140 South Westnedge Ave.Portage, MI  49002 |
| 0336 | MI | Troy Commons905 East Big Beaver Rd.Troy, MI  48083 |
| 0247 | MN | 7 & 41 Crossings Center2497 Highway 7Excelsior, MN  55331 |
| 0572 | MN | Division Place I2730 Division St.St. Cloud, MN  56301-3817 |
| 0221 | MN | Har Mar Mall2100 N. Snelling Avenue #2Roseville, MN  55113 |
| 0104 | MO | Creve Coeur Plaza780 N. New Ballas Rd.Creve Coeur, MO  63141 |
| 0845 | MO | Olivette S/C9656 Olive Blvd.Olivette, MO  63132 |
| 0569 | MO | Stateline Station1130 W. 136th StKansas City, MO  64145 |
| 0091 | MO | Tiffany Springs Market Center8986 NW Skyview AveKansas City, MO  64154 |
| 0732 | MS | Big Oaks Crossing3885 N. Gloster St.Tupelo, MS  38804-9732 |
| 0801 | MS | South Lake Centre195 Goodman Rd. W.Southaven, MS  38671-9033 |
| 0930 | NC | 774 E. King St.Boone, NC  28607 |
| 0570 | NC | Akers Center1495 E. Franklin Blvd.Gastonia, NC  28054 |
| 0357 | NC | Battleground Plaza3726-A Battleground AvenueGreensboro, NC 27410 |
| 0284 | NC | Beaver Creek Crossings South1593 Beaver Creek CommonsApex, NC  27502 |
| 0728 | NC | Brennan Station8111 Creedmoor Road #127Raleigh, NC  27613 |
| 0806 | NC | Cheshire Place3716 West W.T. Harris Blvd, Suite BCharlotte, NC  28269 |
| 0144 | NC | Creekside Crossing404 East Six Forks RoadRaleigh, NC  27609 |
| 0741 | NC | Greenville Square703 Greenville Blvd SEGreenville, NC  27858 |
| 0871 | NC | Morehead Plaza2900 Arendell St. Ste 15Morehead City, NC  28557 |
| 0799 | NC | New Hope Commons5426 New Hope Commons Dr.Durham, NC  27707 |
| 1123 | NC | Outer Banks Mall5050 S. Croatan HwyNags Head, NC  27959 |
| 0147 | NC | Park Square Shopping Center2442 Park Rd.Charlotte, NC  28203 |
| 1222 | NC | Rivergate Shopping Center14151 Steele Creek Rd H200Charlotte, NC  28273 |
| 723 | NC | South Hills Mall & Plaza1297 Buck Jones Rd.Raleigh, NC  27606 |
| 0835 | NC | Wakefield Crossing Shopping Center13200 New Falls of Neuse Rd. Suite 127Raleigh, NC  27614 |
| 0231 | NC | Whitaker Square Shopping Center1947 North Pease Haven Road, Space #1947Winston-Salem, NC  27106 |
| 0146 | NC | Windsor Square Shopping Center9945 E. Independence Blvd.Matthews, NC  28105-4621 |
| 0392 | NE | East Park Shopping Center200 N. 66th St, Suite 6Lincoln, NE  68505 |
| 0781 | NJ | Midland Park Shopping Center85 Godwin Ave., Unit 31AMidland Park, NJ  07432 |
| 1184 | NM | Cottonwood Corners10420 Coors Bypass NW., Suite 96Albuquerque, NM  87114 |
| 0288 | NM | Plaza de Santa Fe II3553 Zafarano Dr.Santa Fe, NM  87507 |

| 1093 | NV | Del Monte Plaza6013 S. Virginia St.Reno, NV  89502 |
| 0399 | NV | Montecito Crossing6650 N. Durango Dr. Ste 110Las Vegas, NV  89149 |
| 0298 | NV | Rampart Plaza8520 Del Webb Blvd.Las Vegas, NV 89134 |
| 755 | NV | Southgate Shopping Center3921 South Carson StreetCarson City, NV  89701 |
| 0631 | NY | Greenlawn Plaza773 Pulaski RoadUnit #5Greenlawn, NY  11740 |
| 0618 | NY | Hamburg Village Square140 Pine StreetHamburg, NY  14075 |
| 1106 | NY | Panorama Plaza1601 Penfield Rd.Penfield, NY  14625 |
| 0541 | OH | Belden Village Commons4844 Everhard Rd. NorthwestCanton, OH  44718 |
| 0477 | OH | Centerville Place1079 South Main StreetCenterville, OH 45458 |
| 0282 | OH | Cherry Grove Plaza454 Ohio Pike, Unit 54Cincinnati, OH  45255 |
| 0675 | OH | Glenway Crossing5056 Glencrossing Way #158Cincinnati, OH  45238 |
| 0671 | OH | Mill Run Square3655 Fishinger Blvd.Hilliard, OH  43026 |
| 0149 | OH | Olentangy Plaza885 Bethel Rd.Columbus, OH  43214 |
| 1158 | OH | Southland Shopping Center6845 Pearl Rd.Middleburg Heights, OH  44130 |
| 0374 | OK | Rockwell-Northwest Shopping Center6920 NW Expressway, Suite COklahoma City, OK  73132-3532 |
| 1202 | OK | The Shops at Turkey Creek501 SE Washington Blvd, Ste CBartlesville, OK  74006 |
| 0738 | OR | Bear Creek Plaza850 Biddle Rd.Medford, OR  97504 |
| 0719 | OR | Bend Factory Stores61334 S. Highway 97, Ste 280Bend, OR  97702 |
| 0395 | OR | Cedar Hills Crossing3485 SW Cedar Hills Blvd., Ste 160Beaverton, OR  97005-1337 |
| 0523 | OR | Gresham Square 56 NW BurnsideGresham, OR 97030 |
| 0691 | OR | Hilfiker Square4450 Commercial St. SESalem, OR  97302 |
| 0769 | OR | Milwaukie Marketplace10890 SE Oak StreetMilwaukie, OR  97222 |
| 0687 | PA | Donaldson's Crossroads3911 Washington Rd., Unit 1McMurray, PA  15317 |
| 0814 | PA | Lakewood Plaza2169 W. 12th St.Erie, PA  16505 |
| 1047 | PA | Pilgrim Gardens Shopping Center1043 Pontiac RoadDrexel Hill, PA  19026 |
| 644 | PA | Southampton Shopping Center500 2nd Street PikeSouthampton, PA  18966 |
| 1035 | PA | The Shoppes at Valley Forge228 Schuylkill RoadPhoenixville, PA  19460 |
| 1015 | PA | Village of East Side6401 Penn AvenuePittsburgh, PA  15206 |
| 0802 | SC | Aiken Exchange Shopping Center2529 Whiskey Rd.Aiken, SC  29803 |
| 1174 | SC | Belle Hall Shopping Center680 Long Point Rd.Mount Pleasant, SC  29464-8216 |
| 573 | SC | Cashua Place Shopping Center1900 West Palmetto StreetFlorence, SC 29501 |
| 0186 | SC | Harbison Court264 Harbison Blvd #14Columbia, SC  29212-2282 |
| 0192 | SC | St. Andrews Center975 Savannah Hwy. # 254 TuCharleston, SC 29407 |
| 0718 | SC | Town 'N Country Shopping Plaza6101 Calhoun MemorialEasley, SC  29640 |
| 1235 | SD | Plaza 412721 West 41st StreetSioux Falls, SD  57105 |
| 0005 | TN | Eastgate Center5056 Park AveMemphis, TN  38117-5709 |
| 0137 | TN | Germantown Plaza Shopping Center2031 Exeter Rd., Ste 101 & 102Germantown, TN  38138 |
| 0029 | TN | Indian Lake West Shopping Center259 Indian Lake Blvd.Hendersonville, TN  37075 |
| 0537 | TN | Ken's Plaza3122-A East OaklandJohnson City, TN 37601 |
| 0798 | TN | Kingsport Shopping Center1409 East Stone DrKingsport, TN  37660 |
| 0563 | TN | Malco Plaza    2853 Bartlett Blvd.Bartlett, TN 38134 |
| 0813 | TN | Pigeon River Crossing2727 Teaster LanePigeon Forge, TN  37863 |
| 1009 | TN | Providence Commons Shopping Center655 S. Mt. Juliet Rd.Mt. Juliet, TN  37122-6319 |
| 0353 | TN | The Commons at Dexter Lake1625 Germantown Parkway, Suite 101Cordova, TN  38016 |
| 0610 | TN | The Maples Shopping Center1010 Murfreesboro Rd., Ste 192Franklin, TN  37064 |
| 0834 | TX | Atascocita Market Square8072 FM 1960 EastHumble, TX  77346 |
| 0439 | TX | Brodie Oaks S/C4006 S. LamarSuite 850Austin, TX 78704 |
| 0713 | TX | Burleson Shopping Center654 SW WIlshire Blvd.Burleson, TX  76028 |
| 0824 | TX | Firewheel Commons3046 Lavon Drive, Suite 129BGarland, TX  75040 |
| 1225 | TX | Granbury Lakeside Center1406 E. US Hwy 377Granbury, TX  76048 |
| 0035 | TX | Harwood Village North609 Harwood Rd.Bedford, TX  76021 |
| 0074 | TX | Hulen Fashion Center5240 South Hulen StreetFort Worth, TX  76132 |
| 1190 | TX | Lewisville Towne Crossing4750 State Hwy 121, Ste #300Lewisville, TX  75056-2913 |
| 1232 | TX | Northcross Shopping Center5217-A N Navarro StVictoria, TX  77904 |
| 0197 | TX | Parkdale Place4150 Dowlen RoadBeaumont, TX  77706 |
| 1193 | TX | Parker Central Plaza Shopping Center3304 Central ExpresswayPlano, TX  75074-2307 |
| 0075 | TX | Pipeline Village1323 W. Pipeline Rd.Hurst, TX  76053 |
| 0536 | TX | Post Oak Square Shopping Center1210 Harvey Rd.College Station, TX  77840 |

| 1119 | TX | Presidio Towne Crossing2225 Porter Creek Dr.Fort Worth, TX  76177 |
| 0893 | TX | Santa Fe Square3950 E. 42nd StreetOdessa, TX  79762 |
| 1218 | TX | Shops at Chisholm Trail Ranch5517 Sierra Springs LaneFort Worth, TX  76123 |
| 0067 | TX | Tanglewood Village Shopping Center2110 W. Slaughter LaneSuite 168Austin, TX 78748 |
| 0014 | TX | The B Spot on Burnet7301 Burnet RoadSuite 300Austin, TX 78757 |
| 0009 | TX | Village at Camp Bowie3501 Bernie Anderson Ave.Fort Worth, TX  76116-5458 |
| 0056 | TX | Weslayan Plaza West Shopping Center5442-A Weslayan StreetHouston, TX 77005 |
| 0303 | TX | West Towne Marketplace6450 N. Desert Blvd., Ste 5El Paso, TX  79912 |
| 0031 | TX | Westheimer Commons12568 Westheimer Rd.Houston, TX  77077 |
| 1175 | TX | Westhill Village Shopping Center7525 WestheimerHouston, TX  77063 |
| 1181 | TX | Wichita Falls Shopping Center4319 Kemp Blvd., Unit BWichita Falls, TX  76308 |
| 0538 | UT | 4050 Riverdale Rd.Riverdale, UT  84405 |
| 0547 | UT | Brickyard Shopping Center1130 Brickyard Rd.Salt Lake City, UT 84106 |
| 0276 | UT | Family Center of Orem168 East University ParkwayOrem, UT  84058 |
| 0655 | UT | The Shoppes at Zion250 Red Cliffs Dr.Suites 37, 38, & 39St. George, UT  84790 |
| 0548 | VA | 118 W. 21st StreetNorfolk, VA 23517 |
| 654 | VA | Ashland Hanover Shopping Center251A N. Washington Hwy.Ashland, VA  23005 |
| 0131 | VA | Broad Shopping Center9125 W. Broad St., Ste JRichmond, VA  23294 |
| 0588 | VA | Hancock Village14613 Hancock Village St.Chesterfield, VA  23832-2758 |
| 0702 | VA | Hanover Village S/C7043 Mechanicsville TurnpikeMechanicsville, VA  23111 |
| 1083 | VA | Jefferson Green12233 Jefferson AveNewport News, VA  23602 |
| 0701 | VA | Manaport Plaza8371 Sudley Rd.Manassas, VA  20109 |
| 0641 | VA | Rose Hill Plaza6140-A Rose Hill Dr.Alexandria, VA  22310 |
| 0090 | VA | Smoketown Station2890 Prince William PkwyWoodridge, VA  22192 |
| 0339 | VA | The Shops at Stratford Hills7101 Forest Hill Ave., Ste FRichmond, VA  23225-1553 |
| 0549 | VA | Warwick Village S/C11006 Warwick Blvd.Suite 426-A Newport News, VA 23601 |
| 0181 | VA | West Springfield Shopping Center6230 Rolling RoadBays N,O,PWest Springfield, VA 22152 |
| 0673 | WA | Evergreen Crossing Shopping Center13808 E. Indiana Ave.Spokane Valley, WA  99216 |
| 0752 | WA | Hazel Dell Marketplace628 NE 81st St.Suites D & CVancouver, WA  98665 |
| 1130 | WA | Meridian Town Center13410 Meridian Ave EastPuyallup, WA  98373 |
| 0858 | WA | South Sound Center719 Sleater - Kinney Rd. SE, Suite 162Lacey, WA  98503 |
| 0791 | WI | Greenfield Place4930 South 74th StreetGreenfield, WI  53220 |
| 1231 | WI | The Shoppes at Fox River1110 West Sunset Sr., Ste 140Waukesha, WI  53189-8423 |