

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 20, 2023**

_____

**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER (I) APPROVING BID PROCEDURES IN CONNECTION
WITH THE POTENTIAL SALE OF CERTAIN OF THE DEBTORS' ASSETS, (II)
SCHEDULING AN AUCTION AND A SALE HEARING, (III) APPROVING THE FORM
AND MANNER OF NOTICE THEREOF, (IV) AUTHORIZING THE DEBTORS TO
DESIGNATE A STALKING HORSE PURCHASER, (V) APPROVING PROCEDURES
FOR THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND
(VI) GRANTING RELATED RELIEF**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order (this "**Order**") (i) authorizing and approving the Bid Procedures attached hereto as <u>Exhibit 1</u> (the "**Bid Procedures**") in connection with the sale (the "**Sale**") of certain of the Debtors' assets (the "**Assets**"), (ii) scheduling an auction and hearing to consider the Sale of the Assets, (iii) approving the form and manner of notice thereof, (iv) authorizing the Debtors to designate a stalking horse purchaser (the "**Stalking Horse Purchaser**"), (v) approving procedures for the assumption and assignment of executory contracts and unexpired leases in connection with the Sale (each a "**Contract**" and collectively the "**Contracts**"), and (vi) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations and other testimony and evidence submitted by the Debtors in support of the Motion; this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); this Court having determined the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

THE COURT FINDS THAT:

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as

---

[2] Capitalized terms used as defined terms herein but not otherwise defined shall have the meanings ascribed to them in the Motion or the Bid Procedures, as applicable. In the event there is a conflict between this Order and the Motion, this Order shall control and govern.

such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984.

      C.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

      D.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      E.      The bases for the relief requested in the Motion are sections 105, 363, 365, 503, and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014, and Section E of the Complex Case Procedures.

      F.      Notice of the Motion was served on: (a) the Office of the United States Trustee for the Northern District of Texas (the "**U.S. Trustee**"); (b) counsel to the Official Committee of Unsecured Creditors (the "**Committee**"); (c) counsel for 1903P Loan Agent, LLC; (d) counsel for the ABL Agent; (e) counsel to certain of the Prepetition Term Lenders; (f) the Internal Revenue Service; (g) all state and local taxing authorities with an interest in the Assets; (h) all governmental agencies with an interest in the Sale and transactions proposed thereunder; (i) all parties known or reasonably believed to have asserted an Interest in the Assets; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Under the circumstances, no other or further notice was required.

      G.      Good and sufficient notice of the Motion, including the relief sought therein, and the Hearing was sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules for the

Northern District of Texas (the "**Local Rules**") and the Complex Case Procedures, and no other or further notice need be provided. A reasonable opportunity to object or be heard regarding the relief provided in this Order has been afforded to all parties in interest.

H.      The Debtors have articulated good and sufficient reasons for this Court to (i) approve the Bid Procedures, (ii) schedule the bid deadlines and the Auction and the Sale Hearing, (iii) approve the form and manner of notice of the Auction and Sale Hearing, (iv) approve procedures for the assumption and assignment of the Contracts, including notice of the proposed Cure Amounts under Bankruptcy Code § 365(b)(1)(A) ("**Cure Amounts**"), and (v) authorize the Debtors, in consultation with the Committee and 1903P Loan Agent, LLC ("**1903P Agent**" and together with the Committee, the "**Consultation Parties**"), to designate a Stalking Horse Purchaser, in the exercise of their reasonable business judgment. The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

I.      The Bid Procedures attached hereto as Exhibit 1 are reasonable, appropriate and represent the best method for maximizing value for the benefit of the Debtors, their estates, and their creditors. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from their chapter 11 cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors, their estates, their creditors, and other parties in interest. The Bid Procedures comply with the requirements of Local Rule 6004-1(c).

J.      The Debtors have demonstrated compelling and sound business justifications for authorization to designate a Stalking Horse Purchaser pursuant to the terms of the Bid Procedures.

K.      The notice, substantially in the form attached hereto as Exhibit 2, to be provided by the Debtors regarding the Bid Procedures and Sale of the Assets by Auction and Sale Hearing (the

"**Sale Notice**"), is reasonably calculated to provide interested parties with timely and proper notice of the proposed Sale, including, without limitation: (i) the date, time, and place of the Auction (if one is held), (ii) the Bid Procedures and certain dates and deadlines related thereto, (iii) the deadline for filing objections to the Sale and entry of the Sale Order, and the date, time, and place of the Sale Hearing, (iv) reasonably specific identification of the assets for sale, (v) instructions for promptly obtaining a copy of the Stalking Horse Agreement, if any, (vi) a description of the Sale as being free and clear of liens, claims, interests, and other encumbrances, with all such liens, claims, interests, and other encumbrances attaching with the same validity and priority to the sale proceeds, (vii) the commitment by the Stalking Horse Purchaser, if any, to assume certain liabilities (collectively, the "**Assumed Liabilities**"), and (viii) notice of the proposed assumption and assignment of Contracts to the Successful Bidder and the right, procedures, and deadlines for objecting thereto. No other or further notice of the Sale shall be required.

L.     The Motion, this Order, and the Assignment Procedures (as defined below) set forth herein are appropriate and reasonably calculated to provide counterparties to any Contracts to be assumed by the Debtors and assigned to the Successful Bidder with proper notice of the intended assumption and assignment of the Contracts, the procedures in connection therewith, and any Cure Amounts relating thereto.

M.     Neither the filing of the Motion, entry of this Order, the solicitation of bids or the conducting of the Auction in accordance with the Bid Procedures nor any other actions taken by the Debtors in accordance therewith shall constitute a sale of the Assets, which sale will only take place, if at all, following entry of an order by this Court approving the Sale.

**IT IS HEREBY ORDERED THAT**:

1.     The Motion is granted as set forth herein.

2.      All objections, statements, and reservations of rights with respect to the relief requested in the Motion that have not been resolved by this Order, withdrawn, waived, or settled are overruled and denied on the merits with prejudice.

## I.    The Bid Procedures

3.      The Bid Procedures, attached hereto as <u>Exhibit 1</u>, are hereby approved in their entirety and fully incorporated into this Order. The Bid Procedures shall govern the submission, receipt, and analysis of all bids relating to the proposed Sale and any party desiring to submit a higher or better offer for the Assets must comply with the terms of the Bid Procedures and this Order. The Bid Procedures shall also govern the terms on which the Debtors, in consultation with the Consultation Parties, will proceed with the Auction and/or Sale.

4.      The Stalking Horse Purchaser, if any, shall be deemed a Qualified Bidder pursuant to the Bid Procedures for all purposes.

5.      The following dates and deadlines regarding competitive bidding are hereby established (subject to modification in accordance with the Bid Procedures):

---

(All times are prevailing Central Time)

- **March 21, 2023:** Deadline for Debtors to serve this Order, file and serve the Sale Notice, and file and serve the Initial Contract Counterparty Notice

- **March 27, 2023 at 5:00 p.m.:** Deadline for Debtors to designate a Stalking Horse Purchaser, if any, file the Stalking Horse Notice, if any, file and serve the Cure and Possible Assumption and Assignment Notice, with non-ECF service to occur by 11:59 p.m., and provide by email transmission Adequate Assurance Documentation of the Stalking Horse Purchaser, if any, to Contract Counterparties who have properly submitted a request for same pursuant to the terms of the Initial Contract Counterparty Notice

- **April 3, 2023 at 4:00 p.m.:** Deadline to file an objection to the designation of the Stalking Horse Purchaser and proposed Bid Protections, if any

- **April 4, 2023 at 9:30 a.m.:** Hearing on designation of Stalking Horse Purchaser and proposed Bid Protections, if any

- **April 6, 2023 at 4:00 p.m.:** Deadline to submit Qualifying Bid to be considered for the Auction

---

- **April 7, 2023 at 4:00 p.m.:** Deadline to file Contract Objection with respect to Stalking Horse Purchaser (including its identity and proposed adequate assurance) and Cure Amounts, defined herein as the Contract Objection Deadline

- **April 7, 2023:** Deadline to advise bidders of any Qualified Bids and to provide by email transmission Adequate Assurance Documentation of the Qualified Bidders, other than the Stalking Horse Purchaser, to Contract Counterparties who have properly submitted a request for same pursuant to the terms of the Initial Contract Counterparty Notice

- **April 12, 2023 at 10:00 a.m.:** Proposed date and time of Auction, to be held at the offices of Munsch Hardt Kopf & Harr. P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201 (or such other location as determined and noticed prior to the Auction)

- **April 13, 2023:** Debtors to file Notice of Successful Bidder and Backup Bidder, if any, and Assumption Notice

- **April 14, 2023 at 4:00 p.m.:** Deadline to file and serve objections to relief requested at Sale Hearing (other than objections required to be raised in a Contract Objection or Limited Contract Objection)

- **April 17, 2023 at 4:00 p.m.:** Deadline to file Limited Contract Objection with respect to Successful Bidder and Backup Bidder other than Stalking Horse Purchaser (limited to Successful Bidder's and Backup Bidder's identity and proposed adequate assurance but not including Cure Amounts)

- **April 18, 2023 at 9:30 a.m.:** Sale Hearing

## II.    Designation of a Stalking Horse Purchaser

6.      In the event that the Debtors elect to designate a Stalking Horse Purchaser and enter into a Stalking Horse Agreement on or prior to **March 27, 2023 at 5:00 p.m. prevailing Central Time** (the "**Stalking Horse Deadline**") that satisfies the following conditions, (a) the Break-Up Fee does not exceed three percent 3% of the cash purchase price; (b) the Stalking Horse Expense Reimbursement does not exceed $250,000.00; and (c) the Consultation Parties have provided their affirmative consent to the stalking horse designation, then the Debtors will file with the Court a notice (a "**Stalking Horse Notice**"), no later than the Stalking Horse Deadline that shall include the following: (a) the identification of the Stalking Horse Purchaser; (b) a copy of the Stalking Horse Agreement; (c) the purchase price provided for in the Stalking Horse Agreement (the "**Stalking Horse Purchase Price**"); (d) the deposit paid by the Stalking Horse Purchaser; and (e) any proposed Bid Protections. The Debtors shall serve the Stalking Horse Notice on (i) the U.S. Trustee, and (ii) all parties that requested notice pursuant to Bankruptcy Rule 2002.

7.      Any objections to the designation of the Stalking Horse Purchaser and any Bid protections **must** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and include any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 3, 2023 at 4:00 p.m. (prevailing Central Time)** (the **"Stalking Horse Objection Deadline"**):  (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell,  dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg,  bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn:  Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas, jbougiamas@otterbourg.com.

8.      On **April 3, 2023 at 4:30 p.m. (prevailing Central Time)**, absent objection to the Staking Horse Purchaser designation or Bid Protections, the Debtors, in consultation with the Consultation Parties, may submit an order to the Court under certificate of counsel approving the designation of the Stalking Horse Purchaser and the Bid Protections.  Otherwise, if one or more objections are timely made by the Stalking Horse Objection Deadline, then the Bankruptcy Court

will hold a hearing to resolve such objections on **April 4, 2023 at 9:30 a.m. (prevailing Central Time)**.

### III.    The Auction

9.    As further described in the Bid Procedures, if two or more Qualified Bids are received by the Bid Deadline, the Debtors, in consultation with the Consultation Parties, will conduct an Auction at **10:00 a.m. (prevailing Central Time) on April 12, 2023**, or such later time, or on such later day and place as the Debtors notify, with the prior consent of 1903P Agent, with such consent not to be unreasonably withheld in its Permitted Discretion (as defined in the DIP Credit Agreement), all Qualified Bidders who have submitted Qualified Bids, if a Qualified Bid is timely received. The Debtors, in consultation with the Consultation Parties, are authorized, subject to the terms of this Order and the Bid Procedures, to take actions reasonably necessary to conduct and implement the Auction.

10.    If the Debtors do not receive any Qualified Bids other than a bid from the Stalking Horse Purchaser (a "**Stalking Horse Bid**") or if a single Qualified Bid is submitted absent a Stalking Horse Bid: (i) the Debtors, in consultation with the Consultation Parties, may cancel the Auction, (ii) the Stalking Horse Agreement or other Qualified Bid may be deemed by the Debtors, in consultation with the Consultation Parties, to be the Successful Bid for the Assets, and (iii) the Debtors shall be authorized to seek approval of the Stalking Horse Agreement or other Qualified Bid as the Successful Bid at the Sale Hearing.

11.    Only Qualified Bidders (including, for the avoidance of doubt, the Stalking Horse Purchaser) will be entitled to make any Bids at the Auction.

12.    The Debtors and their professionals, in consultation with the Consultation Parties, shall direct and preside over the Auction, and the Auction shall be transcribed or videotaped.

13.     Each Qualified Bidder (including, for the avoidance of doubt, any Stalking Horse Purchaser) participating in the Auction must confirm that it (a) has not engaged in any collusion with respect to the bidding or sale of any of the Assets, (b) has reviewed, understands, and accepts the Bid Procedures, and (c) has consented to the core jurisdiction of this Court and to the entry of a final order by this Court on any matter related to this Order, the Sale, or the Auction if it is determined that this Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

14.     The Stalking Horse Purchaser, if any, shall be deemed to be a Qualified Bidder, and the Stalking Horse Purchaser's Deposit shall be deemed to be a Good Faith Deposit. In the event of a competing Qualified Bid, all Qualified Bidders will be entitled, but not obligated, to submit Overbids.

15.     The Debtors, in consultation with the Consultation Parties, may (i) determine which Qualified Bid (including the Stalking Horse Agreement) is the highest or otherwise best offer for the Assets; (ii) reject at any time before the entry of the Sale Order any Bid (other than the Stalking Horse Agreement) that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the Bid Procedures, or (c) contrary to the best interest of the Debtors, their estates, their creditors, interest holders, or other parties in interest; and (iii) at or before the conclusion of the Auction, impose such other terms and conditions upon Qualified Bidders as the Debtors determine to be in the best interest of the Debtors' estates.

16.     No person or entity, other than the Stalking Horse Purchaser, shall be entitled to any expense reimbursement, breakup fee, topping or termination fee, or other similar fee or payment, and, by submitting a Bid, such person or entity is deemed to have waived its right to

request or file with this Court any request for expense reimbursement or any other fee of any nature in connection with the Auction and the Sale, whether by virtue of Bankruptcy Code section 503(b) or otherwise.

17.     Only a secured creditor holding undisputed and valid secured liens and claims against the Assets as of the Bid Deadline may submit a credit bid under section 363(k) of the Bankruptcy Code.  Any bid comprised in whole or in part of a credit bid must provide for the payment in full in cash of all undisputed and valid secured claims senior to the secured claims of the creditor making the credit bid, at the closing of any Sale.

18.     Notwithstanding anything to the contrary herein, as set forth in the Bid Procedures, at any time prior to the Bid Deadline, the Debtors, with the consent of the Consultation Parties, may, in their joint and sole discretion, cancel the Auction prior to receipt of any competing Qualified Bids and pursue a sale of the Assets pursuant to a plan of reorganization process.

19.     In the event an auction was held, then no later than **April 13, 2023**, the Debtors shall file and serve a notice identifying the Successful Bidder and Backup Bidder at the Auction.

## IV.    Assumption and Assignment Notices & Procedures

20.     The procedures set forth below regarding the assumption and assignment of the executory contracts proposed to be assumed by the Debtors pursuant to section 365(b) of the Bankruptcy Code and assigned to the Stalking Horse Purchaser (or other Successful Bidder, if any) pursuant to section 365(f) of the Bankruptcy Code in connection with the Sale (the "**Assignment Procedures**") are hereby approved to the extent set forth herein. These Assignment Procedures shall govern the assumption and assignment of all of the Contracts to be assumed and assigned in connection with the Sale, subject to the payments necessary to cure any defaults arising under any such Contracts.

21.    No later than **March 21, 2023**, the Debtors shall file and serve on all non-Debtor counterparties to any Contract that may be assumed by the Debtors and assigned to the Stalking Horse Purchaser or other Successful Bidder after the results of the Auction (each a "**Contract Counterparty**" and, collectively, the "**Contract Counterparties**"), a written notice (the "**Initial Contract Counterparty Notice**"), a copy of which is attached hereto as Exhibit 5, that (i) informs such Contract Counterparties that (a) this Order has been entered; (b) each such Contract Counterparty's Contract with one or more of the Debtors may be assumed and assigned to the Stalking Horse Purchaser or other Successful Bidder; (c) documentation evidencing the Stalking Horse Purchaser's or other Successful Bidder's adequate assurance of future performance ("**Adequate Assurance Documentation**") is available upon request as set forth herein; and (d) delivery of the Adequate Assurance Documentation is conditioned on execution and delivery of the enclosed nondisclosure agreement; (ii) includes a copy of this Order; and (iii) includes a form nondisclosure agreement which shall be nonnegotiable.  Any request for Adequate Assurance Documentation **must** (i) be made in writing by email to TMAdequateAssurance@stretto.com; (ii) contain in the subject line, in all caps, the phrase "REQUEST FOR ADEQUATE ASSURANCE INFORMATION"; (iii) specify the email address(es) for delivery of such Adequate Assurance Documentation which shall be the only manner in which Adequate Assurance Documentation willl be provided; and (iv) include an executed nondisclosure agreement identical to the form provided with the Initial Contract Counterparty Notice.  In the event a Contract Counterparty makes a written request for Adequate Assurance Documentation in strict compliance with these procedures, then the Debtors shall supply responsive Adequate Assurance Documentation of the Stalking Horse Purchaser, if any, to such Contract Counterparty by **March 27, 2023**, or within 24 hours of receipt of a request that complies with the procedures set forth in the Initial Contract Counterparty

Notice, whichever is later. If the Debtors receive a request for Adequate Assurance Documentation which they believe does not comply with the procedures set forth in the Initial Contract Counterparty Notice, the Debtors will notify such party by email that its request is not in compliance.

22.     No later than **March 27, 2023**, the Debtors shall file and serve on all Contract Counterparties a notice substantially in the form attached hereto as Exhibit 3 (a "**Cure and Possible Assumption and Assignment Notice**"). The Cure and Possible Assumption and Assignment Notice shall inform each recipient of the timing and procedures relating to such assumption and assignment, and, to the extent applicable, (i) the title of the Contract, (ii) the name of the Contract Counterparty, (iii) the store location address for nonresidential real property leases, (iv) the Debtors' good faith estimate of the Cure Amount (if any) required in connection with assuming the Contracts, (v) the identity of the Stalking Horse Purchaser (as assignee, if applicable), and (vi) the Contract Objection Deadline (as defined below). The presence of a Contract on the Cure and Possible Assumption and Assignment Notice does not constitute an admission that such Contract is an executory contract or unexpired lease, and the presence of a Contract on any notice shall not prevent the Debtors from subsequently withdrawing such request for assumption or rejecting such Contract at any time before such Contract is actually assumed and assigned pursuant to the Sale Order.

23.     Objections, if any, to the Cure Amount set forth on the Cure and Possible Assumption and Assignment Notice, the possible assignment of a Contract, including with respect to the identity of or adequate assurance information provided by the Stalking Horse Purchaser (if any) (each, a "**Contract Objection**") **must** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature

of the objection and, if the objection pertains to the proposed Cure Amount, the correct Cure Amount alleged by the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 7, 2023 at 4:00 p.m. (prevailing Central Time)** (the **"Contract Objection Deadline"**):  (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn:   Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn:   Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas, jbougiamas@otterbourg.com.

24.     If a Contract Counterparty does not timely file and serve a Contract Objection that party will be forever barred from objecting to (i) the Debtors' proposed Cure Amount, (ii) the assumption and assignment of that party's Contract (including the adequate assurance of future performance of the Stalking Horse Purchaser), (iii) the related relief requested in the Motion, and (iv) the Sale.  Such party shall be forever barred and estopped from objecting to the Cure Amount, claiming any other monetary or non-monetary default then existing under the Contract, objecting to the assumption and assignment of that party's Contract (including the adequate assurance of

future performance of the Stalking Horse Purchaser), the relief requested in the Motion, whether applicable law excuses such Contract Counterparty from accepting performance by, or rendering performance to, the Stalking Horse Purchaser or the Successful Bidder or Backup Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Stalking Horse Purchaser or the Successful Bidder or Backup Bidder, as applicable with respect to such party's Contract.

25.     Following the Auction, and no later than **April 13, 2023**, the Debtors shall file with the Court and serve on the Contract Counterparties who are parties to a Contract to be assumed and assigned a further notice substantially in the form attached hereto as <u>Exhibit 4</u> (the "**Assumption Notice**"), stating which Contracts may be assumed and assigned to the Successful Bidder.

26.     To the extent the Successful Bidder or Backup Bidder are not the Stalking Horse Purchaser, then objections, if any, to the identity of the Successful Bidder and Backup Bidder or such Successful Bidder's and Backup Bidder's proposed adequate assurance of future performance (but not Cure Amount, objections to which must be made by the Contract Objection Deadline) (each, a "**Limited Contract Objection**") **must** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and include any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 17, 2023 at 4:00 p.m. (prevailing Central Time)** (the "**Limited Contract Objection Deadline**"):  (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel

to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors'
Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The
Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699;
Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a)
Lowenstein Sandler LLP, Attn:    Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz,
echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox
Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan
Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas,
jbougiamas@otterbourg.com.

27.    If a Contract Counterparty does not timely file and serve a Limited Contract
Objection that party shall be forever barred and estopped from objecting to the assumption and
assignment of that party's Contract to the Successful Bidder, if it is not the Stalking Horse
Purchaser or the Backup Bidder, if it is not the Stalking Horse Purchaser (including the adequate
assurance of future performance of the Successful Bidder, if it is not the Stalking Horse Purchaser
or the Backup Bidder, if it is not the Stalking Horse Purchaser), as any objection to the assumption
and assignment of the party's contract to the Stalking Horse Purchaser must have been filed by the
Contract Objection Deadline, whether applicable law excuses such Contract Counterparty from
accepting performance by, or rendering performance to, the Successful Bidder or the Backup
Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code.

28.    Where a Contract Counterparty files a timely Contract Objection by the Contract
Objection Deadline asserting a higher Cure Amount than the amount listed in the Cure and Possible
Assumption and Assignment Notice, or objecting to the possible assignment of that Contract
Counterparty's Contract, and the parties are unable to consensually resolve the dispute, the amount

16

to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the Contract to the Successful Bidder will be determined at the Sale Hearing, or such other hearing as agreed by the Debtors, the Successful Bidder, and the objecting party.  Likewise, where a Contract Counterparty files a timely Limited Contract Objection by the Limited Contract Objection Deadline, objecting to the identity of a Successful Bidder or Backup Bidder other than the Stalking Horse Purchaser or such Successful Bidder's proposed adequate assurance of future performance or Backup Bidder other than the Stalking Horse Purchaser or such Backup Bidder's proposed adequate assurance of future performance (but not Cure Amount, objections to which must have been made by the Contract Objection Deadline), and the parties are unable to consensually resolve the dispute, the Debtors' ability to assign the Contract to the Successful Bidder or Backup Bidder will be determined at the Sale Hearing, or such other hearing as agreed by the Debtors, the Successful Bidder, and the objecting party.

29.     The payment of the applicable Cure Amount by the Debtors (or a Successful Bidder), as applicable, shall (i) effect a cure of all monetary and non-monetary defaults then existing under the assigned Contract and (ii) compensate for any actual pecuniary loss to such counterparty resulting from such default.

30.     Although the Debtors intend to make a good faith effort to identify all Contracts that may be assumed and assigned in connection with a Sale, the Debtors may discover certain Contract(s) inadvertently omitted from the list of Contracts attached to the Cure and Possible Assumption and Assignment Notice as Appendix I, or a Successful Bidder may identity additional Contract(s) that it desires to assume and assign in connection with the Sale. Accordingly, the Debtors reserve the right, but only in accordance with the Asset Purchase Agreement of the Successful Bidder, or as otherwise agreed to by the Debtors and the Successful Bidder, at any time

after the service of the Assumption Notice and before the closing of a Sale, to (i) supplement the list of Contracts with previously omitted Contracts, (ii) remove Contracts from the list of Contracts ultimately selected as Contracts that a Successful Bidder proposes to be assumed and assigned to it in connection with a Sale, and/or (iii) modify the previously stated Cure Amount associated with any Contract. In the event the Debtors exercise any of these reserved rights, the Debtors will promptly file and serve a supplemental notice of contract assumption (a "**Supplemental Assumption Notice**") on each of the Contract Counterparties to such Contracts and their counsel of record, if any; *provided*, *however*, the Debtors may not add a Contract to the list of Contracts that has been previously rejected by the Debtors by order of the Court. Each Supplemental Assumption Notice will include the same information with respect to listed Contracts as was included in the Cure and Possible Assumption and Assignment Notice.  With respect to any Contract identified in a Supplemental Assumption Notice, the Contract Counterparty shall have no less than seven (7) days to file an objection and if the Sale Hearing occurs before such seven (7) day period has passed it will proceed solely as a status conference with respect to the assumption and assignment of such Contract.

## V.    Notice of the Sale Process

31.    The Bid Procedures and Sale Notice, the Cure and Possible Assumption and Assignment Notice, the Assumption Notice, and the Initial Contract Counterparty Notice in substantially the forms as annexed to this Order as Exhibit 2, Exhibit 3, Exhibit 4, and Exhibit 5 respectively, are hereby approved.

32.    No later than **March 21, 2023**, the Debtors (or their agent) shall serve the Sale Notice by first-class mail upon: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Secured Lenders; (d) counsel to 1903P Loan Agent, LLC; (e) counsel to the Stalking Horse Purchaser, if any; (f) all other parties who have expressed a written interest in the

Assets; (g) the United States Attorney's Office for the Northern District of Texas; (h) the Internal Revenue Service; (i) all state and local taxing authorities with an interest in the Assets; (j) the Attorney General for the State of Texas; (k) the Securities and Exchange Commission; (l) all other governmental agencies with an interest in the Sale and transactions proposed thereunder; (m) all parties known or reasonably believed to have asserted an Interest in the Assets; (n) the Contract Counterparties; (o) the Debtors' insurance carriers; and (p) all parties entitled to notice pursuant to Bankruptcy Rule 2002.

## VI.    The Sale Hearing

33.    The Sale Hearing will be conducted on **April 18, 2023 at 9:30 a.m. (prevailing Central Time)**. The Debtors, in consultation with the Consultation Parties, will seek entry of an order of the Court at the Sale Hearing approving and authorizing the sale of the Assets to the Successful Bidder. Upon entry of this Order, the Debtors are authorized to perform any obligation intended to be performed prior to the Sale Hearing or entry of the Sale Order with respect thereto. The Sale Hearing may be adjourned from time to time without further notice other than such announcement being made in open court or a notice of adjournment filed on the Court's docket.

## VII.    Objections to the Sale

34.    Excluding Contract Objections and Limited Contract Objections which are subject to the limitations set forth above, other objections, if any, to the relief requested in the Motion relating to the Sale of Assets to the Successful Bidder (each, a "**Sale Objection**") must: (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) be filed with the Court, and (iv) be served so it is actually received no later than **4:00 p.m. (prevailing Central Time) on April 14, 2023**, by (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn:

Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com.

35.     A party's failure to timely file a Sale Objection in accordance with this Order shall forever bar the assertion, at the applicable Sale Hearing or otherwise, of any objection to the relief requested in the Motion, or to the consummation of the Sale and the performance of the related transactions, including the transfer of the Assets to the applicable Successful Bidder(s), free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to be a "consent" for purposes of section 363(f) of the Bankruptcy Code.

## VIII.   Other Relief Granted

36.     Nothing in this Order or the Motion shall be deemed to or constitute the assumption or assignment of an executory contract or unexpired lease.

37.     The requirements of Bankruptcy Rules 6004(h) and 6006(d) are waived.

38.     The Debtors are hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or requirements.

39.     The Debtors, in consultation with the Consultation Parties, are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion; *provided* that Debtors shall not extend any deadlines or the timing of any events set forth

herein or in the Bid Procedures without the prior express consent of 1903P Agent, with such

consent not to be unreasonably withheld in its Permitted Discretion (as defined in the DIP Credit

Agreement).

40.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local

Rules to the contrary, and the Debtors, in consultation with the Consultation Parties, may, in their

discretion and without further delay, take any action and perform any act authorized under this

Order.

41.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.

# # # END OF ORDER # # #

## **Exhibit 1 to Bid Procedures Order**

**Bid Procedures**

Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

## BID PROCEDURES

On February 14, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

On March [__], 2023, the Bankruptcy Court entered an order [Docket No. [__]] (the "**Bid Procedures Order**") approving, among other things, these bid procedures (the "**Bid Procedures**").

These Bid Procedures set forth the process by which the Debtors are authorized to conduct the auction (the "**Auction**") for the sale (the "**Sale**") of the Assets. Subject to the entry of the Sale Order, the Sale may be implemented pursuant to the terms and conditions of the Stalking Horse Agreement, if any, as the same may be amended pursuant to the terms thereof, subject to the receipt of higher or otherwise better Bids (as defined below) in accordance with these Bid Procedures. Pursuant to the Bid Procedures, the Debtors, in consultation with the Official Committee of Unsecured Creditors (the "**Committee**") and 1903P Loan Agent, LLC ("**1903P Agent**" and together with the Committee, the "**Consultation Parties**") will determine the highest or otherwise best price for the sale of the Assets.

## A.    Important Dates

| |
|---|
| (All times are prevailing Central Time) |
| • **March 21, 2023:** Deadline for Debtors to serve this Order, file and serve the Sale Notice, and file and serve the Initial Contract Counterparty Notice |
| • **March 27, 2023 at 5:00 p.m.:** Deadline for Debtors to designate a Stalking Horse Purchaser, if any, file the Stalking Horse Notice, if any, file and serve the Cure and Possible Assumption and Assignment Notice, with |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

non-ECF service to occur by 11:59 p.m., and provide by email transmission Adequate Assurance Documentation of the Stalking Horse Purchaser, if any to Contract Counterparties who have properly submitted a request for same pursuant to the terms of the Initial Contract Counterparty Notice

- **April 3, 2023 at 4:00 p.m.:** Deadline to file objection to the designation of the Stalking Horse Purchaser and proposed Bid Protections, if any

- **April 4, 2023 at 9:30 a.m.:** Hearing on designation of Stalking Horse Purchaser and proposed Bid Protections, if any

- **April 6, 2023 at 4:00 p.m.:** Deadline to submit Qualifying Bid to be considered for the Auction

- **April 7, 2023 at 4:00 p.m.:** Deadline to file Contract Objection with respect to Stalking Horse Purchaser (including its identity and proposed adequate assurance) and Cure Amounts, defined herein as the Contract Objection Deadline

- **April 7, 2023:** Deadline to advise bidders of any Qualified Bids and to provide by email transmission Adequate Assurance Documentation of the Qualified Bidders, other than the Stalking Horse Purchaser, to Contract Counterparties who have properly submitted a request for same pursuant to the terms of the Initial Contract Counterparty Notice

- **April 12, 2023 at 10:00 a.m.:** Proposed date and time of Auction, to be held at the offices of Munsch Hardt Kopf & Harr. P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201 (or such other location as determined and noticed prior to the Auction)

- **April 13, 2023:** Debtors to file Notice of Successful Bidder and Backup Bidder, if any, and Assumption Notice

- **April 14, 2023 at 4:00 p.m.:** Deadline to file and serve objections to relief requested at Sale Hearing (other than objections required to be raised in a Contract Objection or Limited Contract Objection)

- **April 17, 2023 at 4:00 p.m.:** Deadline to file Limited Contract Objection with respect to Successful Bidder and Backup Bidder other than Stalking Horse Purchaser (limited to Successful Bidder's and Backup Bidder's identity and proposed adequate assurance but not including Cure Amounts)

- **April 18, 2023 at 9:30 a.m.:** Sale Hearing

## B.    Marketing Process

### 1.    Contact Parties

The Debtors and their advisors have developed a list of parties whom the Debtors believe may potentially be interested in and whom the Debtors reasonably believe would have the financial resources to consummate a Sale, which list includes both potential strategic and financial investors (each, individually, a "**Contact Party**", and collectively, the "**Contact Parties**"). The Debtors' Investment Banker, Piper Sandler, has contacted or will contact the Contact Parties to explore their interest in pursuing a Sale. The Contact Parties may include parties whom the Debtors or their advisors have previously contacted regarding a Sale, regardless of whether such parties expressed any interest, at such time, in pursuing a Sale. The Debtors will continue to discuss and may supplement the list of Contact Parties throughout the marketing process, as appropriate.

The Debtors may distribute to each Contact Party an "**Information Package**," which is comprised of:

(a)      a cover letter;

(b)      a copy of these Bid Procedures;

(c)      a copy of a confidentiality agreement in a form acceptable to the Debtors (the "**Confidentiality Agreement**"); and

(d)      a copy of the Stalking Horse Agreement or Form Purchase Agreement, as applicable.

## 2.      Access to Diligence Materials

To participate in the bidding process and to receive access to any materials relating to the Assets (the "**Diligence Materials**") in the Debtors' data room (the "**Data Room**), a party must agree to certain terms and conditions of confidentiality. To have access to certain other Diligence Materials, a party must also must submit to the Debtors an executed Confidentiality Agreement.

A party who qualifies for access to the Diligence Materials shall be a "**Preliminarily Interested Investor.**" All due diligence requests must be directed to Piper Sandler, proposed investment banker to the Debtors, Attn: Dustin Mondell, Email: dustin.mondell@psc.com.

For any Preliminary Interested Investor who is a competitor of the Debtors or is affiliated with any competitor of the Debtors, the Debtors in consultation with the Consultation Parties reserve the right to withhold any Diligence Materials that the Debtors determine are business-sensitive or otherwise not appropriate for disclosure to such Preliminary Interested Investor.

No due diligence will continue after the Bid Deadline (defined below). The Debtors shall provide the Stalking Horse Purchaser with access to all material due diligence materials, management presentations, on-site inspections, and other information provided to any Preliminary Interested Investor or Qualified Bidder that were not previously made available to the Stalking Horse Purchaser concurrently with the provision of such information or materials to such Preliminary Interest Investor or Qualified Bidder, as applicable.

## 3.      Selection of a Stalking Horse Bidder

The Debtors, in consultation with the Consultation Parties, may, but are not obligated to, enter into an asset purchase agreement (a "**Stalking Horse Agreement**") based on the Form Purchase Agreement (defined below) with a "**Stalking Horse Purchaser**" for the Sale of the Assets to establish a minimum bid at the Auction.

The Stalking Horse Agreement may contain (i) a break-up fee of not more than 3% of the Purchase Price (the "**Break-up Fee**"); and (ii) up to a maximum of $250,000.00 of expense reimbursement (for actual out-of-pocket third party expenses) (the "**Expense Reimbursement**", together with the Break-Up Fee, the "**Bid Protections**"))  The Bid Protections shall be an allowed administrative expense.

In the event that the Debtors select a party to serve as the Stalking Horse Purchaser on or before **March 27, 2023 at 5:00 p.m. (prevailing central time)**, upon such selection and no later

3

than such time, the Debtors shall file the Stalking Horse Notice with the Bankruptcy Court and parties in interest shall have until **April 3, 2023 at 4:00 p.m. (prevailing Central Time)** to file an objection to the designation of the Stalking Horse Purchaser and the Bid Protections set forth in the Stalking Horse Agreement.  Absent objection, the Debtors may submit an order to the Court under certificate of counsel approving the designation of the Stalking Horse Purchaser and the Bid Protections.  In the event of a timely filed objection, the Bankruptcy Court will conduct a hearing to resolve such objection on **April 4, 2023 at 9:30 a.m. (prevailing Central Time)**.

4.      **Auction Qualification Process**

To be eligible to participate in the Auction, each offer, solicitation, or proposal (each, a "**Bid**"), and each party submitting such a Bid (each, a "**Bidder**"), must be determined by the Debtors to satisfy each of the following conditions:

(1)     **Good Faith Offer; Partial Bids:**  Each Bid must constitute a good faith, bona fide offer to purchase substantially all of the Assets.

(2)     **Good Faith Deposit:** Each Bid must be accompanied by a deposit in the amount of ten percent (10%) of the Bid's proposed cash purchase price to an interest bearing escrow account to be identified and established by the Debtors (the "**Good Faith Deposit**").

(3)     **Terms:** A Bid must be on terms that are substantially the same or better than the terms of the Stalking Horse Agreement, if applicable, as determined by the Debtors in consultation with the Consultation Parties.  Any bid comprised in whole or in part of a credit bid must provide for the payment in full in cash of all undisputed and valid secured claims senior to the secured claims of the creditor making the credit bid, at the closing of any Sale.

(4)     **Executed Agreement**: To be deemed a "**Qualifying Bid**", a Bid must be (i) if a Stalking Horse Purchaser has been designated for the Assets, substantially the same terms as, or terms more favorable to the Debtors and their estates than, the terms set forth in a Stalking Horse Agreement, if applicable and include a redline marked against the Stalking Horse Agreement; and (ii) otherwise, in the form of the Purchase Agreement to be included in the Data Room (the "**Form Purchase Agreement**") and include a redline marked against the Form Purchase Agreement. A Bid, other than the bid of the Stalking Horse Purchaser, if any, will not be considered qualified for the Auction if (i) such Bid contains additional material representations and warranties, covenants, closing conditions, termination rights other than as may be included in the Form Purchase Agreement or the Stalking Horse Agreement (it being agreed and understood such Bid shall modify the Stalking Horse Agreement as needed to comply in all respects with the Bid Procedures Order and will remove provisions that apply only to the Stalking Horse Purchaser such as the Bid Protections) (a "**Modified Purchase Agreement**"); (ii) such Bid is not received by the Debtors in writing on or prior to the Bid Deadline, and (iii) such Bid does not contain evidence that the Person submitting it has received unconditional debt and/or equity funding commitments (or has

4

unrestricted and fully available cash) sufficient in the aggregate to finance the purchase contemplated thereby, including proof the Good Faith Deposit has been made. Each Modified Purchase Agreement must provide a commitment to close within two (2) business days after all closing conditions are met.

(5)     **Designation of Contracts and Leases**: A Bid must identify any and all executory contracts and unexpired leases of the Debtors that the Bidder wishes to be assumed pursuant to a Sale. A Bid must specify whether the Debtors or the Bidder will be responsible for any cure costs associated with such assumption, and include a good faith estimate of such cure costs (which estimate shall be provided by the Debtors).

(6)     **Designation of Assumed Liabilities**: A Bid must identify all liabilities which the Bidder proposes to assume.

(7)     **Amount of Bid:**  Each Bid or combination of Bids must be for all of the Assets and shall clearly show the amount of the purchase price.  In the event that there is a Stalking Horse Purchaser, the aggregate consideration proposed by the Qualifying Bidder must equal or exceed the sum of the amount of the purchase price under the Stalking Horse Agreement plus (i) any Break-Up Fee **plus** (ii) any Expense Reimbursement **plus** (iii) $500,000.00 (the "**Initial Overbid**").  Any bid comprised in whole or in part of a credit bid must provide for the payment in full in cash of all undisputed and valid secured claims senior to the secured claims of the creditor making the credit bid, at the closing of any Sale.

(8)     **Corporate Authority:** Written evidence reasonably acceptable to the Debtors in consultation with the Consultation Parties demonstrating appropriate corporate authorization to consummate the proposed transaction; *provided, however*, if the Bidder is an entity specially formed for the purpose of effectuating the transaction, then the Bidder must furnish written evidence reasonably acceptable to the Debtors in consultation with the Consultation Parties of the approval of the transaction by the equity holder(s) of such Bidder.

(9)     **Disclosure of Identity of Potential Bidder**: A Bid must fully disclose the identity of each entity that will be bidding for or purchasing the Assets or otherwise participating in connection with such Bid (including the identity of any parent companies of such entity), and the complete terms of any such participation, including any connections, agreements, arrangements or understanding with the Debtors, the Stalking Horse Purchaser, or any other known, potential, or prospective bidder, or Potential Bidder, or any officer, director, or equity holder of the Debtors. Under no circumstances shall any undisclosed principals, equity holders or financial backers be associated with any Bid. Each Bid must also include contact information for the specific person(s) and counsel whom the Debtors' advisors should contact regarding such Bid.

(10)    **Proof of Financial Ability to Perform:** Written evidence the Debtors in consultation with the Consultation Parties reasonably conclude demonstrates the Bidder has the necessary financial ability to close the transaction and provide

adequate assurance of future performance under all contracts to be assumed and assigned in such transaction. Such information should include, *inter alia*, the following:

(a)     contact names and numbers for verification of financing sources,

(b)     written evidence of the Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the transaction;

(c)     the Bidder's current financial statements (audited if they exist);

(d)     a description of the Bidder's pro forma capital structure; and

(e)     any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors in consultation with the Consultation Parties demonstrating such Bidder has the ability to close the transaction; *provided, however*, the Debtors in consultation with the Consultation Parties shall determine in their reasonable discretion whether the written evidence of such financial wherewithal is reasonably acceptable, and shall not unreasonably withhold acceptance of a Bidder's financial qualifications.

(11)    **Regulatory and Third Party Approvals**:  A Bid must set forth each regulatory and third-party approval required for the Bidder to consummate the Sale, and the time period within which the Bidder expects to receive such regulatory and third-party approvals.

(12)    **Employees**:  A Bid must detail the treatment of the employees of the Debtors and their subsidiaries.

(13)    **Conditions/Contingencies:** A Bid may not be conditioned on obtaining financing or any internal approval, or on the outcome or review of due diligence.

(14)    **Irrevocable:** A Bid must be irrevocable until two (2) business days after the closing of the Sale. Each Bidder further agrees that its Bid, if not chosen as the Successful Bidder, shall serve, without modification, as a Backup Bidder (as defined below) as may be designated by the Debtors at the Sale Hearing, in the event the Successful Bidder fails to close as provided in the Successful Bidder's purchase agreement, as modified, if at all, and the Sale Order.

(15)    **Time Frame for Closing**: A Bid by a Bidder must be reasonably likely (based on antitrust or other regulatory issues, experience, and other considerations) to be consummated, if selected as the Successful Bid, within a time frame acceptable to the Debtors but in no event later than three (3) days after entry of the Sale Order.

(16)    **Consent to Jurisdiction:**  Each Bidder must submit to the jurisdiction of the Bankruptcy Court to enter an order or orders, which shall be binding in all respects, in any way related to the Debtors, the Bid Procedures, and the Auction.

(17) **Disclaimer of Fees:** Each Bid (other than the Stalking Horse Agreement) must disclaim any right to receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. For the avoidance of doubt, no Qualified Bidder (other than the Stalking Horse Purchaser) will be permitted to request, nor be granted by the Debtors, at any time, whether as part of the Auction or otherwise, a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation. By submitting its Bid, each Bidder (other than the Stalking Horse Purchaser) is agreeing to refrain from and waive any assertion or request for reimbursement on any basis, including pursuant to Bankruptcy Code section 503(b).

(18) **Bid Deadline:** Regardless of when a party qualifies as a Preliminarily Interested Investor, the Debtors must receive a Bid in writing, on or before **April 6, 2023 at 4:00 p.m. (prevailing Central Time)** or such later date as may be agreed to by the Debtors with the prior consent of 1903P Agent (the "**Bid Deadline**"). Bids must be sent to the following by the Bid Deadline to be considered: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com.

A Bid received from a Bidder before the Bid Deadline that meets the above requirements shall constitute a "**Qualified Bid**," and such Bidder shall constitute a "**Qualified Bidder**." Only a secured creditor holding an undisputed and valid secured claim against the Assets has the right under section 363(k) of the Bankruptcy Code or otherwise to credit bid.

No later than **April 7, 2023**, the Debtors and their advisors in consultation with the Consultation Parties will determine which Bidders are Qualified Bidders and will notify such Bidders whether Bids submitted constitute Qualified Bids so as to enable such Qualified Bidders to attend the Auction. Any Bid that is not deemed a Qualified Bid will not be considered by the Debtors. The Stalking Horse Agreement submitted by the Stalking Horse Purchaser will be deemed a Qualified Bid, qualifying the Stalking Horse Purchaser as a Qualified Bidder to participate in the Auction. To the extent there is any dispute regarding whether a bidder is a Qualified Bidder, such dispute may be raised with the Bankruptcy Court on an expedited basis prior to the commencement of the Auction.

Between the date that the Debtors notify a Bidder that it is a Qualified Bidder and the Auction, the Debtors in consultation with the Consultation Parties may discuss, negotiate, or seek

clarification of any Qualified Bid from a Qualified Bidder. Without the prior written consent of the Debtors, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the consideration contemplated by, or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in these Bid Procedures; *provided* that any such Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bid Procedures.

Prior to the Auction, the Debtors and their advisors will evaluate Qualified Bids and identify the Qualified Bid that is, in the Debtors' reasonable business judgment in consultation with the Consultation Parties, the highest or otherwise best bid (the "**Starting Bid**"). For the avoidance of doubt, if there is a Stalking Horse Bid, the Starting Bid shall equal (or exceed) an amount equal to the value of the Stalking Horse Agreement plus the Initial Overbid. In making such determination, the Debtors in consultation with the Consultation Parties will take into account, among other things, the execution risk attendant to any submitted bids. Within twenty-four (24) hours of such determination, but in no event later than twenty-four (24) hours before the start of the Auction, the Debtors will (i) notify the Stalking Horse Purchaser as to which Qualified Bid is the Starting Bid and (ii) distribute copies of the Starting Bid to each Qualified Bidder who has submitted a Qualified Bid.

## C.    Auction

If two or more Qualified Bids are received by the Bid Deadline, the Debtors in consultation with the Consultation Parties will conduct the Auction to determine the highest and best Qualified Bid or combination of Qualified Bids. This determination shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the estates, including, *inter alia,* the following: (a) the amount and nature of the consideration; (b) the proposed assumption of any liabilities and/or executory contracts or unexpired leases, if any, and the excluded assets and/or executory contracts or unexpired leases, if any; (c) the ability of the Qualified Bidder to close the proposed Transaction and the conditions related thereto, and the timing thereof; (d) whether the Bid is a bulk bid for all of the Debtors' assets or a partial bid; (e) the proposed closing date and the likelihood, extent and impact of any potential delays in closing; (f) any purchase price adjustments; (g) the impact of the Transaction on any actual or potential litigation; (h) the net after-tax consideration to be received by the Debtors' estates; and (i) the tax consequences of such Qualified Bid (collectively, the "**Bid Assessment Criteria**").

If no Qualified Bids other than the Stalking Horse Bid are received prior to the Bid Deadline, then the Auction will not occur, the Stalking Horse Agreement may be deemed the Successful Bid, and, subject to the termination rights under the Stalking Horse Agreement, the Debtors will pursue entry of an order by the Bankruptcy Court authorizing the Sale to the Stalking Horse Purchaser as soon as practicable.

At any time prior to the Bid Deadline, the Debtors, in consultation with the Consultation Parties, may cancel the Auction prior to receipt of any Qualified Bids and pursue a sale of the Assets pursuant to a plan process. The Debtors shall provide notice of such cancellation to all Notice Parties.

*Procedures for Auction*

The Auction, if necessary, will take place at the offices of Munsch Hardt Kopf & Harr, P.C., 500 N. Akard St., Suite 3800, Dallas, Texas 75201 or such other location announced in advance of the Auction on **April 12, 2023 at 10:00 a.m. (prevailing Central Time)** or such later time on such day or other place as the Debtors, with the prior consent of 1903P Agent, with such consent not to be unreasonably withheld in its Permitted Discretion (as defined in the DIP Credit Agreement), shall notify all Bidders who have submitted Qualified Bids. Only the Stalking Horse Purchaser and such other Qualified Bidders will be entitled to make any Bids at the Auction.

1.      **The Debtors Shall Conduct the Auction**

The Debtors and their professionals, consulting with the Consultation Parties, shall direct and preside over the Auction and the Auction shall be transcribed or videotaped. Counterparties to executory contracts or unexpired leases or their designated representatives may attend the Auction in person, but may not participate in the Auction unless they are a Qualified Bidder, provided that such counterparties send an email to Debtors' counsel, Conor White at cwhite@munsch.com at least two (2) business days in advance of the Auction, unequivocally stating its intention to attend the Auction in person, identifying the counterparty and the contracts or leases impacted by the Auction. At the start of the Auction the Debtors shall describe the terms of the Starting Bid and provide each participant in the Auction with a copy of the Modified Purchase Agreement associated with the Starting Bid.

All Bids made thereafter shall be Overbids (as defined below), and shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all Bidders who have submitted Qualified Bids. The Debtors shall maintain a transcript of all bids made and announced at the Auction, including the Starting Bid and all Overbids. Upon the solicitation of each round of Overbids, the Debtors in consultation with the Consultation Parties may announce a deadline (as the Debtors may, in their business judgment extend from time to time with the consent of ) by which time any Overbids must be submitted to the Debtors.

2.      **Terms of Overbids**

An "**Overbid**" is any Bid made at the Auction subsequent to the Debtors' announcement of the Starting Bid. To submit an Overbid for purposes of this Auction, a Bidder must comply with the following conditions:

(1)      **Minimum Overbid Increment**

Any Overbid after the Starting Bid shall be made in increments of at least $500,000.00 (the "**Minimum Overbid Increment**"). Additional consideration in excess of the amount set forth in the Starting Bid may include cash and/or non-cash consideration; *provided*, *however* that the value for such non-cash consideration shall be determined by the Debtors in consultation with the Consultation Parties in their reasonable business judgment.

(2)      **Remaining Terms Are the Same as for Qualified Bids**

Except as modified herein, an Overbid must comply with the conditions for a

Qualified Bid set forth above; *provided, however*, the Bid Deadline shall not apply and no additional Good Faith Deposit shall be required beyond the Good Faith Deposit previously submitted by a Qualified Bidder; *provided* that the Successful Bidder (other than the Stalking Horse Purchaser) shall be required to make a representation at the end of the Auction that it will provide any additional deposit necessary so that its Good Faith Deposit is equal to the amount of ten percent (10%) of the cash purchase price contained in the Successful Bid. Any Overbid must include, in addition to the amount and form of consideration of the Overbid, a description of all changes (if any) requested by the Qualified Bidder to the Stalking Horse Agreement or a previously submitted Modified Purchase Agreement, in connection therewith (including any changes to the designated assigned contracts and leases and assumed liabilities). Any Overbid must remain open and binding on the Bidder until and unless the Debtors accept a higher Overbid (except to the extent required to serve as the Backup Bid).

To the extent not previously provided (which shall be determined by the Debtors), a Bidder submitting an Overbid must submit, as part of its Overbid, written evidence (in the form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtors in consultation with the Consultation Parties) demonstrating such Bidder's ability to close the transaction proposed by such Overbid.

(3)    **Announcing Overbids**

The Debtors shall announce at the Auction the material terms of each Overbid, the basis for calculating the total consideration offered in each such Overbid and the resulting benefit to the Debtors' estates based on, *inter alia,* the Bid Assessment Criteria.

(4)    **Consideration of Overbids**

Subject to the deadlines set forth herein, the Debtors reserve the right, in their reasonable business judgment and in consultation with the Consultation Parties to make one or more adjournments in the Auction to, among other things, facilitate discussions between the Debtors and individual Bidders and allow individual Bidders to consider how they wish to proceed.

**3.    No Collusion; Good-Faith *Bona Fide* Offer**

Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction (i) it has not engaged in any collusion with respect to the Sale or bidding (including it has no agreement with any other Bidder or Qualified Bidder to control the price) and (ii) its Qualified Bid is the good-faith *bona fide* offer and it intends to consummate the proposed transaction if selected as the Successful Bidder.

**4.    Backup Bidder**

Notwithstanding anything in the Bid Procedures to the contrary, if an Auction is conducted, the party(ies) with the next highest or otherwise best Qualified Bid (or combination of Qualified Bids) at the Auction, as determined by the Debtors in the exercise of their business judgment in consultation with the Consultation Parties, shall be required to serve as backup bidder (the "**Backup Bidder**"). The Backup Bidder shall be required to keep its initial Bid(s) (or if the Backup

Bidder submitted one or more Overbids at the Auction, its final Overbid) (the "**Backup Bid**") open and irrevocable until the earlier of 4:00 p.m. (prevailing Central Time) on the date that is twenty five (25) days after the date of the Sale Hearing (the "**Outside Backup Date**") or the closing of the transaction with the Successful Bidder. Following entry of the Sale Order, if the Successful Bidder fails to consummate an approved transaction because of a breach or failure to perform on the part of such Successful Bidder, the Debtors in consultation with the Consultation Parties may designate the Backup Bidder to be the new Successful Bidder, and the Debtors in consultation with the Consultation Parties will be authorized, but not required, to consummate the transaction with the Backup Bidder without further order of the Bankruptcy Court. In such case, the defaulting Successful Bidder's deposit, if any, shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Successful Bidder. The closing date to consummate the transaction with the Backup Bidder shall be no later than the later of twenty five (25) days after the date the Debtors provide notice to the Backup Bidder the Successful Bidder failed to consummate a sale and the Debtors desire to consummate the transaction with the Backup Bidder or five (5) days after necessary regulatory approvals are completed by the Backup Bidder and/or the Debtors. The deposit, if any, of the Backup Bidder shall be held by the Debtors until the earlier of two (2) business days after (a) the closing of the Sale with the Successful Bidder and (b) the Outside Backup Date; *provided*, *however*, in the event the Successful Bidder does not consummate the transaction as described above and the Debtors provide notice to the Backup Bidder, the Backup Bidder's deposit shall be held until the closing of the transaction with the Backup Bidder. In the event the Debtors fail to consummate a transaction with the Backup Bidder as described above, the Backup Bidder's deposit shall be forfeited to the Debtors' estates, and the Debtors specifically reserve the right to seek all available damages from the defaulting Backup Bidder.

In the event that a Successful Bidder does not consummate the transaction and a Backup Bidder has been previously identified, the Debtors shall file and serve a Notice of Intent to Proceed with Backup Bid.

### 5.    Additional Procedures

The Debtors in consultation with the Consultation Parties may announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, the amount of time to make subsequent Overbids) for conducting the Auction so long as such rules are not inconsistent with these Bid Procedures or the Stalking Horse Agreement.

### 6.    Consent to Jurisdiction as Condition to Bidding

All Qualified Bidders, and all Bidders at the Auction, shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection with any disputes relating to the Stalking Horse Agreement, the Auction, or the construction and enforcement of any Transaction Documents.

### 7.    Closing the Auction

The Auction shall continue until there is only one Qualified Bid or combination of Qualified Bids that the Debtors in consultation with the Consultation Parties determine in their

reasonable business judgment after consultation with their financial and legal advisors, is the highest and best Qualified Bid(s) at the Auction (the "**Successful Bid**" and the Bidder(s) submitting such Successful Bid, the "**Successful Bidder**"). In making this decision, the Debtors, in consultation with their financial and legal advisors and in consultation with the Consultation Parties, shall consider the Bid Assessment Criteria.

The Auction shall not close unless and until all Bidders who have submitted Qualified Bids have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid and the Successful Bidder has submitted fully executed Transaction Documents memorializing the terms of the Successful Bid.

The ultimate Successful Bidder will be decided at the conclusion of the Auction.

The Auction shall close when the Successful Bidder submits fully executed sale and transaction documents memorializing the terms of the Successful Bid.

Promptly following the Debtors' selection of the Successful Bid and the conclusion of the Auction, the Debtors shall announce the Successful Bid and Successful Bidder and the Backup Bid and Backup Bidder, if any, and shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder and the Backup Bid and Backup Bidder.

The Debtors shall not consider any Bids submitted after the conclusion of the Auction.

**8.      Expense Reimbursement and Break-Up Fee**

To the extent payable in accordance with any Stalking Horse Agreement, the Expense Reimbursement and Break-Up Fee shall be paid as provided in the Stalking Horse Agreement and shall constitute an allowed administrative expense claim against the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 363, 503(b), and 507(a)(2); *provided, however*, that such amounts shall only be paid from the proceeds of a consummated Sale of the Assets.

**D.      Procedures for Determining Cure Amounts and Adequate Assurance for Contract Counterparties to Assigned Contracts**

By **March 27, 2023**, the Debtors shall send a notice to each counterparty to an executory contract or unexpired lease (each a "**Contract Counterparty**") setting forth the Debtors' calculation of the Cure Amount, if any, that would be owing to such Contract Counterparty if the Debtors decided to assume or assume and assign such executory contract or unexpired lease, and alerting such Contract Counterparty that their contract may be assumed and assigned to the Successful Bidder (the "**Cure and Possible Assumption and Assignment Notice**"), a copy of which is attached to the Bid Procedures Order as <u>Exhibit 3</u>. Any Contract Counterparty that objects to the Cure Amount set forth in the Cure and Possible Assumption and Assignment Notice, the possible assignment of its executory contract or unexpired lease, or the proposed form of adequate assurance of future performance of the Stalking Horse Purchaser with respect to such contract or lease, must file an objection (a "**Contract Objection**") on or before **4:00 p.m. prevailing Central Time on April 7, 2023**, which Contract Objection must be served on (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed

Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com. If a Contract Counterparty does not timely file and serve a Contract Objection, that party will be forever barred from objecting to (a) the Debtors' proposed Cure Amount, or (b) the assignment of that party's executory contract or unexpired lease to the Stalking Horse Purchaser. Where a Contract Counterparty to an Assigned Contract files a timely Contract Objection asserting a higher Cure Amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that Contract Counterparty's executory contract or unexpired lease, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the executory contract or unexpired lease to the Successful Bidder will be determined at the Sale Hearing, or such other hearing as agreed by the Debtors, the Successful Bidder, and the objecting party.

To the extent the Successful Bidder or Backup Bidder are not the Stalking Horse Purchaser, then objections, if any, to the identity of the Successful Bidder and Backup Bidder or such Successful Bidder's and Backup Bidder's proposed adequate assurance of future performance (but not Cure Amount, objections to which must be made by the Contract Objection Deadline) (each, a "**Limited Contract Objection**") must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and include any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 17, 2023 at 4:00 p.m. (prevailing Central Time)** (the "Limited Contract Objection Deadline"): (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas, jbougiamas@otterbourg.com. If a Contract Counterparty does not timely file and serve a Limited Contract Objection that party will be forever barred from objecting to the assumption and assignment of that party's Contract (including the adequate assurance of future performance of the Successful Bidder, if it is not the Stalking Horse Purchaser or the Backup Bidder, if it is not the Stalking Horse Purchaser), as any objection to the assumption and assignment of the party's Contract to the Stalking Horse Purchaser must have been filed by the Contract Objection Deadline. Such party shall be forever barred and

estopped from objecting to the assumption and assignment of that party's Contract (including the adequate assurance of future performance of the Successful Bidder, if it is not the Stalking Horse Purchaser or the Backup Bidder, if it is not the Stalking Horse Purchaser), as any objection to the assumption and assignment of the party's contract to the Stalking Horse Purchaser must have been filed by the Contract Objection Deadline, whether applicable law excuses such Contract Counterparty from accepting performance by, or rendering performance to, the Successful Bidder or the Backup Bidder, as applicable, for purposes of section 365(c)(1) of the Bankruptcy Code and from asserting any additional cure or other amounts against the Debtors and the Stalking Horse Purchaser or Successful Bidder, as applicable, with respect to such party's Contract.

**E.     Sale Hearing**

The Bankruptcy Court has scheduled a hearing (the "**Sale Hearing**") on **April 18, 2023, at 9:30 a.m. (prevailing Central Time)**, at which hearing the Debtors may, in their discretion, seek approval of the Sale with the Successful Bidder.

Objections to the sale of the Assets to the Successful Bidder or Backup Bidder, other than the Stalking Horse Purchaser and other than Contract Objections and Limited Contract Objections (as defined in the Bid Procedures Order), must be filed, comply with the Bankruptcy Rules and Local Rules, and be served so they are actually received by no later than **4:00 p.m. (prevailing Central Time) on April 14, 2023** (except for any objection that arises at the Auction) by the following: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn:  Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com.

**F.     Return of Good Faith Deposit**

The Good Faith Deposits of all Qualified Bidders shall be held in one or more interest-bearing escrow accounts by the Debtors, but shall not become property of the Debtors' estates absent further order of the Court.  The Good Faith Deposits of any Qualified Bidder that is neither the Successful Bidder nor the Backup Bidder shall be returned to such Qualified Bidder not later than two (2) business days after the Sale Hearing. The Good Faith Deposit of the Backup Bidder shall be returned to the Backup Bidder on the date that is the earlier of (i) five (5) business days after the closing of the Sale with the Successful Bidder and (ii) the Outside Backup Date. Upon the return of the Good Faith Deposits, their respective owners shall receive any and all interest that will have accrued thereon. If the Successful Bidder timely closes the winning transaction, its Good Faith Deposit shall be credited towards its purchase price.

**G.     Consultation Parties**

To the extent that these Bidding Procedures require the Debtors to consult with the Consultation Parties in connection with making a determination or taking any action, or in connection with any other matter related to these Bidding Procedures or at the Auction, if any, the Debtors shall do so in a regular, prompt and timely manner prior to making such determination or taking any such action; *provided*, however, that during any period in which a Consultation Party has submitted a Qualified Bid and has become a Qualified Bidder, such Consultation Party shall no longer be considered a Consultation Party under these Bidding Procedures.

**H.      Reservation of Rights**

The Debtors in consultation with the Consultation Parties reserve their rights to modify these Bid Procedures in their reasonable business judgment in any manner that will best promote the goals of the bidding process or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Assets, including, without limitation: (a) adjourning the Auction at the Auction and/or adjourning the Sale Hearing in open court without further notice; (b) reopening the Auction to consider further Bids or Overbids; (c) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction (*e.g.*, the amount of time to make subsequent overbids, whether a non-conforming Bid constitutes a Qualified Bid); (d) canceling the Auction; (e) modifying the amount of the overbid increments; (f) rejecting any or all Bids or Qualified Bids (including the Stalking Horse Agreement), in all cases, subject to the Stalking Horse Agreement, the Bid Procedures, and the Bid Procedures Order.

## **Exhibit 2 to Bid Procedures Order**

**Bid Procedures and Sale Notice**

Exhibit 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF BID PROCEDURES,
AUCTION, HEARING AND DEADLINES RELATING
TO THE SALE OF CERTAIN OF THE ASSETS OF THE DEBTORS**

**PLEASE TAKE NOTICE** that on February 24, 2023, the above-captioned debtors and debtors in possession (the "**Debtors**") in the above-captioned case (the "**Bankruptcy Case**"), filed a *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Designate a Stalking Horse Purchaser, (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. [271] (the "**Bid Procedures and Sale Motion**").[2] The Debtors seeks to complete a sale (the "**Transaction**") of Certain of their assets (the "**Assets**") to a prevailing bidder or bidders (the "**Successful Bidder**") at an auction free and clear of all liens, claims, encumbrances and other interests pursuant to Bankruptcy Code section 363 (the "**Auction**").

**PLEASE TAKE FURTHER NOTICE** that, on March [_____], 2023 the Bankruptcy Court entered an order [Docket No. _____] (the "**Bid Procedures Order**") approving the Bid Procedures set forth in the Bid Procedures and Sale Motion (the "**Bid Procedures**"), which set the key dates and times related to the sale of the Debtors' Assets. **All interested bidders should carefully read the Bid Procedures**. To the extent there are any inconsistencies between the Bid Procedures and the summary description of its terms and conditions contained in this notice, the terms of the Bid Procedures shall control.

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Bid Procedures and Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures, the Debtors must receive a Qualified Bid from interested bidders in writing, on or before **April 6, 2023 at 4:00 p.m. (prevailing Central Time)** or such later date as may be agreed to by the Debtors with the prior consent of 1903P Agent (the "**Bid Deadline**"). To be considered, Qualified Bids must be sent to the following at or before the Bid Deadline: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn:   Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn:  Trey Monsour:  tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn:  Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg. com

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, if the Debtors receive one or more Qualified Bids (other than the Stalking Horse Agreement) by the Bid Deadline, the Auction will be conducted at the offices of Munsch Hardt Kopf & Harr, PC, 500 N. Akard St., Suiter 3800, Dallas, Texas 75201 on **April 12, 2023 at 10:00 a.m. (prevailing Central Time)**, or at such other place, date and time as may be designated by the Debtors.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, the Debtors have designated certain Assigned Contracts that may be assumed or assumed and assigned to the Successful Bidder. By **March 27, 2023**, the Debtors shall send a notice to each counterparty to an Assigned Contract setting forth the Debtors' calculation of the Cure Amount, if any, that would be owing to such counterparty if the Debtors decided to assume or assume and assign such Assigned Contract, and alerting such nondebtor party that their contract may be assumed and assigned to the Successful Bidder (the "**Cure and Possible Assumption and Assignment Notice**").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Bid Procedures, any counterparty that objects to the Cure Amount set forth in the Cure and Possible Assumption and Assignment Notice, the possible assignment of their Assigned Contract(s), or the proposed form of adequate assurance of future performance of the Stalking Horse Purchaser, if any, with respect to such contract or lease must file with the Bankruptcy Court and serve an objection (a "**Contract Objection**") so it is actually received on or before **4:00 p.m. prevailing Central Time on April 7, 2023**, by (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn:  Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent

Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com. Where a counterparty to an Assigned Contract files a timely Cure or Assignment Objection asserting a higher Cure Amount than the amount listed in the Cure and Possible Assumption and Assignment Notice, or an objection to the possible assignment of that counterparty's Assigned Contract, and the parties are unable to consensually resolve the dispute, the amount to be paid under Bankruptcy Code section 365 (if any) or, as the case may be, the Debtors' ability to assign the Assigned Contract to the Successful Bidder or the Backup Bidder will be determined at the Sale Hearing (as defined below), or such other hearing as agreed by the Debtors, the Successful Bidder, and the objecting party.

**PLEASE TAKE FURTHER NOTICE** that to the extent the Successful Bidder or Backup Bidder are not the Stalking Horse Purchaser, then objections, if any, to the identity of the Successful Bidder and Backup Bidder or such Successful Bidder's and Backup Bidder's proposed adequate assurance of future performance (but not Cure Amount, objections to which must be made by the Contract Objection Deadline) (each, a "**Limited Contract Objection**") **must** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and include any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 17, 2023 at 4:00 p.m. (prevailing Central Time)** (the "**Limited Contract Objection Deadline**"): (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas, jbougiamas@otterbourg.com.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held to approve the sale of the Assets to the Successful Bidder (the "**Sale Hearing**") in Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102 on **April 18, 2023 at 9:30 a.m. (prevailing Central Time)**, or at such time thereafter as counsel may be heard or at such other time as the Bankruptcy Court may determine. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or on the agenda for such Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that Objections to the sale of the Assets to the Successful Bidder other than the Stalking Horse Purchaser, and other than objections due by the Contract Objection Deadline or Limited Contract Objection Deadline (as defined in the Bid Procedures Order) must be filed and served so they are received no later than **4:00 p.m. (prevailing**

**Central Time) on April 14, 2023**, by (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: **Erin Schmidt**, **Erin.Schmidt@usdoj.gov**; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn:  Jeffrey Cohen,  **jcohen@lowenstein.com**; Eric Chafetz, **echafetz@lowenstein.com** and Brent Weisenberg, **bweisenberg@lowenstein.com** and (b) Fox Rothschild, Attn: Trey Monsour:  **tmonsour@foxrothschild.com** and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn:  Chad Simon, **csimon@otterbourg.com** and John Bougiamas jbougiamas@otterbourg.com

PLEASE TAKE FURTHER NOTICE that the Debtors are seeking to waive the fourteen-day stay period under Bankruptcy Rules 6004(h) and 6006(d) in order for the Sale to close immediately upon entry of the Sale Order by this Court.

PLEASE TAKE FURTHER NOTICE that this notice is subject to the full terms and conditions of the Bid Procedures and Sale Motion, the Bid Procedures Order and the Bid Procedures, which shall control in the event of any conflict, and the Debtors encourage parties in interest to review such documents in their entirety. A copy of the Bid Procedures and Sale Motion, the Bid Procedures and the Bid Procedures Order may be obtained: (a) upon request from the Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C.; Attn: Conor P. White: cwhite@munsch.com; (b) for free from the website of the Debtors' noticing agent, Stretto, https://cases.stretto.com/tuesdaymorning/, and (c) for a fee via PACER..

RESPECTFULLY SUBMITTED this [__] day of March, 2023

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

and

Robin Phelan
State Bar No. 15903000
**PHELAN LAW**
4214 Woodfin Drive
Dallas, TX 75220
Telephone: 214.704.0222
Email: robin@phelanlaw.com

**PROPOSED SPECIAL COUNSEL TO THE
DEBTORS**

## **Exhibit 3 to Bid Procedures Order**

**Cure and Possible Assumption and Assignment Notice**

Exhibit 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE
AMOUNTS AND POSSIBLE ASSIGNMENT TO THE STALKING HORSE
PURCHASER OR SUCH OTHER SUCCESSFUL BIDDER AT AUCTION**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR
> AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY
> CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.[2]**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD (1) READ THIS NOTICE
> CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS
> DESCRIBED HEREIN AND (2) LOCATE THEIR NAME AND CONTRACT AND/OR
> LEASE ON APPENDIX I HERETO**

**PLEASE TAKE NOTICE** that on February 24, 2023, the above-captioned debtors and debtors in possession (the "**Debtors**") filed a motion (the "**Bid Procedures and Sale Motion**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**").

**PLEASE TAKE FURTHER NOTICE** that on March [_____], 2023, the Bankruptcy Court entered an order [Docket No. __] (the "**Bid Procedures Order**"), which (a) set key dates, times and procedures related to the Sale (the "**Sale**") of certain of the Debtors' assets (the "**Assets**") pursuant to an auction (the "**Auction**") overseen by the Bankruptcy Court, which Auction is scheduled to occur on April 12, 2023, (b) authorized the Debtors to designate a Stalking Horse Purchaser, (c) established certain procedures relating to the Debtors' assumption and assignment of executory contracts and unexpired leases in connection with the Sale, and (d) granted related

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

[2] This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

relief.[3] Approval of the Sale to the "Successful Bidder" (as defined in the Bid Procedures Order) after the results of the Auction and the Debtors' assumption and assignment of any executory contracts and unexpired leases in connection therewith, is scheduled to take place at a hearing before the Bankruptcy Court at **9:30 a.m. (prevailing Central Time) on April 18, 2023** (the "**Sale Hearing**"). The Sale Hearing may be adjourned by the Bankruptcy Court or the Debtors without further notice other than such adjournment announced in open court or a notice of adjournment filed on the Bankruptcy Court's docket.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Bid Procedures Order, the Debtors may assume and assign the executory contract(s) and/or unexpired lease(s) to which you may be a counterparty to the Successful Bidder after the outcome of the Auction.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have conducted a review of their books and records and have determined the Cure Amount for unpaid monetary obligations under such contract or lease is set forth in the right-hand column on Appendix I (the "**Cure Amount**"). If you object to the proposed Cure Amount or the possible assignment of such executory contract(s) or unexpired lease(s), including with respect to the identity of or adequate assurance information provided by the Stalking Horse Purchaser, if any, **you must file an objection with the Bankruptcy Court no later than April 7, 2023 at 4:00 p.m. (prevailing Central Time) (the "Contract Objection Deadline")** which objection must (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Amount, the correct Cure Amount alleged by the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof, and serve such objection on the following parties: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com

**PLEASE TAKE FURTHER NOTICE** that objections to the sale of the Assets to the Successful Bidder, other than the Stalking Horse Purchaser, and other than objections due by the Contract Objection Deadline, must be filed, comply with the Bankruptcy Rules and Local Rules, and be served so they are actually received by no later than **4:00 p.m. (prevailing Central Time) on April 14, 2023** by the following: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors'

---

[3] To the extent there are any inconsistencies between the Bid Procedures Order and the summary description of the terms and conditions contained in this Notice, the terms of the Bid Procedures Order shall control.

Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com.

**PLEASE TAKE FURTHER NOTICE** that to the extent the Successful Bidder or Backup Bidder are not the Stalking Horse Purchaser, then objections, if any, to the identity of the Successful Bidder and Backup Bidder or such Successful Bidder's and Backup Bidder's proposed adequate assurance of future performance (but not Cure Amount, objections to which must be made by the Contract Objection Deadline) (each, a "**Limited Contract Objection**") **must** (i) be in writing, (ii) comply with the applicable provisions of the Bankruptcy Rules and the Local Rules, and (iii) state with specificity the nature of the objection and include any applicable and appropriate documentation in support thereof, and (iv) be filed with the Bankruptcy Court and served on the following parties so as to be actually received on or before **April 17, 2023 at 4:00 p.m. (prevailing Central Time)** (the "**Limited Contract Objection Deadline**"): (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas, jbougiamas@otterbourg.com.

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Cure Amount or the assignment of your Executory Contract(s) or Unexpired Lease(s) is filed by the applicable objection deadline, **you will be (a) forever barred from objecting to the Cure Amount, or provision of adequate assurance of future performance and from asserting any additional monetary or non-monetary cure condition or other amounts with respect to your contract(s) or lease(s), and the Debtors and the Stalking Horse Purchaser or the Successful Bidder (as applicable) shall be entitled to rely solely upon the Cure Amount, (b) deemed to have consented to the assumption or assumption and assignment, and (c) forever barred and estopped from asserting or claiming defaults of any character exist, that conditions to assignment must be satisfied under such contract(s) and/or lease(s) or that there is any objection or defense to the assumption and assignment of such contract(s) and/or lease(s).**

**PLEASE TAKE FURTHER NOTICE** that if you agree with the Cure Amount indicated on Appendix I and otherwise do not object to the Debtors' assumption or assumption and assignment of your contract(s) and/or lease(s), you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bid Procedures, and the Bid Procedures Order, as well as all related exhibits, including the proposed Sale Order, are available: (a) upon request from the Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C.; Attn: Conor P. White: cwhite@munsch.com; (b) for free from the website of the Debtors' noticing agent, Stretto, https://cases.stretto.com/tuesdaymorning/, and (c) for a fee via PACER.

RESPECTFULLY SUBMITTED this [__] day of March, 2023

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/
Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

and

Robin Phelan
State Bar No. 15903000
**PHELAN LAW**
4214 Woodfin Drive
Dallas, TX 75220
Telephone: 214.704.0222
Email: robin@phelanlaw.com

**PROPOSED SPECIAL COUNSEL TO THE DEBTORS**

**APPENDIX I**

| Counterparty | Description of Assigned Contracts or Leases | Property Address | Cure Amount | Proposed Assignee |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## **Exhibit 4 to Bid Procedures Order**

### **Assumption Notice**

Exhibit 4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE OF PROPOSED ASSIGNMENT**
**OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

---

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR
AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY
CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.[2]**

**PARTIES RECEIVING THIS NOTICE SHOULD (1) READ THIS NOTICE
CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS
DESCRIBED HEREIN AND (2) LOCATE THEIR NAME AND CONTRACT AND/OR
LEASE ON SCHEDULE I HERETO**

---

**PLEASE TAKE NOTICE** that on February 14, 2023, the above-captioned debtors and debtors in possession (the "**Debtors**") filed for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), and also filed a motion (the "**Sale Motion**")[3] to sell certain of their assets (the "**Assets**") free and clear of all liens, claims,

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

[2] This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

[3] *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Designate a Stalking Horse Purchaser (E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Docket No. 271]

encumbrances, and other interests (the "**Sale**") and assume and assign certain of their executory contracts and unexpired leases (collectively, the "**Contracts**") to the purchaser of the Assets.[4]

    **PLEASE TAKE FURTHER NOTICE** that the Debtors solicited offers for the purchase of the Assets of the Debtors consistent with the bid procedures (the "**Bid Procedures**") approved by the Court by the entry of an order on March [_____], 2023 (the "**Bid Procedures Order**").[5] The Bid Procedures include, among other things, procedures for the assumption and assignment of the Contracts (the "**Assumption Procedures**").

    **PLEASE TAKE FURTHER NOTICE** that, accordingly, pursuant to the Assumption Procedures, and by this written notice, the Debtors hereby notify you that they have determined, in the exercise of their business judgment, the Contracts and any modifications thereto set forth on Schedule 1 attached hereto (collectively, the "**Assigned Contracts**") may be assumed and assigned to the Successful Bidder, subject to the Successful Bidder's payment of the Cure Amount set forth on Schedule 1, or such other Cure Amounts as are agreed by the parties.

    **PLEASE TAKE FURTHER NOTICE** that, only to the extent the assignee described in Schedule 1 differs from the Stalking Horse Purchaser or its assignee, then objections to the identity of such assignee or such assignee's proposed adequate assurance of future performance (but not Cure Amount, the deadline for objecting to which has passed), must be filed, comply with the Bankruptcy Rules and Local Rules, and be served so they are actually received by no later than **4:00 p.m. (prevailing Central Time) on April 17, 2023** by the following: (i) (a) Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C., Attn: Deborah M. Perry, dperry@munsch.com; Kevin M. Lippman, klippman@munsch.com; Julian P. Vasek, jvasek@munsch.com and (b) proposed Special Counsel to the Debtors, Phelan Law, Attn: Robin Phelan, robin@phelanlaw.com; (ii) Proposed Debtors' Investment Bankers, Piper Sandler, Attn: Dustin Mondell, dustin.mondell@psc.com; (iii) The Office of the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-1699; Attn: Erin Schmidt, Erin.Schmidt@usdoj.gov; (iv) Proposed Counsel to the Committee, (a) Lowenstein Sandler LLP, Attn: Jeffrey Cohen, jcohen@lowenstein.com; Eric Chafetz, echafetz@lowenstein.com and Brent Weisenberg, bweisenberg@lowenstein.com and (b) Fox Rothschild, Attn: Trey Monsour: tmonsour@foxrothschild.com and (v) Counsel for 1903P Loan Agent, LLC, Otterbourg P.C., Attn: Chad Simon, csimon@otterbourg.com and John Bougiamas jbougiamas@otterbourg.com.

    **PLEASE TAKE FURTHER NOTICE** that if no objection to the assignment of your Executory Contract(s) or Unexpired Lease(s) is filed by the applicable objection deadline, **you will be (a) forever barred from objecting to provision of adequate assurance of future performance and the assignment to the Successful Bidder or the Backup Bidder, if they are not the Stalking Horse Bidder, (b) deemed to have consented to the assumption or assumption and assignment, and (c) forever barred and estopped from asserting or claiming**

---

[4] Capitalized terms used as defined terms but not defined herein shall have all the meanings ascribed to them in the Sale Motion.

[5] *Order (I) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling an Auction and Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Designate a Stalking Horse Purchaser, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* [Docket No. ____].

**defaults of any character exist, that conditions to assignment must be satisfied under such contract(s) and/or lease(s) or that there is any objection or defense to the assumption and assignment of such contract(s) and/or lease(s).**

**PLEASE TAKE FURTHER NOTICE** that the Successful Bidder has the right under certain circumstances to designate additional Contracts as Assigned Contracts or remove certain Contracts from the list of Assigned Contracts prior to closing.

**PLEASE TAKE FURTHER NOTICE** that copies of the Sale Motion, the Bid Procedures, and the Bid Procedures Order, as well all related exhibits, including the proposed Sale Order, are available: (a) upon request from the Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C.; Attn: Conor White: cwhite@munsch.com; (b) for free from the website of the Debtors' noticing agent, Stretto, https://cases.stretto.com/tuesdaymorning/, and (c) for a fee via PACER.

**PLEASE TAKE FURTHER NOTICE** that, except as otherwise provided by the Bid Procedures Order, the time for filing objections to (a) the Cure Amounts related to the Assigned Contracts, (b) the Debtors' ability to assume and assign the Assigned Contracts, and (c) adequate assurance of future performance of the Assigned Contract by the Stalking Horse Purchaser has passed and no further notice or action is necessary with respect to such matters.

RESPECTFULLY SUBMITTED this [__] day of April, 2023

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _/s/_____
    Deborah M. Perry
    State Bar No. 24002755
    Kevin M. Lippman
    State Bar No. 00784479
    Julian P. Vasek
    State Bar No. 24070790
    **MUNSCH HARDT KOPF & HARR P.C.**
    500 N. Akard St., Ste. 3800
    Dallas, TX 75201
    Telephone: 214.855.7500
    Facsimile: 214.855.7584
    Email: dperry@munsch.com
    Email: klippman@munsch.com
    Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

    and

    Robin Phelan
    State Bar No. 15903000
    **PHELAN LAW**
    4214 Woodfin Drive
    Dallas, TX 75220
    Telephone: 214.704.0222
    Email: robin@phelanlaw.com

**PROPOSED SPECIAL COUNSEL TO THE DEBTORS**

## Schedule 1 to Assumption Notice

## Assigned Contracts[1]

| Counterparty | Description of Assigned Contracts or Leases | Property Address | Cure Amount | Proposed Assignee |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

---

[1] The presence of a contract or lease on this Schedule 1 does not constitute an admission by the Debtors that such contract is an executory contract or such lease is an unexpired lease pursuant to Bankruptcy Code section 365 or any other applicable law, and the Debtors reserve all rights to withdraw any proposed assumption and assignment or to reject any contract or lease at any time before such contract or lease is assumed and assigned pursuant to an order of the Court.

Exhibit 5

## **Exhibit 5 to Bid Procedures Order**

**Initial Contract Counterparty Notice**

Exhibit 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING
ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.[2]**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN**

 **PLEASE TAKE NOTICE** that on February 24, 2023, the above-captioned debtors and debtors in possession (the "**Debtors**") filed a motion (the "**Bid Procedures and Sale Motion**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**").

 **PLEASE TAKE FURTHER NOTICE** that on March [_____], 2023, the Bankruptcy Court entered an order [Docket No. __] (the "**Bid Procedures Order**"), a copy of which is enclosed, granting the Bid Procedures and Sale Motion.

 **PLEASE TAKE FURTHER NOTICE** that, under the Bid Procedures Order, the Debtors may seek to assume your executory contract or unexpired lease and assign it to a third party pursuant to section 365 of the Bankruptcy Code. Under Section 365, the Debtors may assign your contact or lease only if, among other things, "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

[2] This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

**PLEASE TAKE FURTHER NOTICE** that you may request documentation evidencing adequate assurance of future performance ("**Adequate Assurance Documentation**"). Any request for Adequate Assurance Documentation **must** (i) be made in writing by email to TMAdequateAssurance@stretto.com; (ii) contain in the subject line, in all caps, the phrase "REQUEST FOR ADEQUATE ASSURANCE INFORMATION"; (iii) specify the email address(es) for delivery of such Adequate Assurance Documentation; and (iv) include an executed nondisclosure agreement identical to the form attached as Appendix 1, which is nonnegotiable. In the event you make a written request for Adequate Assurance Documentation in strict compliance with these procedures, then the Debtors (or their service and noticing agent) shall supply responsive Adequate Assurance Documentation of the Stalking Horse Purchaser, if any, by **March 27, 2023**, or within 24 hours of receipt of the request, whichever is later. The Debtors shall have no obligation to respond to requests for Adequate Assurance Documentation that do not meet these requirements.

**PLEASE TAKE FURTHER NOTICE** that, for the avoidance doubt, the Debtors' obligation to provide Adequate Assurance Documentation is conditioned upon delivery of an executed nondisclosure agreement identical to the form attached hereto as Appendix 1. The form of the nondisclosure agreement is not negotiable, and the Debtors have no obligation to respond to requests to vary its terms.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bid Procedures Motion and related documents are available: (a) upon request from the Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C.; Attn: Conor P. White: cwhite@munsch.com; (b) for free from the website of the Debtors' noticing agent, Stretto, https://cases.stretto.com/tuesdaymorning/, and (c) for a fee via PACER.

RESPECTFULLY SUBMITTED this [__] day of March, 2023

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _/s/_____
    Deborah M. Perry
    State Bar No. 24002755
    Kevin M. Lippman
    State Bar No. 00784479
    Julian P. Vasek
    State Bar No. 24070790
    **MUNSCH HARDT KOPF & HARR P.C.**
    500 N. Akard St., Ste. 3800
    Dallas, TX 75201
    Telephone: 214.855.7500
    Facsimile: 214.855.7584
    Email: dperry@munsch.com
    Email: klippman@munsch.com
    Email: jvasek@munsch.com

**PROPOSED ATTORNEYS FOR DEBTORS**

    and

    Robin Phelan
    State Bar No. 15903000
    **PHELAN LAW**
    4214 Woodfin Drive
    Dallas, TX 75220
    Telephone: 214.704.0222
    Email: robin@phelanlaw.com

**PROPOSED SPECIAL COUNSEL TO THE DEBTORS**

# <u>APPENDIX 1</u>

**Nondisclosure Agreement**

## NON-DISCLOSURE AGREEMENT

March ___, 2023

_____
_____
_____

Ladies and Gentlemen:

You are a landlord under a lease agreement (the "Lease") with Tuesday Morning Corporation and/or one of its affiliates or subsidiaries (collectively, the "Company"). On February 14, 2023, the Company filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, §§ 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), and those cases are being jointly administered as Case No. 23-90001 (the "Bankruptcy Case").

In connection with the Bankruptcy Case, certain potential purchasers of all or substantially all of the assets of the Company may desire to take assignment of the Lease and, in connection therewith, certain proprietary and confidential information, including without limitation financial information, regarding such potential purchasers (collectively, the "Confidential Information") may be provided to you as evidence of adequate assurance of future performance of a potential purchaser. Confidential Information includes not only written information but also information transferred orally, visually, electronically or by any other means. In consideration of the exchange of this type of information, you agree as follows:

1.      Confidential Information will be used by you solely for the purpose of evaluating the financial wherewithal of a potential purchaser that may take assignment of the Lease to perform the remaining obligations under the Lease and for no other purpose.

2.      You shall keep all Confidential Information secret and confidential and shall not disclose it to anyone except to your own employees, directors, officers, affiliates, agents, attorneys and financial advisors who are actually engaged in the evaluation referred to in Section 1 above. Each person or entity to whom such Confidential Information is disclosed must be advised of its confidential nature and of the terms of this Non-Disclosure Agreement (this "Agreement") and prior to receiving any Confidential Information thereof (unless already bound by obligations of confidentiality) must agree in writing to abide by such terms.

3.      If you make any copies of any such Confidential Information or any abstracts or summaries thereof or references thereto in any other document, you will keep a record of each instance. Upon request, you will either destroy or return to us all Confidential Information which is in tangible form, including any copies which you may have made and you will destroy all abstracts, summaries thereof or references thereto of the documents, and certify to us that you have done so. Notwithstanding the foregoing, you shall be permitted to retain one evidentiary copy of the Confidential Information in a secure location under control of outside counsel which copy will be used for evidentiary purposes and as a means of determining any continuing obligations under this Agreement. You may also retain Confidential Information pursuant to internal policies and procedures such as archiving processes, provided that the obligations of confidentiality set forth in this Agreement shall continue to apply to any such retained Confidential Information.

4.      Confidential Information does not include any information that you can show was (a) publicly available prior to your receipt from us, (b) thereafter was made publicly available, (c) is obtained by you from a third party who has the right, to the best of your knowledge, to disclose the information, or (d) is

1

independently developed by you without use directly or indirectly of the Confidential Information received from the disclosing party.

5.     You understand that we have endeavored to include in the Confidential Information those materials which we believe to be reliable and relevant for the purpose of your evaluation, but acknowledge that neither the Company nor any potential purchaser or any of their respective agents, representatives, or employees makes any representation or warranty as to the accuracy or completeness of the Confidential Information.

6.     In the event that you or anyone to whom you transmit the Confidential Information pursuant to the Agreement becomes legally compelled to disclose any of the Confidential Information, you will provide the Company with prompt notice so that the Company may seek a protective order or appropriate remedy and/or waive compliance with the provisions of this Agreement.  In the event that  such protective order or other remedy is not obtained, or the Company waives compliance with the provisions of this Agreement, you will furnish only that portion of the Confidential Information which you are advised by written opinion of counsel, reasonable and satisfactory to the Company, is legally required and will exercise your best efforts to obtain a protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information.

7.     This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware without regard to principles of conflict or choice of laws. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT.

8.     This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns. This Agreement may be modified or waived only by an instrument signed by the parties. This Agreement may not be assigned by any party without the express prior written consent of the other party hereto.

9.     The non-disclosure obligations set forth in this Agreement will terminate and be of no further force or effect two years from the date hereof, subject to extension by the mutual written agreement of the parties, provided, however that with respect to Confidential Information that constitutes trade secrets, there shall be no expiration. No expiration or termination of this Agreement will affect the period during which Confidential Information disclosed during the term hereof will be protected or any other provisions of this Agreement which are intended, by their terms or by necessary implication, to survive such expiration or termination or to relieve you of your obligations with respect to Confidential Information received prior to such expiration or termination.

10.     This Agreement may be executed in two or more counterparts. Each shall be deemed an original, but together shall constitute one and the same instrument. This Agreement may be executed and delivered by facsimile or electronic mail. Any signatures delivered by means of facsimile or electronic mail shall have the same legal effect as manual signatures.

Very truly yours,

**TUESDAY MORNING CORPORATION**

By:    _____
Name:  Jennyfer R. Gray
Title:    Vice President and Interim
          General Counsel

**Accepted and agreed**:

_____

By:  _____
Name:  _____
Title:    _____