IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE TO COUNTERPARTIES TO POTENTIALLY ASSUMED
EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING
ADEQUATE ASSURANCE OF FUTURE PERFORMANCE**

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OR ONE OF YOUR AFFILIATES MAY BE COUNTERPARTY TO ONE OR MORE EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES WITH THE DEBTORS.[2]**
>
> **PARTIES RECEIVING THIS NOTICE SHOULD READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN**

  **PLEASE TAKE NOTICE** that on February 24, 2023, the above-captioned debtors and debtors in possession (the "**Debtors**") filed a motion (the "**Bid Procedures and Sale Motion**") with the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**").

  **PLEASE TAKE FURTHER NOTICE** that on March 20, 2023, the Bankruptcy Court entered an order [Docket No. 558] (the "**Bid Procedures Order**"), a copy of which is enclosed, granting the Bid Procedures and Sale Motion.

  **PLEASE TAKE FURTHER NOTICE** that, under the Bid Procedures Order, the Debtors may seek to assume your executory contract or unexpired lease and assign it to a third party pursuant to section 365 of the Bankruptcy Code. Under Section 365, the Debtors may assign your contact or lease only if, among other things, "adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease."

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, Texas 75240.

[2] This Notice is being sent to counterparties to executory contracts and unexpired leases. This Notice is not an admission by the Debtors that such contract or lease is executory or unexpired.

1

**PLEASE TAKE FURTHER NOTICE** that you may request documentation evidencing adequate assurance of future performance ("**Adequate Assurance Documentation**").  Any request for Adequate Assurance Documentation **must** (i) be made in writing by email to TMAdequateAssurance@stretto.com; (ii) contain in the subject line, in all caps, the phrase "REQUEST FOR ADEQUATE ASSURANCE INFORMATION"; (iii) specify the email address(es) for delivery of such Adequate Assurance Documentation; and (iv) include an executed nondisclosure agreement identical to the form attached as Appendix 1, which is nonnegotiable.  In the event you make a written request for Adequate Assurance Documentation in strict compliance with these procedures, then the Debtors (or their service and noticing agent) shall supply responsive Adequate Assurance Documentation of the Stalking Horse Purchaser, if any, by **March 27, 2023**, or within 24 hours of receipt of the request, whichever is later.  The Debtors shall have no obligation to respond to requests for Adequate Assurance Documentation that do not meet these requirements.

**PLEASE TAKE FURTHER NOTICE** that, for the avoidance doubt, the Debtors' obligation to provide Adequate Assurance Documentation is conditioned upon delivery of an executed nondisclosure agreement identical to the form attached hereto as Appendix 1.  The form of the nondisclosure agreement is not negotiable, and the Debtors have no obligation to respond to requests to vary its terms.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bid Procedures Motion and related documents are available: (a) upon request from the Proposed Counsel for Debtors, Munsch Hardt Kopf & Harr, P.C.; Attn: Conor P. White: cwhite@munsch.com; (b) for free from the website of the Debtors' noticing agent, Stretto, https://cases.stretto.com/tuesdaymorning/, and (c) for a fee via PACER.

RESPECTFULLY SUBMITTED this 21st day of March, 2023

         **MUNSCH HARDT KOPF & HARR, P.C.**

      By: */s/ Julian P. Vasek*
        Deborah M. Perry
        State Bar No. 24002755
        Kevin M. Lippman
        State Bar No. 00784479
        Julian P. Vasek
        State Bar No. 24070790
        **MUNSCH HARDT KOPF & HARR P.C.**
        500 N. Akard St., Ste. 3800
        Dallas, TX 75201
        Telephone: 214.855.7500
        Facsimile: 214.855.7584
        Email: dperry@munsch.com
        Email: klippman@munsch.com
        Email: jvasek@munsch.com

        **ATTORNEYS FOR DEBTORS**

        and

        Robin Phelan
        State Bar No. 15903000
        **PHELAN LAW**
        4214 Woodfin Drive
        Dallas, TX 75220
        Telephone: 214.704.0222
        Email: robin@phelanlaw.com

        **SPECIAL COUNSEL TO THE DEBTORS**

4875-8035-1832v.2 021701.00001

# APPENDIX 1

**Nondisclosure Agreement**

Appendix 1

4875-8035-1832v.2 021701.00001

**NON-DISCLOSURE AGREEMENT**

March ___, 2023

_____
_____
_____

Ladies and Gentlemen:

You are a landlord under a lease agreement (the "Lease") with Tuesday Morning Corporation and/or one of its affiliates or subsidiaries (collectively, the "Company"). On February 14, 2023, the Company filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, §§ 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"), and those cases are being jointly administered as Case No. 23-90001 (the "Bankruptcy Case").

In connection with the Bankruptcy Case, certain potential purchasers of all or substantially all of the assets of the Company may desire to take assignment of the Lease and, in connection therewith, certain proprietary and confidential information, including without limitation financial information, regarding such potential purchasers (collectively, the "Confidential Information") may be provided to you as evidence of adequate assurance of future performance of a potential purchaser. Confidential Information includes not only written information but also information transferred orally, visually, electronically or by any other means. In consideration of the exchange of this type of information, you agree as follows:

1.    Confidential Information will be used by you solely for the purpose of evaluating the financial wherewithal of a potential purchaser that may take assignment of the Lease to perform the remaining obligations under the Lease and for no other purpose.

2.    You shall keep all Confidential Information secret and confidential and shall not disclose it to anyone except to your own employees, directors, officers, affiliates, agents, attorneys and financial advisors who are actually engaged in the evaluation referred to in Section 1 above. Each person or entity to whom such Confidential Information is disclosed must be advised of its confidential nature and of the terms of this Non-Disclosure Agreement (this "Agreement") and prior to receiving any Confidential Information thereof (unless already bound by obligations of confidentiality) must agree in writing to abide by such terms.

3.    If you make any copies of any such Confidential Information or any abstracts or summaries thereof or references thereto in any other document, you will keep a record of each instance. Upon request, you will either destroy or return to us all Confidential Information which is in tangible form, including any copies which you may have made and you will destroy all abstracts, summaries thereof or references thereto of the documents, and certify to us that you have done so. Notwithstanding the foregoing, you shall be permitted to retain one evidentiary copy of the Confidential Information in a secure location under control of outside counsel which copy will be used for evidentiary purposes and as a means of determining any continuing obligations under this Agreement. You may also retain Confidential Information pursuant to internal policies and procedures such as archiving processes, provided that the obligations of confidentiality set forth in this Agreement shall continue to apply to any such retained Confidential Information.

4.    Confidential Information does not include any information that you can show was (a) publicly available prior to your receipt from us, (b) thereafter was made publicly available, (c) is obtained by you from a third party who has the right, to the best of your knowledge, to disclose the information, or (d) is

Appendix 1

4875-8035-1832v.2 021701.00001

independently developed by you without use directly or indirectly of the Confidential Information received from the disclosing party.

5.    You understand that we have endeavored to include in the Confidential Information those materials which we believe to be reliable and relevant for the purpose of your evaluation, but acknowledge that neither the Company nor any potential purchaser or any of their respective agents, representatives, or employees makes any representation or warranty as to the accuracy or completeness of the Confidential Information.

6.    In the event that you or anyone to whom you transmit the Confidential Information pursuant to the Agreement becomes legally compelled to disclose any of the Confidential Information, you will provide the Company with prompt notice so that the Company may seek a protective order or appropriate remedy and/or waive compliance with the provisions of this Agreement.  In the event that such protective order or other remedy is not obtained, or the Company waives compliance with the provisions of this Agreement, you will furnish only that portion of the Confidential Information which you are advised by written opinion of counsel, reasonable and satisfactory to the Company, is legally required and will exercise your best efforts to obtain a protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information.

7.    This Agreement shall be governed by, and construed in accordance with, the laws of the State of Delaware without regard to principles of conflict or choice of laws. EACH PARTY HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AGREEMENT.

8.    This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns. This Agreement may be modified or waived only by an instrument signed by the parties. This Agreement may not be assigned by any party without the express prior written consent of the other party hereto.

9.    The non-disclosure obligations set forth in this Agreement will terminate and be of no further force or effect two years from the date hereof, subject to extension by the mutual written agreement of the parties, provided, however that with respect to Confidential Information that constitutes trade secrets, there shall be no expiration. No expiration or termination of this Agreement will affect the period during which Confidential Information disclosed during the term hereof will be protected or any other provisions of this Agreement which are intended, by their terms or by necessary implication, to survive such expiration or termination or to relieve you of your obligations with respect to Confidential Information received prior to such expiration or termination.

10.    This Agreement may be executed in two or more counterparts. Each shall be deemed an original, but together shall constitute one and the same instrument. This Agreement may be executed and delivered by facsimile or electronic mail. Any signatures delivered by means of facsimile or electronic mail shall have the same legal effect as manual signatures.

Appendix 1

4875-8035-1832v.2 021701.00001

Very truly yours,

**TUESDAY MORNING CORPORATION**

By: _____/s/ *Jennyfer Gray*_____
Name: Jennyfer R. Gray
Title: Vice President and Interim General Counsel

**Accepted and agreed**:

_____

By: _____
Name: _____
Title: _____

Appendix 1