Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## DEBTORS' MOTION TO APPROVE PROCEDURES TO (I) ASSUME, REJECT, OR ASSUME & ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) ABANDON PERSONAL PROPERTY

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ at least two (2) business days before the start of the hearing.  If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket at least two (2) business days before the start of the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on <u>May 18, 2023, at 9:30 a.m.</u> in the Courtroom of the Honorable E. Lee Morris, 501 N. 10th St., Rm. 204, Fort Worth, Texas, 76102.  You may participate in the hearing either in person or by an audio and video connection.**

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("<u>TM Corp.</u>"); TMI Holdings, Inc. (6658) ("<u>TMI Holdings</u>"); Tuesday Morning, Inc. (2994) ("<u>TMI</u>"); Friday Morning, LLC (3440) ("<u>FM LLC</u>"); Days of the Week, Inc. (4231) ("<u>DOTW</u>"); Nights of the Week, Inc. (7141) ("<u>NOTW</u>"); and Tuesday Morning Partners, Ltd. (4232) ("<u>TMP</u>").  The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207. Video communication will be by the use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Morris's home page. The meeting code is 473 581 124. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Morris's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors"), hereby file this *Debtors' Motion to Approve Procedures to (i) Assume, Reject, or Assume & Assign Executory Contracts and Unexpired Leases, and (ii) Abandon Personal Property* (the "Motion"), in support of which they respectfully state as follows:

## Introduction

1.      On April 28, 2023, the Court entered its *Order Approving (I) the Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (II) the Agreement, and (III) Granting Related Relief* (Dkt. No. 1007, the "Sale Order"), pursuant to which the Court approved a transaction between the Debtors and Hilco Merchant Resources, LLC ("Hilco").  Hilco acquired from the Debtors, among other things, designation rights for the Debtors unexpired leases and executory contracts (collectively, the "Contracts").  Hilco will conduct going-out-of-business sales at the Debtors stores over the next two months, and during that process Hilco will decide which Contracts to assume, assume and assign, or reject.  The purpose of this Motion is to establish procedures to govern the assumption and rejection process and eliminate the need for costly piecemeal motion practice. The Debtors therefore request that the Court enter the proposed order attached hereto (the "Order").

4884-8018-1087v.1 021701.00001

## Jurisdiction & Venue

2.      The United States District Court for the Northern District of Texas has jurisdiction of this Motion under 28 U.S.C. § 1334.  The District Court has referred the matter to this Court under 28 U.S.C. § 157 and Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, and this is a core proceeding under 28 U.S.C. § 157(b), which this Court may hear and finally determine.  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On February 14, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned cases.  The Debtors continue to manage and operate their businesses as debtors-in-possession under 11 U.S.C. §§ 1107 and 1108.

4.      On February 27, 2023, the United States Trustee appointed an official committee of unsecured creditors (the "Committee").  To date, no trustee or examiner has been requested or appointed in these chapter 11 cases.

5.      A detailed description of the Debtors and their business is set forth in greater detail in the *Declaration of Andrew T. Berger in Support of Debtors' Chapter 11 Petitions and First-Day Motions* (Dkt. No. 65) and *Declaration of Dell Young in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (Dkt. No 45).

6.      On February 24, 2023, the Debtors filed the *Motion of Debtors for Entry of (I) an Order (A) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing the Debtors to Designate a Stalking Horse Purchaser*

4884-8018-1087v.1 021701.00001

*(E) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (F) Granting Related Relief; and (II) an Order (A) Approving the Sale of Certain of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* (Dkt. No. 271 (the "Sale Motion").

7.     On March 20, 2023, the Court entered its *Order (I) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling an Auction and Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Designate a Stalking Horse Purchaser, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* (Dkt. No. 558, the "Bid Procedures Order"), and on March 17, 2023, the Court entered its *Supplemental Order Modifying Certain Deadlines in Order (I) Approving Bid Procedures in Connection with the Potential Sale of Certain of the Debtors' Assets, (II) Scheduling an Auction and Sale Hearing, (III) Approving the Form and Manner of Notice Thereof, (IV) Authorizing the Debtors to Designate a Stalking Horse Purchaser, (V) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (VI) Granting Related Relief* (Dkt. No. 886, the "Supplemental Bid Procedures Order").

8.     Pursuant to the Bid Procedures Order, on March 21, 2023, the Debtors filed and served the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Adequate Assurance of Future Performance* (Dkt. No. 602, the "Adequate Assurance Notice"), and on March 21, 2023, the Debtors filed and served the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding*

4884-8018-1087v.1 021701.00001

*cure amounts and Possible Assignment to the Stalking Horse Purchaser or Such Other Successful Bidder at Auction* (Dkt. No. 662, the "Cure Notice").

9.      As disclosed in the Cure Notice, the Bid Procedures Order set a deadline of April 7, 2023 at 4:00 p.m. Central (the "Cure Deadline") to object to the proposed cure amounts[2] disclosed therein.  The Supplemental Bid Procedures Order did not extend the Cure Deadline, and this Motion does not seek to extend it either, subject to extremely limited exceptions.  However, this Motion does propose to set new deadlines regarding issues that do not relate to cure amounts, as described in more detail below.

10.      On April 19, 2023, continuing into the early hours of April 20, 2023, the Debtors conducted an auction (the "Auction") in connection with the proposed sale of substantially all of their remaining assets (the "Assets"), including, as disclosed in the Adequate Assurance Notice and the  Cure Notice, the potential assumption and assignment of Contracts.  As disclosed in the *Notice of Successful Bidder with Respect to the Sale of Certain of the Assets of the Debtors* (Dkt. No. 912, the "Successful Bidder Notice"), the Successful Bidder at the Auction was Hilco.  The Court held a sale hearing on April 27, 2023, and entered the Sale Order on April 28, 2023.

11.      As further disclosed in the Successful Bidder Notice, rather than taking immediate assumption and assignment of any Contracts, Hilco has acquired designation rights for all the Debtors' Contracts.  Accordingly, the purpose of this Motion is to propose and seek Court approval of procedures to govern assumption and rejection of the Debtors' hundreds of Contracts going forward.

---

[2] Capitalized terms not defined herein have the meaning attributed to them in the Bid Procedures Order or Sale Order as applicable.

### The Proposed Rejection Procedures

12.     The Debtors seek entry of an Order authorizing and approving the following

rejection procedures with respect to rejection of any Contracts (the "Rejection Procedures"):

a.      ***Rejection Notice***. The Debtors shall file a notice substantially in the form
annexed as Annex 1 to the Order (the "Rejection Notice"), to reject a
Contract or Contracts pursuant to section 365 of the Bankruptcy Code,
which Rejection Notice shall set forth, among other things:

  i.   the Contract or Contracts to be rejected;

  ii.  the Debtor or Debtors party to such Contract;

  iii. the names and addresses of the counterparties to such Contracts
       (each a "Rejection Counterparty");

  iv.  the proposed effective date of rejection for such Contracts, which,
       for non-residential real property leases, shall be the later of (a) the
       proposed effective date of the rejection for such Contract, or (b)(i)
       if applicable, the date upon which the Debtors in writing (email
       sufficient) surrender the premises to the landlord and return or
       provide access to the keys, key codes, lockbox codes, or security
       codes, or (ii) the date the Debtors in writing (email sufficient) notify
       the affected landlord in writing that the keys, key codes, lockbox
       codes, or security codes, if any, are not available but the landlord
       may rekey the leased premises, as applicable (the "Rejection Date")

  v.   if any such Contract is a lease, the personal property to be abandoned
       (the "Abandoned Property"), if any; and

  vi.  the deadlines and procedures for filing objections to the Rejection
       Notice (as set forth below).

The Rejection Notice may list multiple Contracts, *provided* that the number
of counterparties to Contracts listed on each Rejection Notice shall be
limited to no more than 100.

b.      ***Service of the Rejection Notice***.  The Debtors will cause the Rejection
Notice to be served by:  (i) email transmission if the Debtors have email
addresses for the Rejection Counterparties affected by the Rejection Notice
or overnight delivery service upon the Rejection Counterparties affected by
the Rejection Notice if the Debtors do not have email addresses for the
Rejection Counterparties affected by the Rejection Notice (and upon such
Rejection Counterparty's counsel by email transmission, if such counsel has
filed a notice of appearance in the Bankruptcy Cases) at least seven (7) days
prior to the Rejection Date; and (ii) first class mail or email upon (A) the

4884-8018-1087v.1 021701.00001

United States Trustee for the Northern District of Texas; (B) counsel to Hilco; and (C) the Complex Service List in effect at the time  (collectively, the "Master Notice Parties").

c.  ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties (collectively, the "Objection Service Parties") no later than seven (7) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"):

  i.  the Debtors, 6250 LBJ Freeway, Dallas, TX 75240, Attn: Jennyfer Barber Gray;

  ii.  counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Kevin Lippman, Deborah Perry, and Julian Vasek;

  iii.  the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Erin Schmidt;

  iv.  counsel to the Official Committee of Unsecured Creditors, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068, Attn: Michael Kaplan, Brent Weisenberg, and Colleen Restel, (b) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020, Attn: Jeffrey Cohen, Eric Chafetz, and Phillip Khezri, and (c) Fox Rothschild LLP, 2501 N. Harwood St., Ste. 1800, Dallas, TX 75201, Attn: Trey Monsour; and

  v.  counsel to Hilco, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, New York 10036, Attn: Steven Fox.

d.  ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over or providing access to the keys, key codes, lockbox codes, or security codes, if any, to the affected landlord or (B) notifying the affected landlord in

---

[3] An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

4884-8018-1087v.1 021701.00001

writing that the keys, key codes, lockbox codes, or security codes, if any, are not available but the landlord may rekey the leased premises; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.   ***Unresolved Timely Objection***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request the Court schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the applicable Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court. In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice, (ii) the date the Debtors relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over or providing access to the keys, key codes, lockbox codes, or security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, lockbox code, or security codes, if any, are not available, but the landlord may rekey the leased premises, and (iii) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

f.   ***Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

g.   ***Modifications to Rejection Notice***. The Debtors reserve the right to remove any Contract from a Rejection Notice at any time prior to the Rejection Date.

h.   ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on or in the Debtors' leased premises under a rejected Contract. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on or in the Debtors' leased premises on the Rejection Date of the applicable

8

lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition. The rights of the counterparty to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.

i.    ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the general bar date established in these bankruptcy cases for the filing of general unsecured claims, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed, and (B) the date that a filed objection has either been overruled or withdrawn with regard to that particular Contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

## The Proposed Assumption Procedures

13.    The Debtors seek the entry of the Order authorizing and approving the following assumption procedures with respect to the assumption of Contracts (the "Assumption Procedures" and, together with the Rejection Procedures, the "Contract Procedures"):

a.    ***Assumption Notice***. The Debtors shall file a notice, substantially in the form annexed as Annex 2 to the Order (the "Assumption Notice"), indicating the Debtors' intent to assume or assume and assign a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things:

i.    the Contract or Contracts to be assumed or assumed and assigned;

ii.    the Debtor or Debtors party to such Contract;

iii.    the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty");

iv.    the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable;

v.    the proposed effective date of the assumption for each such Contract (the "Assumption Date");

       vi.  a description of any material amendments to the Contract made outside of the ordinary course of business; and

     vii.  the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).

The Assumption Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Assumption Notice shall be limited to no more than 100.

b.    ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served by (i) email transmission if the Debtors have email addresses for the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable or overnight delivery service upon the Assumption Counterparties affected by the Assumption Notice if the Debtors do not have email addresses for the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable (and upon such Assumption Counterparty's counsel by email transmission, if such counsel has filed a notice of appearance in the Bankruptcy Cases) at least seven (7) days prior to the Assumption Date; and (ii) first class mail or email upon the Master Notice Parties. To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice (and upon the Assumption Counterparties' counsel, if known).

c.    ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment, as applicable, of a Contract (other than objections to the Debtors' proposed cure amounts, which were due April 7, 2023 at 4:00 p.m. Central Time) must file and serve a written objection[4] so that such objection is filed with the Court no later than seven (7) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties. Solely in the event an Assumption Counterparty timely filed an objection to the Debtors' proposed cure amounts published in the Cure Notice or as stipulated on the record at the Sale Hearing with regard to Rosecroft Center, LLC and Unity Asset Management, such Assumption Counterparty may supplement its objection with additional cure amounts, but only to the extent such supplemental cure amounts (i) arose after the date of the Assumption Counterparty's objection and was not a known or knowable default arising on or before April 7, 2023 and (ii) was not subject to assertion on or before

---

[4] An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

April 7, 2023; *provided* that all of the Debtors' rights to object to such supplemental cure amount are expressly reserved.

d.    ***No Objection***.  If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount listed in the Cure Notice shall be binding on all counterparties to such Contract, and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of non-residential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    ***Unresolved Timely Objection***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request the Court schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

f.    ***Modifications of Assumption Notice***.  The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

14.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances that purport to give to any party a right or option to

11

effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee)), *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability which shall be assumed or assumed and assigned by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the Applicable Assignee, and (b) constitutes a legal, valid, and effective transfer of such Contracts and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[5]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

## Basis for Relief

**A.    The Contract Procedures are in the bests interests of the Debtors' estates.**

15.    Given the large number of Contracts to which the Debtors are parties, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the reorganization process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to assume or reject.  The Contract Procedures are reasonable and fair to Contract counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection, assumption, or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

---

[5] Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions.

4884-8018-1087v.1 021701.00001

**B.  Rejection, assumption, assignment, and amendment of the Contracts in an exercise of the Debtors' business judgment.**

16.      Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The ability to assume or reject executory contracts and unexpired leases is "vital to the basic purpose of a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization." *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See, e.g.*, *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996);  *In re TransAmerica Nat'l Gas Corp.*, 79 B.R. 663, 667 (Bankr. S.D. Tex. 1987) (holding that section 365(a) is meant to relieve "the debtor of burdensome contracts in the exercise of its business judgment").  The business judgement standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert, denied*, 475 U.S. 1057 (1986).

17.      Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit "the estate."  *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (holding that court approval of a debtor's decision to assume a lease should only be withheld if the debtor's judgment is clearly erroneous or speculative); *see also In re Pilgrim's Pride Corp.*, 403 B.R. 413, 426 (Bankr. N.D. Tex. 2009) ("The court must ensure the decision-making process

used by a debtor in possession in exercising its powers under the [Bankruptcy] Code is a sensible one.").

18.    As with the assumption or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action. *See Institutional Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986) (adopting the "sound business judgment" test of *Lionel Corp.* and requiring "some articulated business justification for using, selling, or leasing the property outside the ordinary course of business"); *see also In re 9 Houston LLC*, 578 B.R. 600, 610 (Bankr. S.D. Tex. 2017) (holding that, once a debtor has made a decision, it is protected by the business judgment rule).

19.    The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates. Further, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every motion seeking the rejection, assumption, or assumption and assignment of Contracts. The information provided in the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment. Accordingly, the Debtors respectfully request that the Court approve the Contract Procedures.

4884-8018-1087v.1 021701.00001

**C.**     **The Debtors should be permitted to assign contracts free and clear of interests.**

20.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits a free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  11 U.S.C. § 363(f).

21.     Executory contracts and unexpired leases are property of a debtor's estate.  To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code.  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall request the Court set a hearing on same to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed.  The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.  In the event the Court is called upon to resolve an objection to assumption and assignment of any Contract, the Debtors will request a finding that the applicable assignee is a good faith purchaser under section 363(m).

**D.      Abandonment of personal property is in the best interests of the Debtors' estates.**

22.      With respect to the Debtors' request for authority to abandon property, the Debtors submit that the standard set forth in section 554(a) of the Bankruptcy Code is satisfied. Section 554(a) provides that a debtor in possession may abandon, subject to court approval, "property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).  Before authorizing abandonment of property, a bankruptcy court must find either: (a) the property is burdensome to the estate; or (b) the property is both of inconsequential value and inconsequential benefit to the estate.  *See, e.g.*, *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497 (1986); *In re ATP Oil & Gas Corp.*, No. 12-36187, 2013 WL 3157567, at *2 (Bankr. S.D. Tex. June 19, 2013); *In re Am. Coastal Energy Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009).  The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of fixtures, furniture, advertising displays, other office and store equipment, and remaining inventory that could not be liquidated in the store closing sales and is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

**E.      The Contract Procedures satisfy due process.**

23.      The Contract counterparties will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice (in addition to the Adequate Assurance Notice and Cure Notice already provided), such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Contract and of the effective date of such assumption or rejection.  *See, e.g.*, *In re Nat'l Gypsum Co.*, 208 F.3d 498, 512 (5th Cir. 2000) (finding that the requirements of the Bankruptcy Code "provide necessary safeguards to parties forced to maintain contractual relationships with a

16

reorganizing debtor"); *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding

that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor

parties to executory contracts, so they may avoid having to deal with an assumption of which they

had no notice and which they had no opportunity to contest); *In re Mid Region Petroleum, Inc.*,

111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the

date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524,

535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating

intention to reject).

24.    Additionally, in the case of unexpired leases of non-residential real property, the

Debtors may vacate the premises before or upon serving the Rejection Notice, thereby allowing

the counterparties to take possession of and re-let the property promptly. *See, e.g.,*

*Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding bankruptcy

court did not abuse its discretion in finding balance of equities favored making rejection of a non-

residential lease of real property retroactive to date tenant vacated premises, as tenant's action

provided landlord with opportunity to re-let premises); *In re Cafeteria Operators, L.P.*, 299 B.R.

384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors

were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice

of Debtors' intent to reject [the contracts]"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr.

E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's*

*Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed

rejected as of the petition date due to equities of the case where debtor turned over keys and vacated

premises and served motion to reject lease as soon as possible); *see also In re Joseph C. Spiess Co.*,

4884-8018-1087v.1 021701.00001

145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("[A] trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

25.    As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

26.    Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

    i.    state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    ii.    list parties alphabetically and identify the corresponding contract or lease;

    iii.    specify the terms, including the curing of defaults, for each requested assumption or assignment;

    iv.    specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

v.      be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

vi.     be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

27.      The clear purpose of Bankruptcy Rule 6006(f) is to protect the due process rights of counterparties to the Contracts while conserving estate resources.  Counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

28.      The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof.  Further, given the substantial number of Contracts the Debtors will be seeking to assume, assume and assign, or reject, obtaining Court approval of each assumption, assignment, or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption or assumption and assignment.

29.      In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the United States Trustee for the Northern District of Texas and other applicable parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

30.      As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard.  Moreover, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

31.      In sum, the Contract Procedures will minimize costs to the Debtors' estates and reduce the burden on the Court's docket while protecting parties in interest by providing notice

4884-8018-1087v.1 021701.00001

and the opportunity to object and obtain a hearing. The Debtors have determined that the Contract Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

### Waiver of Rules 6004(a), 6004(h), and 6006(d)

32.     To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rules 6004(h) and 6006(d).

### Reservation of Rights

33.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, except as set forth in an Assumption Notice or Rejection Notice; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to

4884-8018-1087v.1 021701.00001

contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

34.     The Debtors will provide notice of this Motion to the official Complex Service List as authorized by the *Order Granting Debtors' Emergency Motion to Establish Complex Case Service List and Notice Procedures* (Dkt. No. 165).  The Debtors will also provide notice of this Motion to all counterparties to Contracts that have not already been assumed or rejected.  The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## Prayer

WHEREFORE, the Debtors respectfully request entry of the Order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

4884-8018-1087v.1 021701.00001

RESPECTFULLY SUBMITTED this 4th day of May 2023.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/  *Deborah M. Perry*

Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

4884-8018-1087v.1 021701.00001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER GRANTING DEBTORS' MOTION TO APPROVE PROCEDURES TO
(I) ASSUME, REJECT, OR ASSUME & ASSIGN EXECUTORY CONTRACTS AND
UNEXPIRED LEASES, AND (II) ABANDON PERSONAL PROPERTY**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") authorizing and approving the

Contract Procedures[2] for rejecting, assuming, or assuming and assigning executory contracts and

unexpired leases, all as more fully set forth in the Motion; and this Court having jurisdiction over

this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").  The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

[2] Capitalized terms not defined herein shall have the meaning attributed to them in the Motion unless otherwise specified.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under

the circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this Court

(the "Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

it is **HEREBY ORDERED THAT**:

1.       The following Rejection Procedures are approved in connection with rejecting

Contracts:

> a.       ***Rejection Notice***. The Debtors shall file a notice substantially in the form
> annexed as <u>Annex 1</u> to the Order (the "<u>Rejection Notice</u>"), to reject a
> Contract or Contracts pursuant to section 365 of the Bankruptcy Code,
> which Rejection Notice shall set forth, among other things:
>
>> i.     the Contract or Contracts to be rejected;
>>
>> ii.    the Debtor or Debtors party to such Contract;
>>
>> iii.   the names and addresses of the counterparties to such Contracts
>> (each a "<u>Rejection Counterparty</u>");
>>
>> iv.    the proposed effective date of rejection for such Contracts, which,
>> for non-residential real property leases, shall be the later of (a) the
>> proposed effective date of the rejection for such Contract, or (b)(i)
>> if applicable, the date upon which the Debtors in writing (email
>> sufficient) surrender the premises to the landlord and return or
>> provide access to the keys, key codes, lockbox codes, or security
>> codes, or (ii) the date the Debtors in writing (email sufficient) notify

2

the affected landlord in writing that the keys, key codes, lockbox codes, or security codes, if any, are not available but the landlord may rekey the leased premises, as applicable (the "Rejection Date");

    v.   if any such Contract is a lease, the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable (description as "inconsequential" sufficient); and

    vi.   the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

The Rejection Notice may list multiple Contracts, *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100.

b.    ***Service of the Rejection Notice***. The Debtors will cause the Rejection Notice to be served by: (i) email transmission if the Debtors have email addresses for Rejection Counterparties affected by the Rejection Notice or overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice if the Debtors do not have email addresses for the Rejection Counterparties affected by the Rejection Notice (and upon such Rejection Counterparty's counsel, if such counsel has filed a notice of appearance in the Bankruptcy Cases) at least seven (7) days prior to the Rejection Date; and (ii) first class mail or email upon (A) the United States Trustee for the Northern District of Texas; (B) counsel to Hilco; and (C) the Complex Service List in effect at the time (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties (collectively, the "Objection Service Parties") no later than seven (7) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"):

    i.   the Debtors, 6250 LBJ Freeway, Dallas, TX 75240, Attn: Jennyfer Barber Gray;

    ii.   counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Kevin Lippman, Deborah Perry, and Julian Vasek;

---

[3] An objection to the rejection of a particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

4884-8018-1087v.1 021701.00001

iii.  the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Erin Schmidt;

iv.  counsel to the Official Committee of Unsecured Creditors, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068, Attn: Michael Kaplan, Brent Weisenberg, and Colleen Restel, (b) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020, Attn: Jeffrey Cohen, Eric Chafetz, and Phillip Khezri, and (c) Fox Rothschild LLP, 2501 N. Harwood St., Ste. 1800, Dallas, TX 75201, Attn: Trey Monsour; and

v.  counsel to Hilco, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, New York 10036, Attn: Steven Fox.

d.  ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree; *provided* that the Rejection Date for rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over or providing access to the keys, key codes, lockbox codes, or security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, lockbox codes, or security codes, if any, are not available but the landlord may rekey the leased premises; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.  ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall  request the Court schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be rejected as of the applicable Rejection Date set forth in the applicable Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court.  In the case of a rejection of a lease of non-residential real property, such rejection shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice, (ii) the date the Debtors relinquished control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over or providing access to the keys, key codes, lockbox codes, or security codes, if any, to the affected landlord

4884-8018-1087v.1 021701.00001

or (B) notifying the affected landlord in writing that the keys, key codes, lockbox code, or security codes, if any, are not available, but the landlord may rekey the leased premises, and (iii) such other date to which the Debtors and the applicable Rejection Counterparty have agreed or that is ordered by the Court; *provided* that the Rejection Date for a lease of non-residential real property rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

f.     ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

g.     ***Modifications to Rejection Notice***.  The Debtors reserve the right to remove any Contract from a Rejection Notice at any time prior to the Rejection Date.

h.     ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be located on or in the Debtors' leased premises under a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on or in the Debtors' leased premises on the Rejection Date of the applicable lease of non-residential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. Landlords may, in their sole discretion and without further notice or order of the Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.  The rights of the counterparty to each Contract to assert claims for the disposition of the Abandoned Property are reserved, as are all parties' rights to object to such claims.

i.     ***Proofs of Claim***. Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the general bar date established in these bankruptcy cases for the filing of general unsecured claims, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed, and (B) the date that a filed objection has either been overruled or withdrawn with regard to that particular Contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that  may be made in connection with these chapter 11 cases.

5

2.      Approval of the Rejection Procedures and this Order will not prevent the Debtors

from seeking to reject a Contract by separate motion or pursuant to a chapter 11 plan.

3.      The following Assumption Procedures are approved in connection with assuming

and assuming and assigning Contracts:

>   a.  ***Assumption Notice***. The Debtors shall file a notice, substantially in the form
>       annexed as <u>Annex 2</u> to the Order (the "<u>Assumption Notice</u>"), indicating the
>       Debtors' intent to assume or assume and assign a Contract or Contracts
>       pursuant to section 365 of the Bankruptcy Code, which shall set forth,
>       among other things:
>
>   >   i.   the Contract or Contracts to be assumed or assumed and assigned;
>   >
>   >   ii.  the Debtor or Debtors party to such Contract;
>   >
>   >   iii. the names and addresses of the counterparties to such Contracts
>   >        (each an "<u>Assumption Counterparty</u>");
>   >
>   >   iv.  the identity of the proposed assignee of such Contracts (the
>   >        "<u>Assignee</u>"), if applicable;
>   >
>   >   v.   the proposed effective date of the assumption for each such Contract
>   >        (the "<u>Assumption Date</u>");
>   >
>   >   vi.  a description of any material amendments to the Contract made
>   >        outside of the ordinary course of business; and
>   >
>   >   vii. the deadlines and procedures for filing objections to the Assumption
>   >        Notice (as set forth below).
>
>       The Assumption Notice may list multiple Contracts; *provided* that the
>       number of counterparties to Contracts listed on each Assumption Notice
>       shall be limited to no more than 100.
>
>   b.  ***Service of the Assumption Notice and Evidence of Adequate Assurance***.
>       The Debtors will cause the Assumption Notice to be served by (i) email
>       transmission if the Debtors have email addresses for the Assumption
>       Counterparties affected by the Assumption Notice and each Assignee, if
>       applicable or overnight delivery service upon the Assumption
>       Counterparties affected by the Assumption Notice if the Debtors do not
>       have email addresses for the Assumption Counterparties affected by the
>       Assumption Notice and each Assignee, if applicable (and upon such
>       Assumption Counterparty's counsel by email transmission, if such counsel
>       has filed a notice of appearance in the Bankruptcy Cases) at least seven (7)
>       days prior to the Assumption Date; and (ii) first class mail or email upon

the Master Notice Parties. To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice (and upon the Assumption Counterparties' counsel, if known).

c.  ***Objection Procedures***. Parties objecting to a proposed assumption or assumption and assignment, as applicable, of a Contract (other than objections to the Debtors' proposed cure amounts, which were due April 7, 2023 at 4:00 p.m. Central Time) must file and serve a written objection[4] so that such objection is filed with the Court no later than seven (7) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties. Solely in the event an Assumption Counterparty timely filed an objection to the Debtors' proposed cure amounts published in the Cure Notice or as stipulated on the record at the Sale Hearing with regard to Rosecroft Center, LLC and Unity Asset Management, such Assumption Counterparty may supplement its objection with additional cure amounts, but only to the extent such supplemental cure amounts (i) arose after the date of the Assumption Counterparty's objection and was not a known or knowable default arising on or before April 7, 2023 and (ii) was not subject to assertion on or before April 7, 2023; *provided* that all of the Debtors' rights to object to such supplemental cure amount are expressly reserved.

d.  ***No Objection***. If no objection to the assumption or assumption and assignment of any Contract is timely filed, each Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption Counterparties agree, and the proposed cure amount listed in the Cure Notice shall be binding on all counterparties to such Contract, and no amount in excess thereof shall be paid for cure purposes; *provided* that the Assumption Date for a lease of non-residential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.  ***Unresolved Timely Objection***. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall request the Court schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract shall be assumed or assumed and assigned as of the Assumption Date set forth in

---

[4] An objection to the assumption or assumption and assignment of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other Contract listed on such Assumption Notice.

the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

f.   ***Modifications of Assumption Notice***.  The Debtors reserve the right to remove any Contract from an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.   With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of such assignment in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims, and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s), or (B) in respect of any taxes); and (b) constitute a legal, valid, and effective transfer of such Contracts and vest the applicable Assignee with all rights, titles, and interests to the applicable Contracts. For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

5.   Pursuant to section 365(b)(1)(A) and (B) of the Bankruptcy Code, on the effective date of the assignment of any unexpired lease of nonresidential real property (each a "<u>Real Property Lease</u>") pursuant to the Assumption Procedures (the "<u>Lease Assignment Date</u>"), which

8

shall not occur before the conclusion of the Store Closing Sales[5] at such location, the Purchaser[6] (or the Designated Purchaser,[7] as applicable) shall pay to the applicable landlord all undisputed Cure Amounts[8] with respect to each such Real Property Lease and shall deposit into a segregated account designated by the Purchaser an amount equal to the Cure Amounts that are disputed by the Purchaser (or the Designated Purchaser, as applicable).  The applicable assignee shall assume the obligations of the Debtors under each such Real Property Lease arising from and after the applicable Lease Assignment Date, including, for the avoidance of doubt, (i) amounts owed under each assigned Real Property Lease that are unbilled or not yet due as of the Lease Assignment Date regardless of when such amounts accrued, such as common area maintenance, insurance, taxes, and similar charges; (ii) any regular or periodic adjustment or reconciliation of charges under each assigned Real Property Lease which are not due or have not been determined as of the Lease Assignment Date regardless of when such amounts accrued; (iii) other obligations, including indemnification obligations, that arise on or after the Lease Assignment Date, regardless of when such amounts accrued or the underlying incidents occurred; and (iv) any post-assignment obligations under the assigned Real Property Leases. Upon assumption and assignment of any Real Property Lease, the Debtors and the estates shall be relieved of any liability for breach of such Real Property Lease occurring after the applicable Lease Assignment Date pursuant to section 365(k) of the Bankruptcy Code.

---

[5] "Store Closing Sales" shall have the meaning attributed to it in the *Order Approving (I) the Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claim, Encumbrances, and Interests, (II) the Agreement, and (III) Granting Related Relief*, including all exhibits and attachments thereto (Dkt. No. 1007, the "Sale Order").

[6] "Purchaser" shall have the meaning attributed to it in the Sale Order.

[7] "Designated Purchaser" shall have the meaning attributed to it in the Sale Order.

[8] "Cure Amounts" shall have the meaning attributed to it in the Sale Order.

4884-8018-1087v.1 021701.00001

6.      Any provision in any Real Property Lease that purports to declare a breach or default as a result of a change or transfer of control or any interest in respect of the Debtors is unenforceable (but only in connection with the assignment of a Real Property Lease pursuant to the Assumption Procedures) and all Real Property Leases shall remain in full force and effect notwithstanding assignment thereof. No sections or provisions of any Real Property Leases, that in any way purport to (i) prohibit, restrict, or condition the Debtors' assignment of such Real Property Lease (including, but not limited to, continuous operation covenants, use restrictions or the conditioning of such assignment on the consent of the non-debtor party to such Real Property Lease); (ii) provide for the cancellation or modification of the terms of the Real Property Lease based on the filing of a bankruptcy case, the financial condition of the Debtors, or similar circumstances; (iii) provide for additional payments (e.g., so called "profit" sharing/splitting), penalties, fees, charges, or other financial accommodations in favor of the non-debtor third party to such Real Property Lease upon assignment thereof; or (iv) provide for any rights of first refusal on a landlord's part, or any recapture or termination rights in favor of a landlord, or any right of a landlord to take an assignment or sublease from a tenant, shall not have any force or effect with respect to the grant and honoring of the designation rights provided for in the Agreement,[9] because they constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and/or are otherwise unenforceable under section 365(e) of the Bankruptcy Code, but only in connection with the assignment of a Real Property Lease pursuant to the Agreement. Upon assumption and assignment of any Real Property Lease pursuant to the Assumption Procedures set forth herein, the applicable assignee shall enjoy all of the rights and benefits under each such Real Property Lease as of the applicable Lease Assignment Date.

---

[9] "Agreement" shall have the meaning attributed to it in the Sale Order.

4884-8018-1087v.1 021701.00001

7.      Except as otherwise expressly agreed by the Purchaser or the Designated Purchaser, as applicable and the applicable landlord, and subject to landlords' right to object pursuant to the Assumption Procedures, notwithstanding any provision in any Real Property Lease that purports to prohibit, restrict or condition such action, upon the assumption and assignment of such Real Property Lease to an assignee in accordance with the terms of the Assumption Procedures, (x) the applicable assignee shall be authorized to (i) use the applicable store, subject to section 365(b)(3) of the Bankruptcy Code, upon consummation of the assumption and assignment of such Real Property Lease to such assignee, (ii) operate such store under the assignee's trade name or any other trade name which the assignee owns or is authorized to use (including any of the Debtors' trade names, if applicable), (iii) make such alterations and modifications to the applicable store (including signage, together with appropriate changes to existing tenant signage in the respective shopping center or mall, including panels on all pylons, monuments, directional and other ground and off-premises signs where sellers are presently represented) deemed necessary by such assignee (subject to applicable municipal codes and the terms of any underlying Real Property Lease) as are necessary or desirable for such assignee to conform such store to the assignee's typical retail store, (iv) remain "dark" with respect to such store after such assumption and assignment until the date that is necessary to permit such assignee to remodel, restock, re-fixture, change signage and/or until completion of the work described in clause (iii) above (so long as such date is not more than one hundred fifty (150) days after the applicable Lease Assignment Date) or such later date as may be reasonably required for the restoration of such store, and (v) exercise, utilize or take advantage of any renewal options and any other current or future rights, benefits, privileges, and options granted or provided to the Debtors under such Real Property Lease (including all of the same which may be described or designated as, or purport to be, "personal" to the Debtors or to a named entity

11

in such Real Property Lease or to be exercisable only by the Debtors or by a named entity or an entity operating under a specific trade name) and (y) neither the Purchaser nor the applicable assignee shall have any responsibility or liability for any Excluded Liabilities.[10]

8.      Upon payment of the Cure Amounts with respect to any Real Property Lease, the applicable landlord shall be forever barred and enjoined from asserting against the Debtors, their estates, the Purchaser and the applicable assignee any claim in connection with: (a) any breach or default, monetary or non-monetary, existing as of the date of assumption and assignment of such Real Property Lease, or (b) any objection to the assumption and assignment of such Real Property Lease, whether or not such non-debtor party filed a proof of claim.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments as set forth in an Assumption Notice.

10.      Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

11.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

12.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a

---

[10] "Excluded Liabilities" shall have the meaning attributed to it in the Sale Order.

request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, except as set forth in an Assumption Notice or Rejection Notice; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease.

14.    Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the bankruptcy local rules are satisfied by such notice.

15.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion, the Rejection Notice, and the Assumption Notice, as applicable.

17.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

13

### End of Order ###

4884-8018-1087v.1 021701.00001

### Annex 1

**Proposed Rejection Notice**

4884-8018-1087v.1 021701.00001

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | (Jointly Administered) |

## [NUMBER] NOTICE OF REJECTION OF [A] CERTAIN
## EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

---

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

    **PLEASE TAKE NOTICE** that on [ ], 2023, the United States Bankruptcy Court for the Northern District of Texas (the "Court") entered an order on the motion (the "Motion") of the debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No.      ] (the "Procedures Order"), attached hereto as Schedule 1.

    **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on Schedule 2 attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in Schedule 2, or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree.

    **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than 7 days after the date that the Debtors served this Notice: (i) the Debtors, 6250 LBJ Freeway, Dallas, TX 75240, Attn: Jennyfer Barber Gray; (ii) counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Kevin Lippman, Deborah Perry, and Julian Vasek; (iii) the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Erin Schmidt; (iv) counsel to the Official Committee of Unsecured Creditors, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068, Attn: Michael Kaplan, Brent Weisenberg, and Colleen Restel, (b) Lowenstein Sandler LLP, 1251

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP"). The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

Avenue of the Americas, 17th Floor, New York, NY 10020, Attn: Jeffrey Cohen, Eric Chafetz, and Phillip Khezri, and (c) Fox Rothschild LLP, 2501 N. Harwood St., Ste. 1800, Dallas, TX 75201, Attn: Trey Monsour; and (v) counsel to Hilco Merchant Resources, LLC, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, New York 10036, Attn: Steven Fox.

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in Schedule 2 or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[2]

      **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in Schedule 2 or such other date to which the Debtors and the counterparty or counterparties to any such Contract agree or which the Court orders.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

      **PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is described in Schedule 2 shall be deemed abandoned as of the Rejection Date.

      **PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the general bar date established in these bankruptcy cases for the filing of general unsecured claims, and (b) thirty (30) days after the later of (i) the Rejection Objection Deadline, if no objection is filed, and (ii) the date that a filed objection has either been overruled or withdrawn with regard to that particular Contract.. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT

---

[2] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'
CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

RESPECTFULLY SUBMITTED this ___ day of May 2023.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/
_____
Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

4884-8018-1087v.1 021701.00001

## Schedule 1

**Procedures Order**

## Schedule 2

### Rejected Contracts

# **Annex 2**

## **Proposed Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**[NUMBER] NOTICE OF ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF [A] CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]**

---

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

---

**PLEASE TAKE NOTICE** that on [ ], 2020, the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") entered an order on the motion (the "Motion")[2] of the debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No.         ]  (the "Procedures Order"), attached hereto as Schedule 1.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on Schedule 2 attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in Schedule 2, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree, or as may be ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract and has the ability to comply with the requirements of adequate assurance of future performance. [3]

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").  The location of the Debtors' service address is 6250 LBJ Freeway, Dallas, TX 75240.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] To the extent the Debtors seek to assume and assign a lease of non-residential real property, accompanying this Assumption notice is the requisite evidence of adequate assurance of future performance with respect to the proposed Contract Assignee.

objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is actually received by the following parties no later than 7 days after the date that the Debtors served this Notice: (i) the Debtors, 6250 LBJ Freeway, Dallas, TX 75240, Attn: Jennyfer Barber Gray; (ii) counsel to the Debtors, Munsch Hardt Kopf & Harr P.C., 500 N. Akard St., Ste. 3800, Dallas, TX 75201, Attn: Kevin Lippman, Deborah Perry, and Julian Vasek; (iii) the United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, Attn: Erin Schmidt; (iv) counsel to the Official Committee of Unsecured Creditors, (a) Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, NJ 07068, Attn: Michael Kaplan, Brent Weisenberg, and Colleen Restel, (b) Lowenstein Sandler LLP, 1251 Avenue of the Americas, 17th Floor, New York, NY 10020, Attn: Jeffrey Cohen, Eric Chafetz, and Phillip Khezri, and (c) Fox Rothschild LLP, 2501 N. Harwood St., Ste. 1800, Dallas, TX 75201, Attn: Trey Monsour; and (v) counsel to Hilco Merchant Resources, LLC, Riemer & Braunstein LLP, Times Square Tower, Suite 2506, Seven Times Square, New York, New York 10036, Attn: Steven Fox.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth in <u>Schedule 2</u> or such other date to which the Debtors and the counterparty or counterparties to such Contract agree, or as may be ordered by the Court.[4]

**PLEASE TAKE FURTHER NOTICE** that, as disclosed in the *Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding cure amounts and Possible Assignment to the Stalking Horse Purchaser or Such Other Successful Bidder at Auction* (Dkt. No. 662, the "<u>Cure Notice</u>"), the deadline to object to the Debtors' proposed cure amounts was April 7, 2023 at 4:00 p.m. Central Time. If a written objection to the proposed cure amount was not timely filed, then the cure amount set forth in the Cure Notice shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes. Solely in the event an Assumption Counterparty timely filed an objection to the Debtors' proposed cure amounts published in the Cure Notice or as stipulated on the record at the Sale Hearing with regard to Rosecroft Center, LLC and Unity Asset Management, such Assumption Counterparty may supplement its objection with additional cure amounts, but only to the extent such supplemental cure amounts (i) arose after the date of the Assumption Counterparty's objection and was not a known or knowable default arising on or before April 7, 2023 and (ii) was not subject to assertion on or before April 7, 2023; *provided* that all of the Debtors' rights to object to such supplemental cure amount are expressly reserved.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates and shall provide at least seven (7) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. If such objection

---

[4] An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

2

is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in <u>Schedule 2</u> or such other date as the Debtors and the counterparty or counterparties to such Contract agree or the Court otherwise orders

RESPECTFULLY SUBMITTED this ___ day of May 2023.

**MUNSCH HARDT KOPF & HARR P.C.**

By: /s/
_____
Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

3

**<u>Schedule 1</u>**

**Procedures Order**

## Schedule 2

**Assumed Contracts**