Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
**MUNSCH HARDT KOPF & HARR P.C.**
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

### DEBTORS' MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Tuesday Morning Corporation and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-referenced chapter 11 cases hereby file this

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

1

*Debtors' Motion to Convert Chapter 11 Case to Chapter 7* (this "Motion"), and in support thereof respectfully represent:

## Summary

1.  The Debtors have sold substantially all of their assets. Secured creditors hold competing, unresolved liens against the sale proceeds. They have filed numerous pleadings setting out their alleged entitlement to payment. Either the parties will reach a settlement, or the Court will decide these disputes. But neither outcome will leave behind any sale proceeds for unsecured creditors. Meanwhile, the Debtors currently have insufficient unencumbered funds to pay administrative expense claims. By July 31, 2023, the Debtors believe they will have fulfilled all their obligations under the sale documents and their authority to use cash collateral will have ended. Accordingly, the Court should convert the case from chapter 11 to chapter 7 effective July 31, 2023.

## Jurisdiction and Venue

2.  The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion under 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court under 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter under 28 U.S.C. § 157(b), which may be heard and finally determined by this Court as a matter that may solely arise under the provisions of Title 11 of the United States Code, §§ 101 *et seq*. (as amended, the "Bankruptcy Code"). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

3.  On February 14, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned

2

cases. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On February 27, 2023, the United States Trustee appointed an official committee of unsecured creditors, the members of which are Basis Global Technologies, Inc.; Enchante Accessories, Inc.; Azure Home, Inc.; Amber Libreros; and Michel Design Works. To date, no trustee or examiner has been requested or appointed in these cases.

5. On April 28, 2023, the Court entered its *Order Approving (I) the Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (II) the Agreement, and (III) Granting Related Relief* (Dkt. No. 1007, the "Sale Order"), pursuant to which the Court approved a transaction between the Debtors and Hilco Merchant Resources, LLC ("Hilco"). Hilco has been conducting going-out-of-business sales at the Debtors' stores, culminating at the end of June 2023, which will conclude the Debtors' retail operations. At that point, the need to continue corporate operations will wind down, though the Debtors will still have some responsibilities to fulfill under the Sale Order. For example, Hilco purchased the right to designate leases for assumption and assignment, and that process will play out during July 2023.

6. The Debtors' secured creditors assert competing liens against the sale proceeds. And despite months of formal mediations and informal negotiations, those creditors have failed to reach a consensus about the relative priority of their claims (though as of the filing of this Motion settlement negotiations continue). Once Hilco completes the going-out-of-business sales and the Debtors have otherwise satisfied their obligations under the sale documents (such as completing the process of assuming and assigning designated leases and performing final reconciliations in connection with the Hilco transaction), the principal tasks remaining will include (i) determining

the proper allocation of the sale proceeds; (ii) distributing those proceeds; and (iii) pursuing any litigation for the benefit of creditors generally.

7. These are tasks suited for a chapter 7 trustee. The estates are administratively insolvent, and the Debtors' authority to use cash collateral under the *Final Order (I) Authorizing Debtors to Use Cash Collateral on a Limited Basis, (II) Granting Adequate Protection, and (III) Granting Related Relief* (Dkt. No. 1221) will terminate at the end of the day on July 29, 2023. After that, the Debtors can no longer justify the burden and expense of remaining in chapter 11, nor will they have the ability to fund any additional operations even if justified. The Court should therefore convert the case to chapter 7 effective July 31, 2023.

**Supporting Authority**

8. Chapter 11 of the Bankruptcy Code provides, "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title unless—(1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." 11 U.S.C. § 1112(a). None of the three exceptions applies here, and the United States Court of Appeals for the Fifth Circuit, the District Court, and this Court have all described this section as conferring upon a debtor an absolute right to convert. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir. 1988); *see also Texas Extrusion Corp. v. Palmer, Palmer & Coffee*, 68 B.R. 712, 727 (N.D. Tex. 1986); *In re Hesed Enters., LLC*, 16-10299-rlj7, 2017 WL 4457434, *8 (Bankr. N.D. Tex. Sept. 29, 2017); *but see Mahanna v. Buynum*, 465 B.R. 436, 439 (W.D. Tex. 2011) (characterizing the Fifth Circuit's statement in *Texas Extrusion* as *dicta*).

4

9. The Federal Rules of Bankruptcy Procedure support the absolute nature of the Debtors' right to convert under section 1112(a). "Rule 9014 governs a proceeding … to convert a case to another chapter, *except under §§ ... 1112(a) ....*" FED. R. BANKR. P. 1017(f)(1) (emphasis added). "Conversion or dismissal under §§ … 1112(a) … shall be on motion filed and served as required by Rule 9013." FED. R. BANKR. P. 1017(f)(2). In other words, this Motion does not initiate a contested matter under rule 9014, so none of the procedural protections arising thereunder apply. *See Hesed Enters., LLC*, 2017 WL 4457434 at *8 (citing rule 1017(f) for the proposition that, "[u]nlike a motion to convert or dismiss a chapter 11 case initiated by a trustee or party in interest under § 1112(b), such a motion by a debtor does not require a hearing and analysis by the court on what is best for creditors and the estate").

10. Even if section 1112(a) bestows upon the Debtors a less-than-absolute right to convert, cause exists under § 1112(b) for two reasons. First, the cases are administratively insolvent. "Although section 1112(b)(4) does not list administrative insolvency as cause to convert or dismiss a chapter 11 case, a court may still consider this factor." *In re BH S & B Holdings, LLC*, 439 B.R. 342, 349 (Bankr. S.D.N.Y. 2010). Second, in light of the cases' administrative insolvency, once the Debtors' authority to use cash collateral terminates at 11:59 p.m. on July 29, 2023, remaining in chapter 11 would result in "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation …." 11 U.S.C. § 1112(b)(4)(A). Given the growing number of allowed administrative expense claims the Debtors cannot pay, the Debtors probably cannot confirm a plan under 11 U.S.C. § 1129(a)(9)(A) (generally requiring administrative claims to be paid in full on the effective date absent consent to different treatment).

5

### Notice

11.   Though not required under FED. R. BANKR. P. 9013, the Debtors will provide notice of this motion to the official Complex Service List as authorized by the *Order Granting Debtors' Emergency Motion to Establish Complex Case Service List and Notice Procedures* (Dkt. No. 165). The Debtors respectfully submit that such notice is sufficient and that no further notice of this motion is required.

### Conclusion

**WHEREFORE**, **PREMISES CONSIDERED**, the Debtors respectfully request entry of an order, substantially in the form attached hereto, converting these cases to chapter 7, effective July 31, 2023, as we all as any and all other relief as may be appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 30th day of June, 2023.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Deborah M. Perry*
Deborah M. Perry
State Bar No. 24002755
Kevin M. Lippman
State Bar No. 00784479
Julian P. Vasek
State Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: 214.855.7500
Facsimile: 214.855.7584
Email: dperry@munsch.com
Email: klippman@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DEBTORS**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Tuesday Morning Corporation, *et al.*,[1] | § | Case No. 23-90001 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION
TO CONVERT CHAPTER 11 CASE TO CHAPTER 7**

Before the Court is the *Debtors' Motion to Convert Chapter 11 Case to Chapter 7* (the "Motion"), pursuant to which the Debtors seek to convert their chapter 11 cases to chapter 7 under 11 U.S.C. § 1112(a). The Court held a hearing on the Motion on July [___], 2023. The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (iii) proper and

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

1

adequate notice of the Motion has been given and no other or further notice is necessary. Having considered the relief requested in the Motion and the presentation of counsel at the hearing—

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Effective July 31, 2023 (the "Conversion Date"), the following chapter 11 cases are converted to chapter 7 (the "Converting Cases"):

   a. 23-90000, Tuesday Morning Inc.;

   b. 23-90001, Tuesday Morning Corporation;

   c. 23-90002, TMI Holdings, Inc.;

   d. 23-90003, Friday Morning, LLC;

   e. 23-90004, Days of the Week, Inc.

   f. 23-90005, Nights of the Week, Inc.; and

   g. 23-90006, Tuesday Morning Partners, Ltd.

3. Nothing in this order shall affect or impact the terms of any previously entered order in the Converting Cases.

4. The Clerk shall enter a notation in substantially the following form on the docket sheet of the Converting Case to reflect the conversion of the case:

> An order has been entered directing the conversion of this bankruptcy case from chapter 11 to chapter 7. For all matters affecting this case and pleadings filed prior to the entry of the order converting this case to chapter 7, parties should consult the docket in Case No. 23-90001.

5. Any outstanding checks payable by the Debtors on the Conversion Date are authorized to clear, and the Debtors are authorized to continue using the cash management system previously approved by the Court to manage and/or facilitate all such transactions.

6.  The Debtors and the chapter 7 trustee(s), as applicable, are authorized and directed to pay all amounts owed to estate professionals that (i) are authorized to be paid under the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Case Professionals* (Dkt. No. 703); or (ii) have otherwise been approved by this Court.

7.  Stretto is hereby dismissed as the claims, noticing, and balloting agent for the Debtors. Stretto shall transmit all proofs of claim to the applicable chapter 7 trustee within fourteen (14) days after such chapter 7 trustee's appointment.

8.  The Court shall retain jurisdiction to interpret and enforce this order and to adjudicate all disputes arising hereunder.

### End of Order ###