Kevin D. McCullough
State Bar No. 00788005
Joseph F. Postnikoff
State Bar No. 16168320
Tara L. Bush
State Bar No. 24122050
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
kdm@romclaw.com
jpostnikoff@romclaw.com
tbush@romclaw.com

COUNSEL FOR SHAWN K. BROWN, CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | |
| TUESDAY MORNING CORPORATION, ET AL.,[1] | § § § § § § § | CASE NO.: 23-90001-ELM<br><br>In Proceedings Under Chapter 7<br><br>(Jointly Administered) |
| Debtors. | | |

**TRUSTEE'S OBJECTION TO MOTION OF ST. JAMES HOME, INC.
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO
11 U.S.C. § 503(b)(1)(A) OR, IN THE ALTERNATIVE, 503(b)(9) [DKT. NO. 1580]**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Shawn K. Brown, the Chapter 7 Trustee in the above-captioned jointly administered cases (the "Trustee"), files this *Objection* (the "Objection") to *Motion of St. James Home, Inc. for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A) or, in the*

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

*Alternative, 503(b)(9)* [Dkt. No. 1580] (the "Motion"). In support of the Objection, the Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On February 14, 2023 (the "Petition Date"), Tuesday Morning Corporation and its debtor affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases").

3. On August 1, 2023, the Court entered an order converting each of the Chapter 11 Cases to jointly administered individual cases under chapter 7 of the Bankruptcy Code [Dkt. No. 1510] (the "Chapter 7 Cases"). Shawn K. Brown was appointed as the trustee for the Chapter 7 Cases.

## OBJECTION TO CLAIM

4. The Trustee objects to the relief requested in the Motion on both grounds asserted by St. James Home, Inc. ("St. James") pursuant to §§ 503(b)(1)(A) and 503(b)(9).

**I.   Allowance of an Administrative Expense Claim Pursuant to § 503(b)(1)(A) Should be Denied**

5. First, St. James' request for the allowance of an administrative expense claim (the "Administrative Claim"), which directs immediate payment in the amount of $571,615.41 for prepetition goods sold and delivered to the Debtors between mid-November 2022 and the Petition Date fails under § 503(b)(1)(A).

6. In its Motion, St. James states that it provided goods to the Debtors prepetition between November 12, 2022, and January 24, 2023. Motion ¶ 12.

7. Under § 503(b)(1)(A) "[t]o qualify as an administrative expense, the goods or services must have been delivered or provided pursuant to a *post-petition* transaction; 'it is not enough that payment becomes due after the petition date if the transaction was entered into with the debtor prepetition.'" *In re Talen Energy Supply*, 2023 Bankr. LEXIS 944, at *12–13, 2023 WL 2816683 (Bankr. S.D. Tex. April 6, 2023) (emphasis added) (citing *In re Northstar Offshore Grp., LLC*, 628 B.R. 286, 299 (Bankr. S.D. Tex. 2020) (quoting 4 Collier on Bankruptcy ¶ 503.06[3][a] (Richard Levin & Henry J. Sommers eds., 16th ed.)).

8. As distinguished from both cases St. James cites in its Motion, the Debtors received the goods from St. James prepetition—not post-petition. Notably, in ¶ 13 of its Motion, St. James blatantly misquotes *Bluestem Brands*, changing the language from "the Vendors' goods were physically received by the Debtors *after commencement of the bankruptcy cases* . . ." as stated by the court in *Bluestem* to "the Vendors' goods were physically received by the Debtors *pre-petition* . . ." in its Motion. *Compare In re Bluestem Brands, Inc.*, 2021 Bankr. LEXIS 1980, at *14–15, 2021 WL 3174911 (Bankr. D. Del. July 27, 2021) *with* Motion ¶ 13. This is a flagrant misrepresentation of the case law regarding § 503(b)(1)(A).

9. Accordingly, St. James' claim is ineligible as an administrative expense claim pursuant to § 503(b)(1)(A) because all of the goods St. James provided to the Debtors were provided prepetition.

**II.   Allowance of an Administrative Expense Claim Pursuant to § 503(b)(9) Should be Denied**

10.    Alternatively, St. James' request for the allowance of the Administrative Claim, which directs immediate payment in the amount of $91,212.00 for prepetition goods delivered to the Debtors on January 24, 2023, also fails under § 503(b)(9).

11.    Section 503(b)(9) provides that a claim that arises from a prepetition transaction may be allowed as an administrative expense priority claim if it is for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

12.    St. James concedes in ¶ 5 of its Motion that products with an aggregate value of $91,212.00 were "delivered to the Debtors' warehouse in Gardena City, California on January 24, 2023," which is 21 days prior to the Petition Date. Therefore, St. James' claim is ineligible as an administrative expense claim pursuant to § 503(b)(9) because the goods were received by the Debtors more than 20 days prior to the Petition Date.

13.    Accordingly, allowance of the Administrative Claim pursuant to both §§ 503(b)(1)(A) and 503(b)(9) is improper and the Motion should be denied. If allowed at all, the claim should only be allowed as a general unsecured claim.

WHEREFORE, the Trustee respectfully requests that the Motion of St. James Home, Inc. be denied in its entirety, or if allowed at all, that that the claim only be allowed as a general unsecured claim, and such other and further relief to which he may be justly entitled.

DATED: October 6, 2023                     Respectfully submitted,

/s/ Tara L. Bush
Kevin D. McCullough
State Bar No. 00788005
Joseph F. Postnikoff
State Bar No. 16168320
Tara L. Bush
State Bar No. 24122050
ROCHELLE McCULLOUGH, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
kdm@romclaw.com
jpostnikoff@romclaw.com
tbush@romclaw.com

COUNSEL FOR THE CHAPTER 7 TRUSTEE

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2023, a true and correct copy of the above and foregoing document was served via ECF Electronic Notice on all parties registered to receive ECF service and via email to the following:

**Counsel for St. James Home, Inc.:**

Paul Hammer
Charles I. Murnane
Barron & Newberger, P.C.
PHammer@bn-lawyers.com
CMurnane@bn-lawyers.com

/s/ Tara L. Bush
Tara L. Bush