Kevin D. McCullough
State Bar No. 00788005
Joseph F. Postnikoff
State Bar No. 16168320
Tara L. Bush
State Bar No. 24122050
ROCHELLE MCCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 580-2520
Facsimile: (888) 467-5979
kdm@romclaw.com
jpostnikoff@romclaw.com
tbush@romclaw.com

GENERAL COUNSEL FOR
SHAWN K. BROWN, CHAPTER 7 TRUSTEE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TUESDAY MORNING CORPORATION, ET AL.,[1] | § | CASE NO.: 23-90001-ELM |
| | § | |
| | § | In Proceedings Under Chapter 7 |
| Debtors. | § | |
| | § | (Jointly Administered) |

**TRUSTEE'S MOTION TO PAY SECOND INTERIM DISTRIBUTION
FOR INVICTUS ALLOWED ADMINISTRATIVE CLAIM AND
TERM LENDER ALLOWED ADMINISTRATIVE CLAIM
PURSUANT TO APPROVED SETTLEMENT AGREEMENT [DKT. NO. 1465]**

**A HEARING DATE ON THIS MOTION IS SET FOR OCTOBER 15, 2024, AT 9:30 A.M., WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, include: Tuesday Morning Corporation (8532) ("TM Corp."); TMI Holdings, Inc. (6658) ("TMI Holdings"); Tuesday Morning, Inc. (2994) ("TMI"); Friday Morning, LLC (3440) ("FM LLC"); Days of the Week, Inc. (4231) ("DOTW"); Nights of the Week, Inc. (7141) ("NOTW"); and Tuesday Morning Partners, Ltd. (4232) ("TMP").

**IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 147, FORT WORTH, TEXAS 76102, BEFORE CLOSE OF BUSINESS ON SEPTEMBER 20, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

Shawn K. Brown, the Chapter 7 Trustee in the above-captioned jointly administered cases (the "Trustee"), files this *Trustee's Motion to Pay Second Interim Distribution for Invictus Allowed Administrative Claim and Term Lender Allowed Administrative Claim Pursuant to Approved Settlement Agreement [Dkt. No. 1465]* (this "Motion"). In support of the Motion, the Trustee states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested are 11 U.S.C. §§ 105(a), 323, and 704(a).

## PROCEDURAL BACKGROUND

2. On February 14, 2023 (the "Petition Date"), Tuesday Morning Corporation and its debtor affiliates (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned cases (the "Chapter 11 Cases").

3. On April 24, 2023, the Debtors and Hilco Merchant Resources, LLC ("Hilco"), executed an asset purchase agreement (the "Hilco APA") in which the Debtors sold substantially all of their assets to Hilco. On April 28, 2023 (the "Initial Closing Date"), the Court entered its order approving the Hilco APA (the "Hilco Sale Order").[2]

4. On July 27, 2023, the Court entered its order (the "Settlement Order") authorizing the settlement agreement (the "Settlement Agreement") in which the Debtors addressed the liens of their secured creditors.[3]

5. On August 1, 2023, the Court entered its order (the "Conversion Order") converting each of the Chapter 11 Cases to jointly administered individual cases under chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases").[4] Shawn K. Brown was appointed as the trustee for the Chapter 7 Cases.

6. On February 5, 2024, the Trustee filed notice with the Court (the "First Interim Distribution Notice")[5] of his first required interim distribution payment (the "First Interim Distribution") to the Invictus Parties[6] and the Term Lender Parties in the total amount of $2,719,740.93 as payment for allowed administrative claims pursuant to the Settlement Agreement.

---

[2] The Hilco APA is attached as Exhibit A to the Hilco Sale Order. *See* Hilco Sale Order (*Order Approving (I) the Sale of Certain of the Debtors' Assets Free and Clear of all Liens, Claims, Encumbrances, and Interests, (II) the Agreement, and (III) Granting Related Relief* [Dkt. No. 1007]).
[3] *See* Settlement Order (*Order Granting Debtors' Emergency Motion Under Fed. R. Bankr. P. 9019 for Approval of the Settlement and Release Agreement* [Dkt. No. 1465]).
[4] *See* Conversion Order (*Order Granting Debtors' Motion to convert Chapter 11 Case to Chapter 7* [Dkt. No. 1510]).
[5] *See* First Interim Distribution Notice (*Trustee's Notice of Payments Made for Invictus Allowed Administrative Claim and Term Lender Allowed Administrative Claim Pursuant to Approved Settlement Agreement* [Dkt. No. 1655]).
[6] Capitalized terms used but not defined herein shall have the same meanings ascribed to such terms as in the Settlement Order [Dkt. No. 1465]. Pursuant to the Settlement Agreement, payment will be made to TREO Asset Management as the successor asset manager to the Invictus Parties.

---

**Trustee's Motion to Pay Second Interim Distribution for Invictus Allowed Administrative Claim and Term Lender Allowed Administrative Claim Pursuant to Approved Settlement Agreement [Dkt. No. 1465]** Page 3

7. The Trustee is holding additional funds that he believes are available for distribution pursuant to the terms of the Settlement Agreement.

### PAYMENT OF ALLOWED ADMINISTRATIVE CLAIMS
### PURSUANT TO THE SETTLEMENT AGREEMENT

8. Section 59(*l*) of the Settlement Agreement defines the term "Future Cash" as the cash collected or received by the Trustee, net of any required commissions of the Trustee, from in part, "returns of deposits and escrows [and] refunds," and "any reductions in any restricted cash being held by Debtors for professionals or other expenses."

9. Section 6 of the Settlement Agreement provides that the Trustee shall satisfy the Invictus Allowed Administrative Claim by cash payments of 52.5% of Future Cash received by the Trustee from any source other than Net Litigation Recoveries and authorizes the Trustee to make such payments to the Invictus Parties after receipt by the Trustee.

10. Section 8 of the Settlement Agreement provides that the Trustee shall satisfy the Term Lender Allowed Administrative Claim by cash payments of 47.5% of Future Cash received by the Trustee from any source other than Net Litigation Recoveries and authorizes the Trustee to make such payments to the Term Lender Parties after receipt by the Trustee.

### CASH AVAILABLE FOR DISTRIBUTION

11. The Trustee has received cash in the total amount of **$754,400.59** (the "Gross Cash Amount") that is subject to the terms of the Settlement Agreement for payment of the Invictus Allowed Administrative Claim and the Term Lender Allowed Administrative Claim.

12. The Gross Cash Amount is comprised of the following amounts held by the Trustee in segregated accounts:

   (a) **The Wells Fargo Letters of Credit Cash Collateral and Treasury Cash Collateral Reserves** (the "Wells Fargo LOC/Treasury Cash Collateral Reserves") totaling

**Trustee's Motion to Pay Second Interim Distribution for Invictus Allowed Administrative Claim
and Term Lender Allowed Administrative Claim Pursuant to
Approved Settlement Agreement [Dkt. No. 1465]**    Page 4

$734,111.55 which is comprised of the following funds returned to the bankruptcy estates by Wells Fargo:

    (i)    $562,619.41 remaining L/C Cash Collateral upon extinguishment of all of the Debtors' unpaid obligations with respect to outstanding letters of credit;

    (ii)    $100,000.00 upon the extinguishment of the Debtors' obligations related to the Treasury Cash Collateral;

    (iii)    $64,770.00 representing prepaid fees and unapplied deposits; and

    (iv)    $6,722.14 representing accrued interest in the Wells Fargo LOC/Treasury Cash Collateral Reserves account;

(b) **The Professional Fee Escrow** comprised of $20,149.71 in remaining funds after satisfaction of payment of all professional fees pursuant to the Settlement Agreement and interest accrued; and

(c) **The Piper Sandler Reserve**[7] comprised of $139.33 in interest accrued in the Piper Sandler Reserve account after the filing of the First Interim Distribution Notice.

13.    Pursuant to § 59(*l*) of the Settlement Agreement, the Trustee is entitled to a commission on Future Cash distributed under the terms of the Settlement Agreement and reimbursement for his expenses. The Trustee's estimated commission pursuant to 11 U.S.C. § 326(a) related to the Second Interim Distribution (defined below) is $22,632.02 (the "Trustee's Compensation").[8] In addition, the Trustee requests $1,141.14 (the "Expense Reimbursement") for reimbursement of reasonable and necessary expenses incurred in the administration of the bankruptcy estates since payment of the First Interim Distribution.

14.    Accordingly, the Future Cash available for distribution (the "Second Interim Distribution") to the Invictus Parties and the Term Lender Parties, calculated as the Gross Cash Amount net of the Trustee's Compensation and Expense Reimbursement, is **$730,627.43**.

---

[7] Upon the Court's denial of Piper Sandler & Co.'s request in its first and final fee application for payment of the "M&A Fee" related to the Hilco sales transaction in the amount of $2,500,000 (*See* Order [Dkt. No. 1635]), the restrictions on the cash being held in the Piper Sandler reserve account (the "Piper Sandler Reserve") established pursuant to the Court's Final Cash Collateral Order [Dkt. No. 1221] (the "Cash Collateral Order") were removed.

[8] The Trustee's Compensation was calculated as 3% of the Gross Cash Amount of $754,400.59 pursuant to § 326(a) for total moneys disbursed in the Chapter 7 Cases in excess of $1,000,000. The amount designated as the Trustee's Compensation shall be retained in the bankruptcy estates pending further order approving payment of the commission pursuant to §§ 326, 330, and 331.

15. Pursuant to the Settlement Agreement, payment of the Second Interim Distribution is to be allocated as follows:

(a) 52.5% for the Invictus Allowed Administrative Claim in the amount of **$383,579.40** to the Invictus Parties (the "Invictus Second Interim Distribution"); and

(b) 47.5% for the Term Lender Allowed Administrative Claim in the amount of **$347,048.03** to the Term Lender Parties (the "Term Lender Second Interim Distribution").

## RELIEF REQUESTED

16. The Trustee requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to pay the Invictus Second Interim Distribution and the Term Lender Second Interim Distribution from the Wells Fargo Letters of Credit/Treasury Reserves, the Professional Fee Escrow, and the Piper Sandler Reserve, and further authorizing the Trustee to retain funds in the amounts of the Trustee's Compensation and Expense Reimbursement to be allowed and paid upon further application and entry of an order by the Court approving payment of the Trustee's Compensation and Expense Reimbursement pursuant to §§ 326, 330, and 331.

## BASIS FOR RELIEF

17. The Trustee's request is authorized by § 323 of the Bankruptcy Code and the Settlement Order for the payment of the Invictus Allowed Administrative Claim and the Term Lender Allowed Administrative Claim.

18. Further, the requested relief permits the Trustee to comply with his duties as the estates' representative under § 323(a) and his various duties under § 704(a) and is in the best interests of the estates and creditors and based on the Trustee's sound business judgment.

19. Accordingly, it is in the best interests of all parties and a proper exercise of the Trustee's business judgment to pay the Second Interim Distribution to the Invictus Parties and the Term Lender Parties as requested herein.

## **PRAYER**

WHEREFORE, the Trustee respectfully requests that this Court enter an order granting the relief requested herein and granting all such other and further relief to which he may be justly entitled.

Dated this 30th day of August 2024.

                                        Respectfully submitted,

*/s/ Tara L. Bush*
Kevin D. McCullough
State Bar No. 00788005
Joseph F. Postnikoff
State Bar No. 16168320
Tara L. Bush
State Bar No. 24122050
ROCHELLE McCULLOUGH, LLP
901 Main Street, Suite 3200
Dallas, Texas 75202
Telephone: (214) 580-2520
Facsimile: (888) 467-5979
kdm@romclaw.com
jpostnikoff@romclaw.com
tbush@romclaw.com

GENERAL COUNSEL FOR
THE CHAPTER 7 TRUSTEE

**Trustee's Motion to Pay Second Interim Distribution for Invictus Allowed Administrative Claim
and Term Lender Allowed Administrative Claim Pursuant to
Approved Settlement Agreement [Dkt. No. 1465]**     **Page 7**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 30th day of August 2024, a true and correct copy of the above and foregoing document was served via ECF Electronic Notice on all parties registered to receive ECF service and via email to the following parties:

| | |
|---|---|
| Joseph Woodmansee<br>TREO Asset Management<br>jwoodmansee@treoam.com<br>*The Invictus Parties* | Erin Schmidt<br>Office of the U.S. Trustee<br>Erin.Schmidt2@usdoj.gov |
| Kenneth Stohner<br>Jackson Walker LLP<br>kstohner@jw.com<br>*Counsel for the Term Lender Parties* | Steven Fox<br>Riemer Braunstein LLP<br>sfox@riemerlaw.com<br>*Counsel for Hilco Merchant Resources, LLC* |

*/s/ Tara L. Bush*
Tara L. Bush